D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | **Case No. 19-34054** | |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | **Chapter 11** | |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| § | | |
| Plaintiff. § | | |
| § | | |
| v. § | | |
| § | **Adversary No. 20-03190** | |
| **JAMES D. DONDERO,** § | | |
| § | | |
| Defendant. § | | |

## JAMES DONDERO'S EMERGENCY MOTION TO
## MODIFY TEMPORARY RESTRAINING ORDER

James D. Dondero ("Defendant"), the defendant in the above-captioned adversary proceeding, hereby files this *Emergency Motion to Modify Temporary Restraining Order* (the "Motion"). In support thereof, Defendant respectfully represents as follows:

## I.    BACKGROUND

1. On October 16, 2019 (the "Petition Date"), Highland Capital Management, L.P. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

2. On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. trustee in Delaware.

3. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].

4. On December 27, 2019, the Debtor filed that certain *Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket No. 281] (the "Settlement Motion"). This Court approved the Settlement Motion on January 9, 2020 [Docket No. 339] (the "Settlement Order").

5. In connection with the Settlement Order, an independent board of directors was appointed on January 9, 2020, for the Debtor's general partner, Strand Advisors, Inc. (the "Board"). The members of the Board are James P. Seery, Jr., John S. Dubel, and Russell F. Nelms. Mr. Seery was later retained as the Debtor's Chief Executive Officer.

6. On December 7, 2020, the Debtor commenced this adversary proceeding by filing *Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Injunctive Relief* [Adv. Dkt. 1] (the "Complaint").

7. Also on December 7, 2020, the Debtor filed *Plaintiff Highland Capital Management, L.P.'s Emergency Motion for a Temporary Restraining Order and Preliminary*

*Injunction Against Mr. James Dondero* [Adv. Dkt. 2] (the "TRO Motion").

8. On December 10, 2020, this Court conducted a hearing and granted the TRO Motion. Later that day, the Court entered the *Order Granting Debtor's Motion for a Temporary Restraining Order Against James Dondero* [Adv. Dkt. 10] (the "TRO").

9. Among other things, the TRO temporarily restricts Defendant from "communicating (whether orally, in writing, or otherwise), directly or indirectly, with any Board member unless Mr. Dondero's counsel and counsel for the Debtor are included in any such communication."

10. In addition, the Debtor, through counsel, has indicated that Defendant cannot converse with the Board absent prior approval of the subjects he wishes to address.

## II. RELIEF REQUESTED AND BASIS FOR RELIEF

11. While Defendant does not at this juncture contest this restriction, he respectfully requests that the Court modify this provision of the TRO so that he may gain access to the Board and can communicate with the Board regarding the terms of his proposed "Pot Plan" that would see the continuation of the Debtor's business as a going concern and save many of the Debtor's employees from their impending termination. The plan would involve a substantial infusion of cash from the Defendant for the benefit of Debtor's creditors. Defendant has been diligently negotiating with creditors and the Debtor to come to terms of such a plan, but as the Court is aware, no agreement has yet been reached. Defendant believes the Pot Plan has the potential to be the best outcome for this case and desires to continue his advocacy for this plan. With the TRO's restriction on his access to, and communication with, the Board, however, Defendant will be severely constrained in his efforts to achieve this grand bargain.

12. Accordingly, by this Motion, Defendant respectfully requests that the Court modify

the TRO to grant Defendant access to the Board and allow Defendant to communicate with the Board regarding his Pot Plan and the Debtor's reorganization, unless otherwise ordered by the Court.

13. Rule 65(b)(4) of the Federal Rules of Civil Procedure, made applicable to this proceeding through Rule 7065 of the Federal Rules of Bankruptcy Procedure, provides that, "on 2 days' notice to the party who obtained the order without notice,—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order." Fed. R. Civ. P. 65(b)(4).

14. Here, good cause exists for the Court to modify the TRO to grant Defendant access to the Board and to allow him to communicate with the Board regarding his Pot Plan. With the other TRO restrictions in place, the carving out of a limited exception for ready access to, and communication with, the Board on the terms established in the TRO protects the Debtor and the Board while allowing Defendant to continue his advocacy for a plan that may ultimately save the Debtor's business and provide a greater return to creditors and equity holders. Defendant regrets the prior communications made to the Board and, if the Court grants this Motion, agrees to limit his communication with the Board to matters relating to the affairs of Strand Advisors, Inc. ("Strand"), his Pot Plan, and the Debtor's reorganization.

15. Defendant is the sole owner of Strand, the entity for which the Board serves. As the owner of Strand (which, in turn, has an equity interest in the Debtor and controls its conduct), Defendant believes he has an interest in communicating with the Board and it would be equitable to grant him access to the Board to discuss matters relating to Debtor's reorganization, the terms of the Pot Plan, and the affairs of Strand.

16. Defendant will agree to any additional conditions or restrictions the Court may

impose in the event the Court decides to grant the limited relief requested by this Motion.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order (i) granting this Motion, (ii) modifying the TRO to provide Defendant access to the Board to communicate with them solely as to the affairs of Strand, the terms of the Pot Plan, and the Debtor's reorganization, unless otherwise ordered by the Court, and (iii) granting Defendant such other and further relief to which he may be justly entitled.

Dated: December 16, 2020

Respectfully submitted,

*/s/ D. Michael Lynn*
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on December 16, 2020, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for the Plaintiff and on all other parties requesting or consenting to such service in this case.

*/s/ Bryan C. Assink*
Bryan C. Assink