D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | Chapter 11 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | Adversary No. 20-03190 |
| | § | |
| **JAMES D. DONDERO,** | § | |
| | § | |
| Defendant. | § | |

### JAMES DONDERO'S EMERGENCY MOTION
### FOR ENTRY OF A PROTECTIVE ORDER

James D. Dondero ("Defendant"), the defendant in the above-captioned adversary proceeding, hereby files this *Emergency Motion for Entry of a Protective Order* (the "Motion"), pursuant to Federal Rules of Civil Procedure (the "Federal Rules") 26(b), 26(c), 26(d), 30(b), and 34, made applicable herein pursuant to Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 7026, 7030, and 7034, for the entry of a protective order protecting Defendant from complying with

Plaintiff's improper discovery requests served on the eve of the four-day Christmas holiday weekend. In support thereof, Defendant respectfully represents as follows:

## I.     BACKGROUND

1. On October 16, 2019 (the "Petition Date"), Highland Capital Management, L.P. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

2. On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. trustee in Delaware.

3. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].

4. On December 27, 2019, the Debtor filed that certain *Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket No. 281] (the "Settlement Motion"). This Court approved the Settlement Motion on January 9, 2020 [Docket No. 339] (the "Settlement Order").

5. In connection with the Settlement Order, an independent board of directors was appointed on January 9, 2020, for the Debtor's general partner, Strand Advisors, Inc. (the "Board"). The members of the Board are James P. Seery, Jr., John S. Dubel, and Russell F. Nelms. Mr. Seery was later retained as the Debtor's Chief Executive Officer.

6. On December 7, 2020, the Debtor commenced this adversary proceeding by filing *Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Injunctive Relief* [Adv. Dkt. 1] (the "Complaint").

7. Also on December 7, 2020, the Debtor filed *Plaintiff Highland Capital*

*Management, L.P.'s Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against Mr. James Dondero* [Adv. Dkt. 2] (the "TRO Motion").

8.  On December 10, 2020, this Court conducted a hearing and granted the TRO Motion. Later that day, the Court entered the *Order Granting Debtor's Motion for a Temporary Restraining Order Against James Dondero* [Adv. Dkt. 10] (the "TRO").

9.  On December 11, 2020, this Court entered the *Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order* [Adv. Dkt. 18] (the "Scheduling Order").

10. On December 11, 2020, the Court issued the summons of the Complaint. Defendant's deadline to file his answer or other response to the Complaint is Monday, January 11, 2021.

11. On December 11, 2020, the Court set the hearing on Debtor's motion for a preliminary injunction for January 4, 2021 at 1:30 p.m.

12. On December 16, 2020, the Defendant filed his Emergency Motion to Modify the TRO, through which the Defendant was seeking to have the Court modify the terms of the TRO so that Defendant could speak with the Board directly to further advocate for his Pot Plan that would, if adopted, see the Debtor continue to operate as a going concern.

13. The motion was thereafter set by the Court for hearing on January 4, 2021 at 1:30 p.m. Because of the scheduled hearing date, the Defendant believed that the motion was rendered moot and he therefore withdrew the motion on December 23, 2020.

14. At approximately 10:30 p.m. on December 23, 2020, the Debtor served Defendant with (i) Debtor's First Request for the Production of Documents Directed to James Dondero (the "Document Requests"), which requests that Defendant produce documents responsive to the

requests on or before December 28, 2020 by 5:00 p.m.; and (ii) a Notice of Deposition that purports to schedule a deposition of Defendant for December 30, 2020 at 9:30 a.m. (collectively, the "Discovery Requests"). A true and correct copy of the Discovery Requests is attached hereto as "**Exhibit A**."

15. On December 24, 2020, the Debtor filed a Notice of Deposition of James Dondero [Adv. Dkt. 30] and a Notice of Deposition of Andrew Clubok [Adv. Dkt. 31].

16. Through the Discovery Requests, the Debtor seeks to, among other things, obtain confidential and privileged documents and communications exchanged between Defendant and certain of the Debtor's creditors and their attorneys concerning the Defendant's advocacy for his Pot Plan and the parties' confidential and privileged settlement negotiations and mediation discussions. Specifically, the Document Requests seek **all** communications between Defendant and Andrew Clubok, UBS's attorney, from August 1, 2020 to present, a subject and time period which (i) are far outside the scope the Complaint; (ii) involve the confidential mediation and mediation discussions that commenced in August and have been ongoing since that time; and (iii) involve confidential and privileged settlement communications made between parties pursuant to Rule 408.

## II. RELIEF REQUESTED AND BASIS FOR RELIEF

17. For the reasons set forth below, Defendant respectfully requests that the Court enter a protective order as to the Debtor's Discovery Requests. First, the discovery sought by the Debtor is not authorized by, and does not comply with, the Federal and Bankruptcy Rules. Second, the requests do not provide Defendant with sufficient time to comply considering less than one business days' notice was provided and the requests were sent immediately before the Christmas holiday weekend at 10:30 p.m. on December 23rd. Third, the information sought by the Debtor is

confidential and/or privileged under Rule 408, the Court's mediation order, and the attorney-client privilege and, even if discoverable, is unduly burdensome, harassing, overbroad, and largely irrelevant and unlikely to lead to admissible evidence. For these reasons, the Court should enter a protective order.

### A. The Discovery Sought by the Debtor is Not Authorized by, and Does Not Comply with, the Bankruptcy or Federal Rules

18. First, the Court should enter a protective order because the Debtor's discovery is not authorized under the applicable rules. In adversary proceedings such as this, no discovery may be taken until the Rule 26(f) conference has occurred. While certain exceptions to this general rule exist, none apply in this case. The Rule 26(f) conference has not yet occurred and for this reason the Discovery Requests violate Rules 26, 30, and 34 and a protective order should be entered.

19. Rule 26(d), as incorporated into this adversary proceeding through Bankruptcy Rule 7026, provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)[1], or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d).

20. Rule 30, as incorporated into this adversary proceeding through Bankruptcy Rule 7030, provides that a deposition may not be taken prior to the time specified in Rule 26(d) without first obtaining leave of Court, unless the parties have stipulated to the deposition.[2]

---

[1] The proceedings exempt from the initial disclosure requirement are "(i) an action for review on an administrative record; (ii) a forfeiture action in rem arising from a federal statute; (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence; (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision; (v) an action to enforce or quash an administrative summons or subpoena; (vi) an action by the United States to recover benefit payments; (vii) an action by the United States to collect on a student loan guaranteed by the United States; (viii) a proceeding ancillary to a proceeding in another court; and (ix) an action to enforce an arbitration award." Fed. R. Civ. P. 26(a)(1)(B).

[2] Fed. R. Civ. P. 30(a)(2)(A)(iii) ("A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition and . . . the party seeks to

21. Rule 34(b)(2) provides that a party has 30 days in which to respond to a request for production of documents made under that rule. Fed. R. Civ. P. 34(b)(2) ("The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.").

22. In this case, the Debtor's discovery violates Rules 26, 30, and 34 because the parties (i) have not yet conducted the Rule 26(f) conference; (ii) have not stipulated to the discovery; and (iii) have not otherwise agreed to expedited discovery. The Debtor's document requests are particularly improper and prejudicial given that they were served at 10:30 p.m. on December 23 and purport to allow the Defendant less than one business day in which to respond, instead of the thirty (30) day period required under Rule 34.

23. The Debtor's lack of compliance with the Rules and this Court's Scheduling Order is more striking given the Debtor's lack of diligence in seeking discovery in connection with the January 4th hearing. The hearing has been set for weeks, and yet the Debtor did not seek or request any discovery until the start of the four-day holiday weekend—and demanded a response by the following Monday. By way of another example, and again despite having weeks to do so, the Debtor did not move the Court for entry of a scheduling order that would allow discovery to be taken outside the standards governed by the Federal and Bankruptcy Rules. Nor has the Debtor sought or obtained leave to proceed with expedited discovery in this case. The Scheduling Order entered in this case more than two weeks ago does not authorize expedited discovery or allow any party to take discovery before the Rule 26(f) conference has occurred.

---

take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time")

24. Here, the Rule 26(f) conference has not yet taken place, and the deadline for the parties to conduct the conference is still approximately 2 weeks away. The Defendant should not be prejudiced by the Debtor's failure to timely develop a discovery plan tailored to its own proceeding. If the Debtor believed early discovery to be necessary, it could have petitioned the Court or conferred with undersigned counsel to make reasonable arrangements. The Debtor did neither. The discovery sought by the Debtor is not yet authorized under Rules 26, 30, and 34 and the Court should enter a protective order.

### B. The Discovery Sought is Confidential and/or Privileged and the Discovery Requests are Unduly Burdensome, Harassing, Overbroad, and Largely Irrelevant

25. Alternatively, the Court should enter a protective order because (i) the Debtor's discovery seeks to obtain documents and communications that are confidential and privileged pursuant to Rule 408, this Court's mediation order, and under the attorney-client privilege; and (ii) the Discovery Requests are unduly burdensome, overbroad, harassing, and largely irrelevant and unlikely to lead to admissible evidence.

26. First, the Court should enter a protective order because the sought-after discovery largely seeks confidential and privileged documents and communication. For example, the Document Requests seek **all** communications between Defendant and Andrew Clubok, UBS's attorney, from August 1, 2020 to present, a subject and time period which (i) are far outside the scope the Complaint; (ii) involve the confidential mediation and mediation discussions that commenced in August and have been ongoing since that time; and (iii) involve confidential and privileged settlement communications made between parties pursuant to Rule 408.

27. The Court's Order Directing Mediation [Docket No. 912] provides that "any statements or representations made by the Mediators, any Party, or any client representative (or attorney or agent of a client representative), agent, or attorney of a Party during the course of the

Mediation, are confidential and privileged."

28.     Here, any documents and communications made or exchanged between the Defendant and Clubok and/or UBS are confidential and/or privileged pursuant to Rule 408 and/or this Court's mediation order because they involve settlement discussions and negotiations concerning the parties' claims and rights in this bankruptcy case. As the Court is aware, both UBS and Defendant were parties to the August mediation. The communications made between these parties were made concerning their respective rights and claims in the bankruptcy case and/or the mediation and therefore are confidential under Rule 408 and/or the Court's mediation order.

29.     The discovery sought by the Debtor concerning MultiStrat is likewise improper. There is a contested matter pending in the main bankruptcy case concerning the proof of claim of The Dugaboy Investment Trust related to MultiStrat and the Debtor's sale of assets held by MultiStrat. Because Defendant is beneficiary of Dugaboy, it would be inappropriate for the Debtor to conduct discovery on that subject in this case as there is already a pending proceeding through which discovery should be taken. Further, the MultiStrat transactions occurred much earlier than anything alleged in the Complaint—May 2020—and therefore the subject is not relevant to the claims in this case. The Debtor has stated that Dugaboy's pursuit of the MultiStrat proof of claim was part of the impetus for its request that Defendant resign as portfolio manager.[3]

30.     Finally, the Court should enter a protective order because the discovery is unduly burdensome, harassing, overbroad, and largely irrelevant.

31.     The Debtor's discovery was specifically designed to harass the Defendant and to cause him to incur an undue burden and expense in responding to discovery over the Christmas

---

[3] See Debtor's Amended Memorandum of Law, Adv. Dkt. 7 ("In addition, the Dugaboy Investment Trust – Mr. Dondero's family trust – continued to press its proof of claim alleging that the Debtor, and by extension the Board and Mr. Seery, had mismanaged Highland Multi Strategy Credit Fund, L.P. ("MSCF") with respect to the sale of MSCF's assets in May of 2020.")

holiday weekend. In doing so, the Debtor has propounded discovery that is (i) not authorized by the Rules; (ii) does not allow sufficient time to comply and/or (iii) explicitly violates the provisions of the Federal and Bankruptcy Rules.

32.     Second, the discovery is overbroad and largely irrelevant. The requests for communications and documents exchanged between the Defendant and Clubok and/or UBS, for example, do not have any direct bearing on this proceeding and seek confidential and/or privileged information for a large time period that is unrelated to any of the allegations in the Complaint. The request concerning MultiStrat, while narrower in time, is likewise overbroad and irrelevant to this proceeding.

33.     Finally, it is unclear whether discovery is even necessary for the Debtor's request for a preliminary injunction. Even assuming that Defendant's testimony might be relevant or necessary, there is no legitimate reason why the testimony of Andrew Clubok—an attorney for a significant creditor in this case—is necessary for a hearing on a preliminary injunction, especially on two business days' notice.

34.     Accordingly, even if the discovery propounded by the Debtor is authorized under the Rules, the Court should enter a protective order because the requests do not allow sufficient time to comply, seek confidential and/or privileged information, and impose an undue burden, are overbroad, and largely irrelevant.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court (i) enter an order granting this Motion, (ii) enter a protective order preventing the Defendant's deposition from going forward as scheduled, (iii) enter a protective order protecting Defendant from responding to the Debtor's Document Requests, (iv) enter a protective order protecting the Defendant's confidential

and privileged documents and communications from disclosure pursuant to Rule 408, this Court's mediation order, and the attorney-client privilege; and (v) provide Defendant such other and further relief to which he may be justly entitled.

Dated: December 28, 2020

Respectfully submitted,

*/s/ Bryan C. Assink*
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that, on December 27, 2020, I conferred with counsel for Plaintiff in an attempt to resolve the relief requested by this Motion. As of this filing of this Motion, however, the dispute has not been resolved. The Motion is therefore presented to the Court for its consideration.

*/s/ Bryan C. Assink*
Bryan C. Assink

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that, on December 28, 2020, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for the Plaintiff and on all other parties requesting or consenting to such service in this case.

                                                                 */s/ Bryan C. Assink*
                                                                 Bryan C. Assink