PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX  75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | § |
| | § Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § |
| | § Case No. 19-34054-sgj11 |
| Debtor. | § |
| | § |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| Plaintiff, | § Adversary Proceeding No. |
| | § |
| vs. | § No. 20-3190-sgj11 |
| | § |
| JAMES D. DONDERO, | § Related to Adv. Dkt. No. 32 |
| | § |
| Defendant. | § |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**DEBTOR'S OBJECTION TO JAMES DONDERO'S EMERGENCY MOTION FOR A
PROTCTIVE ORDER**

Debtor and debtor-in-possession Highland Capital Management, L.P. (the "Debtor")
hereby objects (the "Objection") to *James Dondero's Emergency Motion for a Protective Order*
(the "Motion") [Adv. Pro. Docket No. 32] filed by Mr. James Dondero ("Mr. Dondero"), and
represents as follows:

**SUMMARY OF OBJECTION**

1.      On December 10, 2020, the Court entered a temporary restraining order (the
"TRO") against Mr. Dondero prohibiting him from, among other things, interfering with or
impeding the Debtor's business. [Adv. Pro. Docket No. 10]. On December 11, 2020, the Debtor
gave notice that its emergency motion for a preliminary injunction against Mr. Dondero would
be heard on January 4, 2021 (the "Injunction Hearing"). In his Motion, Mr. Dondero seeks a
blanket order preventing the Debtor from taking any discovery in connection with the Injunction
Hearing. The Motion is without basis and should be denied.

2.      *First*, contrary to Mr. Dondero's contention (Motion ¶¶18-24), and as plainly
stated in the applicable discovery requests, the Debtor seeks discovery in connection with a
contested matter -- *Plaintiff Highland Capital Management, L.P.'s Emergency Motion for a
Temporary Restraining Order and Preliminary Injunction Against Mr. James Dondero* [Adv.
Pro. Docket No. 2] -- not in connection with the adversary proceeding. See Motion Exhibit A.
Thus, pursuant to Federal Rule of Bankruptcy Procedure 9014(c), Federal Rule of Civil
Procedure 26(f) does not apply and the Debtor is not prevented from seeking discovery despite
the lack of a scheduling conference or order.

3. ***Second***, Mr. Dondero's reliance on Federal Rule of Evidence 408 ("Rule 408") is misplaced. Motion ¶¶25-28. Rule 408 is an evidentiary rule and nothing more; it only bars evidence "to prove or disprove the validity or amount of a disputed claim or to impeach a prior inconsistent statement" through offers of compromise and conduct or statements made about a claim. Moreover, Rule 408 expressly provides that settlement-related evidence *can* be admissible "for another purpose."

4. Here, the Debtor seeks discovery for a purpose other than "prov[ing] or disprov[ing] the validity or amount of a disputed claim or to impeach a prior inconsistent statement." Specifically, the Debtor seeks discovery to determine whether Mr. Dondero has violated the TRO by interfering with and impeding the Debtor's business, including by (a) improperly communicating with the Debtor's employees, and (b) colluding with Mr. Clubok (who represents UBS, a member of the Official Committee of Unsecured Creditors) to purchase redeemed limited partnership interests of Highland Multi Strategy Credit Fund, L.P. (f/k/a Highland Credit Opportunities CDO, L.P.) ("Mulitstrat") based on what the Debtor believes are false pretenses.

5. The Debtor also intends to question Mr. Dondero about the recent interference in the Debtor's business by certain entities that he owns and/or controls – the same entities that brought the recent "frivolous" motion that the Court summarily denied. Among other things, employees of those entities have continued to prevent the Debtor from executing trades, and the entities have threatened to seek to remove the Debtor as the portfolio manager of certain CLOs.[2] No rule, order, or privilege prevents the Debtor from seeking discovery on any of the forgoing issues in connection with the Injunction Hearing.

---

[2] The Debtor has demanded that these entities retract their threats and cease interfering with the Debtor's contractual rights and obligation by the close of business today. If these entities do not comply with the Debtor's requests, the Debtor will promptly seek temporary, preliminary, and injunctive relief.

6.      ***Third***, the Debtor did not sit on its hands; rather, it promptly sought discovery only after obtaining information that caused it to conclude that Mr. Dondero has likely violated the TRO.

7.      ***Fourth***, Mr. Dondero's complaints about the scope of the discovery sought are without merit.  The Debtor's requests are limited to (a)  all documents and communications exchanged between Mr. Dondero and any of the Debtor's employees from December 10, 2020 (the date the TRO was entered) through the present; (b) all documents and communications exchanged with Andrew Clubok from August 1, 2020 to the present; (c) all documents and communications concerning Multistrat for the period December 10, 2020, through the present; (d) all documents that Mr. Dondero intends to introduce into evidence at the Injunction Hearing; and (e) the virtual depositions of Mr. Dondero and Mr. Clubok, respectively, on December 30 (*i.e.*, they are scheduled back-to-back such that neither will last more than four hours).

8.      As the Debtor explained to Mr. Dondero's counsel earlier today, the narrow documentary requests could have been complied with in less time than it likely took to write the Motion.  For example, it cannot credibly be burdensome for Mr. Dondero to simply forward the entire string of text messages between him and Mr. Clubok; it would likely take less than five minutes with the push of a couple of buttons.  Or, Mr. Dondero could simply search for "Clubok" or any of the Debtor's employees for e-mails and documents exchanged during the applicable time period.

9.      While the Debtor believes its discovery demands are reasonable (particularly under the circumstances) and should be enforced as written, the Debtor is willing to modify the requests pertaining to Mr. Clubok by limiting the applicable time period to November 1, 2020 to

4

5

the present, thereby eliminating three months of documents during which the core of the mediation occurred.

10.    Alternatively, (a) Mr. Dondero should be directed to immediately deliver all responsive documents to the Court for an *in camera* review to determine whether any privilege or immunity applies; (b) to the extent no privilege or immunity applies, such documents should be produced to the Debtor; and (c) Mr. Dondero and Mr. Clubok should be made to appear two business days after the non-privileged documents are produced.    If the Court accepts this alternative, the Debtor will consent to adjourn the Injunction Hearing to a date prior to the January 13, 2021, confirmation hearing that is convenient for the Court.

DOCS_NY:41855.2 36027/002

Dated: December 28, 2020.          **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        ikharasch@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com


-and-

**HAYWARD & ASSOCIATES PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

6