D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Case No. 19-34054** |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | | **Chapter 11** |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| § | | |
| Plaintiff. § | | |
| § | | |
| v. § | | **Adversary No. 20-03190** |
| § | | |
| **JAMES D. DONDERO,** § | | |
| § | | |
| Defendant. § | | |

### JAMES DONDERO'S RESPONSE IN OPPOSITION TO
### DEBTOR'S MOTION FOR A PRELIMINARY INJUNCTION

James D. Dondero ("Defendant" or "Mr. Dondero"), the defendant in the above-captioned adversary proceeding, hereby files *James Dondero's Response in Opposition to Debtor's Motion for a Preliminary Injunction* in opposition to *Plaintiff Highland Capital Management, L.P.'s Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against Mr.*

*James Dondero* [Docket Nos. 2 and 6] (the "Motion"). In support thereof, Defendant respectfully represents as follows:

1.      Mr. Dondero regrets his communications with Mr. Seery and others that precipitated the Court's entry of the TRO. While Dondero understands why the TRO was entered, he believes that the scope of the proposed preliminary injunction is too broad and nonspecific and deprives him and potentially other non-parties of various legal and due process rights. Accordingly, Mr. Dondero respectfully requests that, if the Court is inclined to grant the Debtor's Motion, it narrow the scope of the injunction to preserve these rights, strike certain non-specific provisions from the order, and remove the provisions that purport to restrain the acts of third parties.

2.      First, the scope of the proposed injunction restricting Mr. Dondero's communication with the Debtor's employees is too broad and impairs Mr. Dondero's freedom of speech under the First Amendment to the U.S. Constitution. The Supreme Court has directed judges to scrutinize injunctions restricting speech carefully and ensure that they are "no broader than necessary to achieve [their] desired goals. *Madsen v. Women's Health Ctr.*, 512 U.S. 753, 764-65, 114 S. Ct. 2516 (1994). Here, the scope of this provision of the injunction is too broad because it restricts all communications, of any kind, and of any nature, between Mr. Dondero and anyone employed by the Debtor. Accordingly, the injunction should, at minimum, be narrowed to allow Mr. Dondero to (i) communicate with Debtor's employees on personal or other routine matters unrelated to the Debtor's business or the bankruptcy case; (ii) communicate with employees of the Debtor who also serve in other capacities for Mr. Dondero, such as his personal assistants; and, for the avoidance of doubt, to (iii) communicate with employees of the Debtor once their employment with the Debtor ceases. *See Carroll v. President & Comm'rs of Princess Anne*,

393 U.S. 175, 183 (1968) ("An order issued in the area of First Amendment rights must be couched in the narrowest terms that will accomplish the pin-pointed objective permitted.").

3.  Second, the provision of the proposed injunction that prohibits Mr. Dondero from "interfering with or otherwise impeding, directly or indirectly, with the Debtor's business, including but not limited to the Debtor's decisions concerning its operations, management, treatment of claims, disposition of assets owned or controlled by the Debtor, and pursuit of the Plan or any alternative to the Plan" is too broad and potentially restricts Mr. Dondero's ability to exercise his legal rights in this case, including (i) his pursuit of an alternative plan that would see the Debtor survive as a going concern, rather than the liquidation proposed under the Debtor's Fifth Amended Plan; (ii) his communications with creditors and others regarding the terms of the Pot Plan; and (iii) the pursuit of any other legal rights he may have, whether in this Court or outside of it. The Debtor has been fully aware of Mr. Dondero's efforts to promote the Pot Plan and has repeatedly encouraged those efforts. Accordingly, the terms of any injunction should make clear that Mr. Dondero is not barred from attempting to pursue his Pot Plan or in preventing confirmation of the Debtor's Fifth Amended Plan, including communicating with others about doing so provided he does not offer consideration for doing so.

4.  Third, the provision of the proposed injunction that enjoins and restrains Mr. Dondero from "causing, encouraging, or conspiring with (a) any entity owned or controlled by him, and/or (b) any person or entity acting on his behalf, from, directly or indirectly, engaging in the Prohibited Conduct" is likewise too broad, nonspecific, vague, and may, or purport to, enjoin unidentified third parties that are not a party to this proceeding and have complex rights and interests independent from Mr. Dondero. It would be overly simplistic and a violation of due process to lump in potentially any entity in which Mr. Dondero has an ownership or management

interest without giving those separate legal entities an opportunity to respond and be heard on this Motion. Because these entities are not a party to this suit and the Debtor's proposed injunction does not specifically identify any entities besides Dondero, fair notice has not been provided and the Court should make clear that any injunctive restrictions apply only to Dondero in his personal capacity and do not purport to bind the actions of an alleged unnamed multitude of separate legal entities.

5. The general rule is that an injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d). However, active concert applies "only for assisting the enjoined party in violating the injunction," and not "from engaging in independent conduct." *See Additive Controls & Measurement Sys. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) ("courts may not grant an injunction so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law"). While having a relationship to an enjoined party may expose that party to liability if it *assists* an enjoined party *in that party's* violation of an injunction, the non-party itself may not be subject to the injunction in its separate capacity, and its independent conduct cannot be restricted. *See id.* ("because they were not parties . . . [they] could not be enjoined from engaging in independent conduct with respect to the subject matter of that suit").

6. Further, it is not clear that the public interest is served by the entry of the broad injunction proposed by the Debtor. While the Debtor states public interest favors entry of the injunction because it may "facilitate reorganizations" and "preserve going-concern values of business" and "protect[] jobs," that is the exact opposite of what the Debtor's Plan proposes. Mr.

Dondero, on the other hand, is seeking to preserve the value of Debtor's assets, its going concern value, and the jobs of the Debtor's employees. The broad injunction sought by the Debtor may impair Mr. Dondero's ability to do just that by preventing him from (i) advocating for his Pot Plan; (ii) negotiating with creditors and other parties in interest concerning the terms of the Plan and the potential resolution of their claims against the estate; and (iii) otherwise pursuing his legal rights, whether in this Court or outside of it. While a footnote to the TRO states that Dondero shall not be prevented from seeking judicial relief before the Court or filing an objection to any motion, this limited carve out is far too narrow and does not protect Mr. Dondero's legitimate due process and legal rights in this case or his ability to engage in settlement negotiations and discussions with other parties in this case. By way of example, the Debtor has used this proceeding as a pretext to conduct discovery into the legitimate settlement communications exchanged between Mr. Dondero and Andrew Clubok, UBS's attorney, concerning the terms of a Pot Plan that are wholly irrelevant to the relief requested in this proceeding. The Debtor should not be allowed to use this proceeding to conduct broad (and irrelevant) discovery concerning Mr. Dondero's efforts to develop a plan different from that proposed by the Debtor.

7. In addition, while Mr. Dondero is bound to respect the automatic stay, the provision of the requested injunction that seeks to prevent Mr. Dondero from "violating section 362(a) of the Bankruptcy Code" is nonspecific, lacking in detail, and too vague as to be enforceable. There are no specific prohibited actions listed, and it is unclear what actions the Debtor may assert violate the automatic stay. Therefore, this provision of the injunction does not describe in reasonable detail the acts restrained and, in explicit violation of Rule 65(d), makes reference to an outside source.[1]

---

[1] *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction and every restraining order must . . . describe in reasonable detail—and **not by referring to the complaint or other document**—the act or acts restrained or required.") (emphasis added).

Accordingly, in the event the Court enters an order granting the Motion and allowing the injunction, it should strike this provision from the order.

8. Finally, in the event the Court is inclined to grant the Motion, it should set a definitive termination date of the injunction so fair notice of length and scope of the injunction is provided.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny the Motion or, in the event the Court is inclined to grant the Motion, narrow the scope of the proposed injunction as requested herein, and grant Defendant such other and further relief to which he may be justly entitled.

Dated: January 7, 2021                                    Respectfully submitted,

                                                          */s/ Bryan C. Assink*
                                                          D. Michael Lynn
                                                          State Bar I.D. No. 12736500
                                                          John Y. Bonds, III
                                                          State Bar I.D. No. 02589100
                                                          John T. Wilson, IV
                                                          State Bar I.D. No. 24033344
                                                          Bryan C. Assink
                                                          State Bar I.D. No. 24089009
                                                          BONDS ELLIS EPPICH SCHAFER JONES LLP
                                                          420 Throckmorton Street, Suite 1000
                                                          Fort Worth, Texas 76102
                                                          (817) 405-6900 telephone
                                                          (817) 405-6902 facsimile
                                                          Email: michael.lynn@bondsellis.com
                                                          Email: john@bondsellis.com
                                                          Email: john.wilson@bondsellis.com
                                                          Email: bryan.assink@bondsellis.com

                                                          **ATTORNEYS FOR DEFENDANT JAMES DONDERO**

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that, on January 7, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for the Plaintiff and on all other parties requesting or consenting to such service in this case.

                                                */s/ Bryan C. Assink*
                                                Bryan C. Assink