D. Michael Lynn – State Bar ID 12736500
John Y. Bonds, III – State Bar ID 02589100
John T. Wilson IV – State Bar ID 24033344
Bryan C. Assink – State Bar ID 24089009
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
michael.lynn@bondsellis.com
john@bondsellis.com
john.wilson@bondsellis.com
bryan.assink@bondsellis.com

**COUNSEL FOR DEFENDANT JAMES DONDERO**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | Case No. 19-34054-SGJ-11 |
| § | | |
| HIGHLAND CAPITAL MANAGEMENT, LP, § | | |
| § | | Chapter 11 |
| § | | |
| Debtor. § | | |
| § | | |
| HIGHLAND CAPITAL MANAGEMENT, LP, § | | |
| § | | |
| § | | |
| Plaintiff. § | | |
| § | | |
| v. § | | |
| § | | Adversary No.: 20-03190 |
| JAMES D. DONDERO, § | | |
| § | | |
| § | | |
| Defendant. § | | |

**DEFENDANT JAMES DONDERO's ORIGINAL ANSWER
TO VERIFIED ORIGINAL COMPLAINT FOR INJUNCTIVE RELIEF**

COMES NOW James Dondero ("Dondero") and files his Original Answer to Highland

Capital Management, LP, ("Debtor" or "Plaintiff") Verified Original Complaint for Injunctive

Relief filed as Docket Number 1 in the above captioned Adversary Proceeding (the "Complaint") and respectfully states as follows:

## ANSWER[1]

1. Dondero admits the allegations in paragraph 1 of the Complaint.

2. Dondero admits that he resigned as an officer and continued to serve as a portfolio manager and employee of the Debtor until October 2020, but denies the remainder of the allegations in the first sentence of paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules; however, to the extent that paragraph 3 of the Complaint does include allegations that require an admission or denial, Dondero denies all allegations contained in or incorporated into paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules; however, Dondero denies all allegations contained in or incorporated into paragraph 3 of the Complaint.

5. Dondero admits that this Court has jurisdiction over this adversary proceeding. Dondero admits that this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

6. Dondero admits that venue is proper in this judicial district.

7. Paragraph 7 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules.

8. Dondero admits the allegations in paragraph 8 of the Complaint.

9. Dondero admits the allegations in paragraph 9 of the Complaint.

---

[1] When using undefined capitalized terms in this Original Answer, Dondero ascribes the same meaning to those terms as defined in Plaintiff's Complaint.

10. Dondero admits the allegations in paragraph 10 of the Complaint.

11. Dondero admits the allegations in paragraph 11 of the Complaint.

12. Dondero admits the allegations in paragraph 12 of the Complaint.

13. Dondero does not have sufficient information to form a belief about the truth of the allegations in paragraph 13. To the extent that an admission or denial is required, Dondero denies the allegations in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the docket of the Bankruptcy case speaks for itself.

15. Paragraph 15 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the docket of the Bankruptcy case speaks for itself.

16. Dondero admits that he resigned from his role as an officer and director of Strand as alleged in paragraph 16 of the complaint.

17. Dondero admits that he remained an unpaid employee of the Debtor and retained his title as portfolio manager for each of the investment vehicles and funds managed by the Debtor as alleged in the first sentenced of paragraph 17 of the Complaint. The remainder of paragraph 17 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the document speaks for itself.

18. Dondero does not have sufficient information to form a belief about the truth of the allegations in paragraph 18. To the extent that an admission or denial is required, Dondero denies the allegations in paragraph 18 of the Complaint.

19. Dondero does not have sufficient information to form a belief about the truth of the allegations in the first two sentences of paragraph 19. To the extent that an admission or denial is required, Dondero denies the allegations in the first two sentences of paragraph 19 of the

Complaint. The remainder of paragraph 19 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the docket of the Bankruptcy case speaks for itself.

20. Dondero does not have sufficient information to form a belief about the truth of the allegations in paragraph 20 of the Complaint. To the extent that an admission or denial is required, Dondero denies the allegations in paragraph 20 of the Complaint.

21. The first two sentences of paragraph 21 of the Complaint do not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the docket Bankruptcy case speaks for itself; however, to the extent that the first two sentences of paragraph 21 of the Complaint do include allegations that require an admission or denial, Dondero denies all allegations contained in or incorporated into the first two sentences of paragraph 21 of the Complaint. Dondero does not have sufficient information to form a belief about the truth of the allegations in the remainder of paragraph 21.

22. Dondero denies the allegations in the first sentence of paragraph 22 of the Complaint. The remainder of paragraph 22 does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the docket of the Bankruptcy case speaks for itself; however, to the extent that the remainder of paragraph 22 of the Complaint does include allegations that require an admission or denial, Dondero denies all allegations contained in or incorporated into paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the docket of the Bankruptcy case speaks for itself; however, to the extent that paragraph 23 of the Complaint does include allegations that require an

admission or denial, Dondero denies all allegations contained in or incorporated into paragraph 23 of the Complaint.

24. Dondero does not have sufficient information to form a belief about the truth of the allegations in paragraph 24 of the Complaint. To the extent that an admission or denial is required, Dondero denies the allegations in paragraph 24 of the Complaint. However, Dondero admits that he was asked to resign as a portfolio manager at the Debtor and from any roles that he had at MSCF.

25. Dondero admits the allegations in paragraph 25 of the Complaint.

26. Dondero denies the allegations in paragraph 26 of the Complaint.

27. Dondero admits the allegations in the first sentence of paragraph 27 of the Complaint. Dondero denies all allegations contained in the second sentence of paragraph 27 of the Complaint.

28. Dondero denies the allegations in paragraph 28 of the Complaint.

29. Dondero does not have sufficient information to form a belief about the truth of the allegations in paragraph 29 of the Complaint. To the extent that an admission or denial is required, Dondero denies the allegations in paragraph 29 of the Complaint.

30. Dondero does not have sufficient information to form a belief about the truth of the allegations in paragraph 30 of the Complaint. To the extent that an admission or denial is required, Dondero denies the allegations in paragraph 30 of the Complaint.

31. Dondero denies the allegations in paragraph 31 of the Complaint.

32. Dondero denies the allegations in paragraph 32 of the Complaint.

33. Dondero denies that "Mr. Dondero's threat had the intended effect," as alleged in the first sentence of paragraph 33. The remainder of paragraph 33 of the Complaint does not

include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the documents speak for themselves; however, to the extent that paragraph 33 of the Complaint does include allegations that require an admission or denial, Dondero denies all allegations contained in or incorporated into paragraph 33 of the Complaint.

34. Dondero denies that "Mr. Dondero continued to interfere with the Debtor's business and engage in threatening conduct," as alleged in the first sentence of paragraph 34 of the Complaint. The remainder of paragraph 34 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the documents speak for themselves; however, to the extent that paragraph 34 of the Complaint does include allegations that require an admission or denial, Dondero denies all allegations contained in or incorporated into paragraph 34 of the Complaint.

35. Dondero does not have sufficient information to form a belief about the truth of the allegations in paragraph 35 of the Complaint. To the extent that an admission or denial is required, Dondero denies the allegations in paragraph 35 of the Complaint.

36. Dondero admits the allegations in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the documents speak for themselves; however, to the extent that paragraph 37 of the Complaint does include allegations that require an admission or denial, Dondero denies all allegations contained in or incorporated into paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the documents speak for themselves; however, to the extent that paragraph 38 of the Complaint does include allegations that require an admission

or denial, Dondero denies all allegations contained in or incorporated into paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the documents speak for themselves; however, to the extent that paragraph 39 of the Complaint does include allegations that require an admission or denial, Dondero denies all allegations contained in or incorporated into paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the documents speak for themselves; however, to the extent that paragraph 40 of the Complaint does include allegations that require an admission or denial, Dondero denies all allegations contained in or incorporated into paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the documents speak for themselves; however, to the extent that paragraph 41 of the Complaint does include allegations that require an admission or denial, Dondero denies all allegations contained in or incorporated into paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules.

43. Dondero denies the allegations and the relief requested by Plaintiff in paragraph 43 of the Complaint.

44. Dondero admits that Plaintiff has correctly recited a provision from the Bankruptcy Code.

45. Paragraph 45 of the Complaint does not include allegations for which an admission or denial is required by the Federal Rules, *i.e.*, the Bankruptcy Rules speak for themselves.

46. Dondero denies the allegations in paragraph 46 of the Complaint.

47. Dondero denies the allegations in paragraph 47 of the Complaint.

48. Dondero denies the allegations in paragraph 48 of the Complaint.

49. Dondero denies the allegations in paragraph 49 of the Complaint.

50. Dondero denies the allegations and the relief requested by Plaintiff in paragraph 50 of the Complaint.

51. Dondero denies that Plaintiff is entitled to any of the relief requested in the Prayer of the Complaint.

**DEFENSES**

52. In further Answer to the Complaint, and by way of separate and individual defenses and affirmative defenses, Dondero alleges as follows:

53. <u>Unclean hands</u>. Plaintiff has unclean hands because it has not acted fairly and without fraud or deceit.

**OBJECTION TO INJUNCTIVE RELIEF**

54. Dondero objects to the preliminary injunctive relief ordered by the Court on the record at the hearing on January 8, 2021. Specifically, Dondero objects to the scope and breadth of the Court's ruling, as well as the potentially open-ended timeframe of the injunction.

**JURY DEMAND**

55. Pursuant to Federal Rule of Civil Procedure 38, as incorporated by Federal Rule of Bankruptcy Procedure 9015, Dondero demands a trial by jury.

# PRAYER

WHEREFORE, Defendant Dondero prays that this Court enter a take nothing judgment against Plaintiff, deny any and all relief requested by Plaintiff, enter a judgment in favor of Dondero, and any other relief that Dondero is justly entitled.

Dated: January 11, 2021

Respectfully submitted,

*/s/ John T. Wilson IV*
D. Michael Lynn – State Bar ID 12736500
John Y. Bonds, III – State Bar ID 02589100
John T. Wilson IV – State Bar ID 24033344
Bryan C. Assink – State Bar ID 24089009
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
michael.lynn@bondsellis.com
john@bondsellis.com
john.wilson@bondsellis.com
bryan.assink@bondsellis.com

**COUNSEL FOR DEFENDANT
JAMES DONDERO**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on January 11, 2021, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for Plaintiff and on any other party requesting electronic service in this case.

*/s/ Bryan C. Assink*
Bryan C. Assink
