

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed January 11, 2021

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | § § § § § § § | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES D. DONDERO,<br><br>Defendant. | § § § § § § § § § § § § | Adversary Proceeding No.<br><br>No. 20-03190-sgj |

**ORDER GRANTING DEBTOR'S MOTION FOR A PRELIMINARY INJUNCTION AGAINST JAMES DONDERO**

This matter having come before the Court on *Plaintiff Highland Capital Management,*

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

*L.P.'s Emergency Motion for a Temporary Restraining Order and Preliminary Injunction against Mr. James Dondero* [Adv. Pro. Docket No. 2] (the "Motion"), filed by Highland Capital Management, L.P., the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case"), and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"); and this Court having considered (a) the Motion, (b) *Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Injunctive Relief* [Adv. Pro. Docket No. 1] (the "Complaint"), (c) the arguments and law cited in the *Debtor's Amended Memorandum of Law in Support of its Motion for a Temporary Restraining Order and Preliminary Injunction against Mr. James Dondero* [Adv. Pro. Docket No. 3] (the "Memorandum of Law," and together with the Motion and Complaint, the "Debtor's Papers"), (d) *James Dondero's Response in Opposition to Debtor's Motion for a Preliminary Injunction* [Adv. Pro. Docket No. 52] (the "Opposition") filed by James Dondero, (e) the testimonial and documentary evidence admitted into evidence during the hearing held on January 8, 2021 (the "Hearing"), including assessing the credibility of Mr. James Dondero, (f) the arguments made during the Hearing, and (g) all prior proceedings relating to the Motion, including the December 10, 2020 hearing on the *Debtor's Motion for a Temporary Restraining Order and Preliminary Injunction against James Dondero* [Adv. Pro. Docket No. 6] (the "TRO Hearing"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that injunctive relief is warranted under sections 105(a) and 362(a) of the Bankruptcy Code and that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest;

and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Debtor's Papers, and the evidence submitted in support thereof, establish good cause for the relief granted herein, and that (1) such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate and reorganization process; (2) the Debtor is likely to succeed on the merits of its underlying claim for injunctive relief; (3) the balance of the equities tip in the Debtor's favor; and (4) such relief serves the public interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor and for the reasons set forth in the record on this Motion, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. James Dondero is preliminarily enjoined and restrained from (a) communicating (whether orally, in writing, or otherwise), directly or indirectly, with any Board member unless Mr. Dondero's counsel and counsel for the Debtor are included in any such communication; (b) making any express or implied threats of any nature against the Debtor or any of its directors, officers, employees, professionals, or agents, in whatever capacity they are acting; (c) communicating with any of the Debtor's employees, except as it specifically relates to shared services currently provided to affiliates owned or controlled by Mr. Dondero; (d) interfering with or otherwise impeding, directly or indirectly, the Debtor's business, including but not limited to the Debtor's decisions concerning its operations, management, treatment of claims, disposition of assets owned, controlled or managed by the Debtor, and the pursuit of the Plan or any

alternative to the Plan; and (e) otherwise violating section 362(a) of the Bankruptcy Code (collectively, the "Prohibited Conduct").[2]

3. James Dondero is further preliminarily enjoined and restrained from causing, encouraging, or conspiring with (a) any entity owned or controlled by him, and/or (b) any person or entity acting with him or on his behalf, to, directly or indirectly, engage in any Prohibited Conduct.

4. James Dondero is further preliminarily enjoined and restrained from communicating (in person, telephonically, by e-mail, text message or otherwise) with Scott Ellington and/or Isaac Leventon, unless otherwise ordered by the Court.

5. James Dondero is further preliminarily enjoined and restrained from physically entering, or virtually entering through the Debtor's computer, email, or information systems, the Debtor's offices located at Crescent Court in Dallas, Texas, or any other offices or facilities owned or leased by the Debtor, regardless of any agreements, subleases, or otherwise, held by the Debtor's affiliates or entities owned or controlled by Mr. Dondero, without the prior written permission of Debtor's counsel made to Mr. Dondero's counsel. If Mr. Dondero enters the Debtor's office or other facilities or systems without such permission, such entrance will constitute trespass.

6. James Dondero is ordered to attend all future hearings in this Bankruptcy Case by Webex (or whatever other video platform is utilized by the Court), unless otherwise ordered by the Court.

7. This Order shall remain in effect until the date that any plan of reorganization or liquidation resolving the Debtor's case becomes effective, unless otherwise ordered by the Court.

---

[2] For the avoidance of doubt, this Order does not enjoin or restrain Mr. Dondero from (1) seeking judicial relief upon proper notice or from objecting to any motion filed in this Bankruptcy Case, or (2) communicating with the committee of unsecured creditors (the "UCC") and its professionals regarding a pot plan.

8. All objections to the Motion are overruled in their entirety.

9. The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

### ### END OF ORDER ###

United States Bankruptcy Court
Northern District of Texas

Highland Capital Management, L.P.,
    Plaintiff

Dondero,
    Defendant

Adv. Proc. No. 20-03190-sgj

# CERTIFICATE OF NOTICE

District/off: 0539-3     User: cecker     Page 1 of 2
Date Rcvd: Jan 12, 2021     Form ID: pdf001     Total Noticed: 4

The following symbols are used throughout this certificate:
**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 14, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| ust | + | Cheryl Wilcoxson, US Trustee, 1100 Commerce St., Ste. 976, Dallas, TX 75242-0996 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| ust | + | Email/Text: ustpregion06.ty.ecf@usdoj.gov | Jan 12 2021 22:40:00 | US Trustee, Office of the U.S. Trustee, 110 N. College Ave., Suite 300, Tyler, TX 75702-7231 |
| ust | + | Email/Text: ustpregion07.hu.ecf@usdoj.gov | Jan 12 2021 22:40:00 | US Trustee, Office of the US Trustee, 515 Rusk Ave, Ste 3516, Houston, TX 77002-2604 |
| ust | + | Email/Text: ustpregion06.da.ecf@usdoj.gov | Jan 12 2021 22:40:00 | United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-0996 |

TOTAL: 3

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| ust | | Sandra Nixon, U.S. Trustee |
| ust | | mario zavala |
| ust | *+ | US Trustee, Office of the U.S. Trustee, 110 N. College Ave., Suite 300, Tyler, TX 75702-7231 |

TOTAL: 2 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 14, 2021        Signature:    /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

District/off: 0539-3 | User: cecker | Page 2 of 2
Date Rcvd: Jan 12, 2021 | Form ID: pdf001 | Total Noticed: 4

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 12, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Bryan C. Assink | on behalf of Defendant James D. Dondero bryan.assink@bondsellis.com |
| Zachery Z. Annable | on behalf of Plaintiff Highland Capital Management L.P. zannable@haywardfirm.com |

TOTAL: 2