D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
Joshua N. Eppich
State Bar I.D. No. 24050567
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: § | Case No. 19-34054 | |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | Chapter 11 | |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| § | | |
| Plaintiff. § | | |
| § | | |
| v. § | | |
| § | **Adversary No. 20-03190** | |
| **JAMES D. DONDERO,** § | | |
| § | | |
| Defendant. § | | |

## JAMES DONDERO'S EMERGENCY MOTION FOR CONTINUANCE OF HEARING

James D. Dondero ("Defendant"), the defendant in the above-captioned adversary proceeding, hereby files this *Emergency Motion for Continuance of Hearing* (the "Motion") requesting that the Court grant a continuance of the hearing on the Debtor's Contempt Motion[1] for the reasons set forth below. In support thereof, Defendant respectfully represents as follows:

---

[1] As defined below.

## I.     BACKGROUND

1. On October 16, 2019 (the "Petition Date"), Highland Capital Management, L.P. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

2. On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. trustee in Delaware.

3. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].

4. Appellant is the Debtor's co-founder. As of the Petition Date, Appellant was the Debtor's CEO and the President of Strand Advisors, Inc., the Debtor's General Partner. In January 2020, under the terms of a settlement, Appellant was replaced by an independent board of directors (the "Board"). The members of the Board are James P. Seery, Jr., John S. Dubel, and Russell F. Nelms. Mr. Seery was later retained as the Debtor's Chief Executive Officer.

5. On December 7, 2020, the Debtor commenced this adversary proceeding by filing *Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Injunctive Relief* [Adv. Dkt. 1] (the "Complaint").

6. Also on December 7, 2020, the Debtor filed *Plaintiff Highland Capital Management, L.P.'s Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against Mr. James Dondero* [Adv. Dkt. 2] (the "TRO Motion").

7. On December 10, 2020, this Court conducted a hearing and granted the TRO Motion. Later that day, the Court entered the *Order Granting Debtor's Motion for a Temporary Restraining Order Against James Dondero* [Adv. Dkt. 10] (the "TRO").

8. On January 7, 2021, the Debtor filed *Plaintiff's Motion for an Order Requiring Mr. James Dondero to Show Cause Why He Should Not Be Held in Civil Contempt for Violating the TRO* [Adv. Dkt. 48] and *Debtor's Memorandum of Law in Support of Motion for an Order Requiring Mr. James Dondero to Show Cause Why He Should Not Be Held in Civil Contempt for Violating the TRO* [Adv. Dkt. 49] (collectively, the "Contempt Motion").

9. On January 8, 2021, the Court conducted a hearing on Debtor's motion for a preliminary injunction and found that a preliminary injunction should be entered against Appellant.

10. On January 12, 2021, the Court entered its *Order Granting Debtor's Motion for a Preliminary Injunction Against James Dondero* [Adv. Dkt. 59] (the "Preliminary Injunction").

11. On January 12, 2021, the same day the Preliminary Injunction was entered, Defendant filed with the Bankruptcy Court the *Notice of Appeal as of Right or, Alternatively, Notice of Appeal with Motion for Leave to Appeal* [Adv. Dkt. 60]. The following day, the Bankruptcy Clerk instructed Defendant to separately file the notice of appeal and the motion for leave to appeal.

12. Accordingly, on January 13, 2021, Defendant filed the *Amended Notice of Appeal as of Right or, Alternatively, Notice of Appeal with Motion for Leave to Appeal* [Adv. Dkt. 63] and *Appellant James Dondero's Motion for Leave to Appeal* [Adv. Dkt. 64].

13. On January 20, 2021, the Bankruptcy Clerk transmitted the amended notice of appeal and motion for leave to the District Court and docketed the appeal of the Preliminary Injunction. The Defendant thereafter filed a motion for expedited appeal with the District Court, which remains pending.

14. On January 26, 2021, the Court commenced a hearing on the Debtor's motion for

a preliminary injunction against the Funds and Advisors[2] in the separate adversary proceeding styled *Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors, L.P., et al.*, adversary proceeding no. 21-03000.

15. At the conclusion of the time allotted for the January 26, 2021 hearing, the Court determined that the remainder of the hearing on the preliminary injunction against the Funds and Advisors should be set at the same time as the Contempt Motion on February 5, 2021 at 9:30 a.m.

## II.    RELIEF REQUESTED AND BASIS FOR RELIEF

16. For the reasons set forth below, Defendant respectfully requests a continuance of the Contempt Hearing. Good cause exists for the continuance of the Contempt Hearing. First, there is no exigent need for the hearing to occur quickly, as the Contempt Hearing has no bearing on confirmation and can be heard at any time after confirmation and allowing a continuance will allow all parties and this Court to focus on confirmation and related plan matters. Second, Defendant and his counsel are cognizant of the Court's schedule and limited time, and believe that under the current setting there will be insufficient time for the parties to fully and completely present their cases and evidence on the Contempt Motion. Third, given that Defendant has appealed the injunction, continuance of the Contempt Motion until the District Court has considered the appeal may be practical as it allows additional time for the District Court to consider whether the injunction complies with applicable law before this Court rules on whether contempt under the TRO is proper.

17. Defendant and his counsel certainly recognize and appreciate the Court's comments made at the close of the hearing on January 26, 2021 that there may be certain overlapping evidence between the Preliminary Injunction proceeding against the Funds and Advisors and the Contempt

---

[2] As defined in that proceeding.

Motion against Defendant.

18. But any efficiencies that may be provided by having the hearings held concurrently should not prejudice Defendant from fully presenting his defenses to the Contempt Motion or prevent him from having sufficient time to present full case in chief.

19. As the Court is aware, the Debtor utilized almost the entire hearing on January 26, 2021 to present its case in chief, leaving virtually no time for the Funds and Advisors to present their case. This is, at least in part, what necessitated the continuance to February 5, 2021.

20. Given that the Funds and Advisors have not had time to present their case in chief, it appears likely that at least the entire morning of February 5, 2021 would be utilized by the parties to complete the preliminary injunction hearing, with the Contempt Motion not even moving forward until the afternoon. If that is the case, then there will almost certainly not be sufficient time to fully hear the evidence on the Contempt Motion on February 5. For example, if the Debtor takes as long as it did during the January 26th hearing, then Dondero will not even have time to call his first witness, and likely will have very little time for cross examination. Dondero expects that the presentation of his case in chief is likely to take at least half of a day (depending on the Debtor's presentation), given the magnitude and extraordinary breadth of the relief sought by the Debtor in the Contempt Motion. In order to provide Dondero due process and sufficient time to present his defenses and case in chief, the hearing would have to be continued to a later date. In that instance, the primary impetus for continuing the Preliminary Injunction hearing to February 5 no longer exists as the parties would have to reconvene at a later date to complete the hearing on the Contempt Motion.

21. Given these issues, Defendant believes good cause exists to continue the hearing on the Contempt Motion. While Defendant understands that there may be some overlapping

evidence between the two matters, the key issues at the heart of the Contempt Motion are distinctly different than those underlying the preliminary injunction. In the Contempt Motion, the Court is going to look closely at whether the acts complained of by the Debtor actually violate the TRO. This is going to be an extremely fact intensive inquiry, and most of the relevant evidence is not going to relate to whether there is cause to enter a preliminary injunction against the Funds and Advisors, but instead will center on the details surrounding the alleged violations of the TRO. Given the Debtor's conduct in past hearings, if both matters are heard concurrently, Defendant is concerned that the Debtor will monopolize the Court's time and distract the Court from what factual issues are actually relevant to the Contempt Motion. A continuance of the hearing will allow for the Court to devote an entire day to the Contempt Motion, which the Court should allocate evenly between the Debtor and the Defendant. To the extent the Court believes that evidence presented from the preliminary injunction hearing is necessary or relevant to the determination of the Contempt Motion, such evidence can be utilized later via transcript and Defendant would agree to same.

22. In addition, Defendant does not believe that there exists any emergency or pressing need to have the hearing on the Contempt Motion on February 5, 2021. At this stage, the parties and the Court are working hard to prepare for the upcoming hearing on confirmation and in attending to issues related to the Plan. Continuing the Contempt Motion will allow the parties and the Court to focus on these more pressing matters. There is no imminent need to have the hearing on the Contempt Motion during a week where the parties are all trying to focus on confirmation and related matters.

23. Finally, a continuance also makes sense in light of the Defendant's pending appeal of the Preliminary Injunction. As the Court may be aware, the Defendant has appealed the

Preliminary Injunction and has moved in the District Court for that appeal to be considered on an expedited basis. For this reason, a continuance of the Contempt Motion until the District Court has considered the appeal is practical as it allows additional time for the District Court to consider whether the injunction complies with applicable law.

24. For the foregoing reasons, Defendant respectfully requests that the Court continue the hearing on the Contempt Motion until after the appeal of the Preliminary Injunction has been decided or, in the alternative, continue the hearing to the week following February 5, 2021 to allow Defendant time to fully and completely present his defenses to the Contempt Motion and his case in chief during a full day hearing devoted solely to the Contempt Motion. Defendant believes that, absent a continuance, he will be prejudiced from defending himself and presenting his case in chief. Conversely, a continuance of the hearing on the Contempt Motion is not likely to prejudice the Debtor as such hearing can be held at any time after confirmation.

25. This motion is not sought for delay, but so that justice may be done.

26. Given that the hearing on the Contempt Motion is set to occur soon on February 5, 2021, the Defendant respectfully requests that the Court consider this Motion as quickly as possible and, if desired, set a hearing on the Motion as soon as the Court has availability prior to the February 5 hearing.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court (i) enter an order granting this Motion, (ii) continue the hearing on the Contempt Motion until after the appeal of the Preliminary Injunction has been decided or, in the alternative, continue the hearing to the week following February 5, 2021 to allow Defendant time to fully and completely present his defenses

to the Contempt Motion and present his case in chief, and (iii) provide Defendant such other and further relief to which he may be justly entitled.

Dated: January 27, 2021

Respectfully submitted,

*/s/ Bryan C. Assink*
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
Joshua N. Eppich
State Bar I.D. No. 24050567
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that, on January 27, 2021, I conferred with counsel for Plaintiff in an attempt to resolve the relief requested by this Motion. Counsel for the Plaintiff indicated that Plaintiff is opposed to this request for continuance.

*/s/ Bryan C. Assink*
Bryan C. Assink

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on January 27, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for the Plaintiff and on all other parties requesting or consenting to such service in this case.

*/s/ Bryan C. Assink*
Bryan C. Assink