PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>            Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>            Plaintiff,<br><br>vs.<br><br>JAMES D. DONDERO,<br><br>            Defendant. | Adversary Proceeding<br><br>No. 20-3190-sgj11 |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**PLAINTIFF'S OBJECTION TO JAMES DONDERO'S EMERGENCY MOTION FOR CONTINUANCE OF HEARING**

Highland Capital Management, L.P., the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding") and the debtor and debtor-in-possession (the "Debtor" or the "Plaintiff") in the above-captioned chapter 11 case ("Bankruptcy Case"), by and through its undersigned counsel, files this objection (the "Objection") to *James Dondero's Emergency Motion for Continuance of Hearing* [Adv. Pro. Docket No. 75] (the "Motion") pursuant to which Mr. James Dondero ("Mr. Dondero") seeks a continuance of the evidentiary hearing scheduled for February 5, 2021 (the "Hearing") on *Plaintiff's Motion for an Order Requiring Mr. Dondero to Show Cause Why He Should Not Be Held in Civil Contempt for Violating the TRO* [Adv. Pro. Docket No. 48] (the "Contempt Motion"). In support of the Objection, the Debtor respectfully states the following::

**SUMMARY OF OBJECTION**

1. On January 7, 2021, the Debtor filed the Contempt Motion. In response to Mr. Dondero's objection to the Debtor's request that the hearing on the Contempt Motion be combined with the Debtor's motion for a preliminary injunction the following day, and for the specific purpose of protecting Mr. Dondero's due process rights, the Court set the Contempt Motion for February 5, 2021, four weeks later. Mr. Dondero will have had ample time to prepare, his arguments are without merit, and the Motion should be denied.

2. *First*, Mr. Dondero's contention that there is no "exigent need" for the Hearing is belied by the record in this matter. There is ample evidence already in the record that Mr. Dondero has violated the TRO by, among other things, (a) discarding evidence, (b) interfering with the Debtor's business, and (c) soliciting the Debtor's former in-house counsel to marshal and coordinate his team of lawyers representing him and the entities he owns and/or controls (together, examples, of "Harmful Conduct"). Regrettably, Mr. Dondero has not shown any contrition, nor

1

has he acknowledged or taken any responsibility for his wrongful conduct. To the contrary, Mr. Dondero defiantly testified on January 26, 2021 that he believed his interference in the Debtor's business was completely justified – and his Chief Compliance Officer candidly admitted that he has not and will not take any steps to stop him. Under these circumstances, an "exigent need" surely does exist as Mr. Dondero needs to be held to account.

3.  *Second*, Mr. Dondero's concerns about time do not justify adjourning the Hearing on the Contempt Motion – a hearing scheduled four weeks after the Contempt Motion was filed for the singular purpose of addressing Mr. Dondero's due-process concerns and providing him with adequate time to prepare. Notably, the Debtor has rested its case in the preliminary injunction matter and does not expect to engage in lengthy cross-examinations of Messrs. Dondero and Post. In addition, the Debtor does not expect to repeat much of the testimony already in the record to support its Contempt Motion and is likely to call only two other witnesses, Scott Ellington and Isaac Leventon.[2] Thus, the Debtor is hopeful that all of the evidence can come in on February 5.

4.  If the Court is concerned, there are several alternatives available to address the matter other than pushing the Contempt Motion even further into the future, including (a) proceeding exactly as scheduled, and continuing the matter to the following week if more time is needed; (b) putting the parties "on the clock;" or (c) adjourning the completion of the preliminary injunction hearing to the following week because the TRO will remain in place until February 15, 2021,[3] thereby giving the parties the entire day on February 5, 2021 to present their respective cases on the Contempt Motion.

---

[2] The Debtor has asked Mr. Dondero to disclose his expected witnesses so the Debtor has a reasonable opportunity to depose them and to avoid undue surprise, but the Debtor has received no response.

[3] *See Agreed Order Granting Debtor's Motion for a Temporary Restraining Order against Certain Entities Owned and/or Controlled by Mr. Dondero*, Adv. Pro. 21-03000, Docket No. 20.

5. The one thing that *should not occur* is the further delay of the Debtor's Contempt Motion.

6. ***Finally***, it would be a perversion of justice to delay the Hearing based on Mr. Dondero's own decision to appeal an interlocutory order. Notably, Mr. Dondero failed to timely appeal entry of the TRO, so it is unclear how the appeal would impact the Hearing on the Contempt Motion in any event. And, in the extraordinarily unlikely event that (i) the District Court modified the preliminary injunction, and (ii) the modification trickled down to the TRO (even though that Order was never appealed), there is no chance that such modifications would suddenly render lawful the Harmful Conduct.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court deny the Motion and grant any further relief as the Court deems just and proper.

Dated: January 29, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

4