# EXHIBIT 7

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | § § § § § § § | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES D. DONDERO,<br><br>Defendant. | § § § § § § § § § § | Adversary Proceeding<br><br>No. 20-3190-sgj11 |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**DEBTOR'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**
**DIRECTED TO JAMES DONDERO**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034, incorporating by reference Federal Rules of Civil Procedure 26 and 36, Highland Capital Management, L.P., the Plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), and the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case ("Bankruptcy Case") hereby requests that, in connection with *Plaintiff Highland Capital Management, L.P.'s Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against Mr. James Dondero* [Docket No. 2] (the "Motion"), James Dondero, the Defendant in the Adversary Proceeding ("Defendant" or "Mr. Dondero") produce for inspection and copying, the documents identified below, on or before **December 28, 2020 by 5:00 p.m. Central Time** (the "Requests").

**INSTRUCTIONS**

1. For each Document (as defined below) withheld by reason of a claim of privilege, provide a privilege log identifying such Document together with: (a) the date of the Document; (b) the identity of the author or preparer; (c) the identity of each person who was sent or furnished with the Document or who received or had possession or custody of the Document; (d) a description of the Document, including identification of any attachments or appendices; (e) a statement of the basis of the claim of privilege; and (f) the paragraph of these Requests to which the Document is responsive. In the case of Documents concerning a meeting or conversation, identify all participants in the meeting or conversation.

2. Each Document shall be produced in a fashion that indicates clearly the file in which it was located.

3. If a Document cannot be produced in full, produce it to the extent possible, identify the portion that cannot be produced, and specify the reasons for Your (as defined below) inability to produce the remainder.

4. You are required to produce ESI (as defined below) in searchable form on DVDs, CD-ROMs or other media to be mutually agreed by the parties.

5. Documents may be produced in paper format or electronically. If Documents are produced electronically, or if any ESI is produced, the following formatting should be used:

- Use .tif format for all Documents that were not originally in Excel format, in which case, use .xls or .xlsx format;
- If possible, without creating undue delay, please produce Documents in Summation-ready DVDs, CD-ROMs or other media to be mutually agreed by the parties with .tif and text format, and with a Summation load file; and
- Transmit electronic Documents or ESI on DVDs, CD-ROMs or other media to be mutually agreed by the parties or use an ftp site upload.

6. These Requests shall be deemed continuing and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response as required by Fed. R. Bank. P. 7026(e).

7. The use of either the singular or plural shall not be deemed a limitation. The use of the singular includes the plural, and vice versa.

8. Unless noted otherwise, **the requests for documents set forth herein seek Documents and Communications created between December 10, 2020 and December 28, 2020**.

3

**DEFINITIONS**

1. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

2. "Document" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whomever produced, reproduced, disseminated or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or intangible thing or item that contains any information. Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

3. "ESI" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26, and 34(a).

4. "Hearing" refers to the hearing described in the *Notice of Hearing* filed at Docket No. 16 in the Adversary Proceeding.

5. "MultiStrat" means Highland Multi Strategy Credit Fund, L.P. (f/k/a Highland Credit Opportunities CDO, L.P.).

6. "You" or "Your" refers to Mr. Dondero.

## DOCUMENT REQUESTS

**Request No. 1:**

For the period August 1, 2020, to the present, all Communications between You and Andrew Clubok.

**Request No. 2:**

For the period August 1, 2020, to the present, all Documents provided to or received from Andrew Clubok.

**Request No. 3:**

All Communications between You and any person employed by the Debtor.

**Request No. 4:**

All Documents provided to or received from any person employed by the Debtor.

**Request No. 5:**

All Documents and Communications concerning MultiStrat.

**Request No. 6:**

All Documents and Communications that You intended to introduce into evidence at the Hearing.

Dated:  December 23, 2020

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

-and-

**HAYWARD & ASSOCIATES PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*