# EXHIBIT 11

 

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 10, 2020**

_____

United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding |
| | § | |
| vs. | § | |
| | § | No. 20-03190-sgj |
| JAMES D. DONDERO, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEBTOR'S MOTION
## FOR A TEMPORARY RESTRAINING ORDER AGAINST JAMES DONDERO

Having considered the *Debtor's Motion for a Temporary Restraining Order and*

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

DOCS_NY:41695.4 36027/002

*Preliminary Injunction against James Dondero* [Docket No. 6] (the "Motion"), the *Memorandum of Law* (the "Memorandum of Law")[2] in support of the Motion, and the *Declaration of James P. Seery, Jr. in Support of the Debtor's Motion for a Temporary Restraining Order against James Dondero* [Docket No. 4] (the "Seery Declaration"), including the exhibits annexed thereto; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that injunctive relief is warranted under sections 105(a) and 362(a) of the Bankruptcy Code and that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and the Memorandum of Law establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor and for the reasons set forth in the record on this Motion, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. James Dondero is temporarily enjoined and restrained from (a) communicating (whether orally, in writing, or otherwise), directly or indirectly, with any Board member unless Mr. Dondero's counsel and counsel for the Debtor are included in any such communication; (b) making any express or implied threats of any nature against the Debtor or any of its directors, officers, employees, professionals, or agents; (c) communicating with any of the Debtor's

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Memorandum of Law.

2

employees, except as it specifically relates to shared services currently provided to affiliates owned or controlled by Mr. Dondero; (d) interfering with or otherwise impeding, directly or indirectly, the Debtor's business, including but not limited to the Debtor's decisions concerning its operations, management, treatment of claims, disposition of assets owned or controlled by the Debtor, and pursuit of the Plan or any alternative to the Plan; and (e) otherwise violating section 362(a) of the Bankruptcy Code (collectively, the "Prohibited Conduct").[3]

      3.      James Dondero is further temporarily enjoined and restrained from causing, encouraging, or conspiring with (a) any entity owned or controlled by him, and/or (b) any person or entity acting on his behalf, from, directly or indirectly, engaging in any Prohibited Conduct.

      4.      All objections to the Motion are overruled in their entirety.

      5.      The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

### ### END OF ORDER ###

---

[3] For the avoidance of doubt, this Order does not enjoin or restrain Mr. Dondero from seeking judicial relief upon proper notice or from objecting to any motion filed in the above-referenced bankruptcy case.