# EXHIBIT 27



**PACHULSKI STANG ZIEHL JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com

Jeffrey N. Pomerantz

December 23, 2020

310.772.2336
jpomerantz@pszjlaw.com

**Via E-mail**

D. Michael Lynn
Bonds Ellis Eppich Schafer Jones
LLP
420 Throckmorton Street
Suite 1000
Fort Worth, Texas 76102

    Re:    **Termination of James Dondero Access to Office and Services**

Dear Judge Lynn:

As you know, on December 10, 2020, a temporary restraining order was entered against Mr. James Dondero by the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "TRO"). Case No. 20-03190-sgj, Docket No. 10 (Bankr. N.D. Tex. Dec. 10, 2020.

Pursuant to the TRO, Mr. Dondero was, among others things, prohibited from communicating with the employees of Highland Capital Management, L.P. (the "Debtor") (subject to certain limited exceptions) and interfering with or otherwise impeding, directly or indirectly, the Debtor's business. We have discussed with you several instances in which Mr. Dondero breached the terms of the TRO and will not repeat them here.

As you also know, the Debtor manages certain collateralized loan obligations (the "CLOs"). The Debtor sought to cause the CLOs to sell certain publicly-traded equity securities, including AVYA and SKY (tickers), prior to Thanksgiving. Mr. Dondero blocked these trades. That conduct, among other things, caused the TRO to be entered.

These trades were also the subject to the *Motion for Order Imposing Temporary Restrictions on Debtor's Ability, as Portfolio Manager,*

DOCS_NY:41828.4 36027/002



December 23, 2020
Page 2

*to Initiate Sales by Non-Debtor CLO Vehicles* [D.I. 1528] (the "CLO Motion"), which was filed by, among others, NexPoint Advisors, L.P. ("NPA") and Highland Capital Management Fund Advisors, L.P. ("HCMFA"). At the hearing on December 16, 2020, Judge Jernigan stated both that she agreed that the CLO Motion was brought by "Mr. Dondero, through different entities" and that it was frivolous.

On December 22, 2020, employees of NPA and HCMFA notified the Debtor that they would not settle the CLOs' sale of the AVYA and SKY securities. To justify their conduct, those employees mimicked the frivolous arguments made in the CLO Motion. This conduct violated the TRO, and HCMLP reserves all rights to seek appropriate sanctions with respect to such violation.

As a result of this conduct, among other things, HCMLP has concluded that Mr. Dondero's presence at the HCMLP office suite and his access to all telephonic and information services provided by HCMLP are too disruptive to HCMLP's continued management of its bankruptcy case to continue.

As a consequence, Mr. Dondero's access to the offices located at 200/300 Crescent Court, Suite 700, Dallas, Texas 75201 (the "Office"), will be revoked effective Wednesday, December 30, 2020 (the "Termination Date"). As of the Termination Date, Mr. Dondero's key card will be de-activated and building staff will be informed that Mr. Dondero will no longer have access to the Office.

Further, as of the Termination Date, Mr. Dondero's access to his @highlandcapital.com email account will be revoked, and Mr. Dondero will no longer have access to that email account or any emails, calendars, or contacts associated with that email account.

In addition, Mr. Dondero's access to the HCMLP system and all services maintained on that system, including his Bloomberg terminal, will be revoked as of the Termination Date.

HCMLP will also terminate Mr. Dondero's cell phone plan and those cell phone plans associated with parties providing personal services to Mr. Dondero (collectively, the "Cell Phones"). HCMLP demands that Mr. Dondero immediately turn over the Cell Phones to HCMLP by delivering them to you; we can make arrangements to recover the phones from you at a later date. The Cell Phones and

<3>cs>

<3>cs><3>cs>
<3>cs><3>cs><3>cs>

<3>cs>
<3>cs><3>cs>
<3>cs><3>cs><3>cs>
<3>cs><3>cs><3>cs><3>cs>

<3>cs>
<3>cs><3>cs>
<3>cs><3>cs><3>cs>
<3>cs><3>cs><3>cs><3>cs>
<3>cs><3>cs><3>cs><3>cs><3>cs>

<3>cs>
<3>cs><3>cs>



December 23, 2020
Page 3

the accounts are property of HCMLP. HCMLP further demands that Mr. Dondero refrain from deleting or "wiping" any information or messages on the Cell Phone. HCMLP, as the owner of the account and the Cell Phones, intends to recover all information related to the Cell Phones and the accounts and reserves the right to use the business-related information.

Any attempt by Mr. Dondero to enter the Office, regardless of whether he is entering on his own or as a guest, will be viewed as an act of trespass. Similarly, any attempts by Mr. Dondero to access his @highlandcapital.com email account or any other service previously provided to Mr. Dondero by HCMLP will be viewed as an act of trespass, theft, and/or an attempted breach of HCMLP's security protocols.

Finally, HCMLP demands that Mr. Dondero take all steps necessary to retain and protect from loss, destruction, alteration or defacement all documents, communications, and information relating to the Debtor, the Debtor's assets, any assets managed by the Debtor, or the Debtor's employees.

HCMLP reserves all rights that it may have whether at law, equity, or in contract, including the right to restrict the access of HCMFA and NPA employees to the Office and HCMLP-provided services. Nothing herein will be construed as a waiver of any such rights.

Sincerely,

*J. Pomerantz/gvp*

Jeffrey N. Pomerantz

cc:   Ira Kharasch, Esq.
      John Morris, Esq.
      Gregory Demo, Esq.