# EXHIBIT 30

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | )<br>)<br>)  Chapter 11<br>)<br>)  Case No. 19-34054-sgj11<br>) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Rule 7034 of the Federal Rules of Bankruptcy Procedure, and the Amended Term Sheet, the Official Committee of Unsecured Creditors in the above captioned bankruptcy case (the "Committee") hereby serves the following requests for production of documents to Highland Capital Management, L.P. ("Request(s)"). These requests are made pursuant to the Amended Term Sheet to which the Committee and Highland Capital Management, L.P., have agreed (Dkts. 354, 354-1) ("Term Sheet").

**DEFINITIONS**

1. "Atlas IDF" means Atlas IDF, LP, Atlas IDF GP, LLC, and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

2. "Beacon Mountain" means Beacon Mountain, LLC and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

and all officers, directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

3.   "Boyce" means Patrick Boyce.

4.   "Communication(s)" means any written or oral communication of any kind or character, including, by way of example and without limitation, e-mails, instant messages, text messages, voicemail or voice messages, audio recordings, personal conversations, telephone conversations, letters, meetings, memoranda, whether such communication was sent, received, or created, in final or in draft, and all Documents concerning or memorializing such written or oral communications.

5.   "Concerning" means consisting of, reflecting, referring to, regarding, related to, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or rebut) the subject matter designated in any of these Requests. A request for documents "concerning" a specified subject matter always shall include communications, notes, and memoranda (whenever prepared) relating to the subject matter of the request.

6.   "Crown Global Insurance Company" means Crown Global Insurance Company and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

7.   "Debtor," "You," and "Your" means Highland Capital Management, L.P.

8.   "Document(s)" means, without limitation, the original and all copies, prior drafts, and translation of information in any written, typed, printed, recorded or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including

without limitation all Electronically Stored Information, Communications, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), contracts, statements, bills, checks, vouchers, video tapes, photographs, tape recordings, other mechanical records, transcripts or logs of any such recordings, and all other data compilations from which information can be obtained.  The term "Document(s)" is intended to be at least as broad in meaning and scope as the usage of the term in or pursuant to the Federal Rules of Civil Procedure.

9. "Document Production Protocol" means the protocols agreed to and described in Exhibit C of Final Term Sheet, Docket 354-1.

10. "Dolomiti, LLC" means Dolomiti, LLC and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

11. "Dondero" means James D. Dondero.

12. "Due from Affiliates Chart" means the document Bates stamped as Highland_PEO-010365 – Highland_PEO-010365 and produced by the Debtor.

13. "Dugaboy" means Dugaboy Investment Trust and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all trustees, officers, directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

14. "Ellington" means Scott B. Ellington.

15. "HCRE Partners, LLC" means the HCRE Partners, LLC and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any

and all officers, directors, employees, representatives, agents, advisors, attorneys, owners, partners, principals, shareholders, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing, including without limitation NexPoint Real Estate Partners, LLC.

16. "Highland Capital Management Korea Limited" means Highland Capital Management Korea Limited and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, employees, representatives, agents, advisors, attorneys, owners, partners, principals, shareholders, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing

17. "Highland Capital Management Fund Advisors, L.P." means Highland Capital Management Fund Advisors, L.P. and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, employees, representatives, agents, advisors, attorneys, owners, partners, principals, shareholders, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

18. "Highland Capital Management Services" means Highland Capital Management Services, Inc. and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, employees, representatives, agents, advisors, attorneys, owners, partners, principals, shareholders, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

19. "Highland Entity" and "Highland Entities" means the Debtor and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, employees, representatives, agents, advisors, attorneys, owners,

partners, principals, shareholders, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

20. "Hunter Mountain Secured Promissory Note" means the document Bates stamped Highland010645 – Highland010651 and produced by the Debtor, also referenced in Exhibit A.

21. "Hunter Mountain Trust" means Hunter Mountain Trust and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, trustees, directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing, including Crown Global Investments.

22. "Highland Multi Strategy Credit Fund, L.P." means Highland Multi Strategy Credit Fund, L.P. and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

23. "Identify" means to state, to the extent known (or, if not known, to so state,) the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

24. "Klos" means David Klos.

25. "Leventon" means Isaac Leventon.

26. "Loans Receivable Chart" means the document Bates stamped Highland_PEO-010366 – Highland_PEO-010366 and produced by the Debtor.

27. "Parker" means Trey Parker.

28. "NexPoint Advisors, L.P." means NexPoint Advisors, L.P. and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

29. "Okada" means Mark Okada.

30. "Okada Family Trusts" means Mark and Pamela Okada Family Trusts and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, trustees, directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

31. "Petition Date" means October 16, 2019.

32. "Rand PE Fund I, L.P." means Rand PE Fund I, L.P. and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

33. "Relating to" means consisting of, reflecting, referring to, regarding, concerning, involving, evidencing, constituting, or having any legal, logical, evidential, or factual contention with (whether to support or to rebut) the subject matter designated in any of these Requests. A request for documents "relating to" a specified subject matter always shall include communications, notes and memoranda (whenever prepared) relating to the subject matter of the request.

34. "Siepe, LLC" means Siepe, LLC and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers,

directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

35. "SSP Holding, LLC" means SSP Holding, LLC and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

36. "Surgent" means Tom Surgent.

37. "Trussway Holdings, LLC" means Trussway Holdings, LLC and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on their behalf of any of the foregoing.

38. "Waterhouse" means Frank Waterhouse.

## INSTRUCTIONS

1. The Committee requests production of the following documents and information pursuant to the Term Sheet and Document Production Protocol contained therein as Exhibit C.

2. The Committee requests production of the following documents and information on an immediate and rolling basis. Pursuant to the Term Sheet, Debtor shall search for emails at the earliest opportunity and in no event no later than seven days after the date of these Requests.

3. Unless otherwise indicated, all documents shall be produced for the relevant time period, which shall be the five years before the Petition Date, including any documents having an earlier origin, if in use during the relevant time period.

4. The obligation to produce documents responsive to these Requests shall be continuing in nature, and a producing party is required promptly to product any documents

requested herein that it locates or obtains after responding to these Requests, up to the conclusion of the above-captioned Chapter 11 Case.

5. Pursuant to the Term Sheet's Document Production Protocol, the Committee will have access to the privileged documents and communications that are within the Debtor's possession, custody, or control to the extent they are responsive to these requests.

## DOCUMENTS REQUESTED

1. Any and all Documents or Communications relating to any employment or severance agreements with current or former executives, officers, or directors of the Debtor and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of the Debtor, including without limitation agreements with Boyce, Dondero, Ellington, Klos, Leventon, Okada, Parker, Surgent, and Waterhouse.

2. Any and all Documents or Communications, including without limitation proof of payment and business purpose justification, relating to payments, distributions, or withdrawals credited or given to insiders by the Debtor in the one year prior to the Petition Date, as included in Statement 30 of the Statement of Financial Affairs for Highland Capital Management, L.P. (Dkt. 248) ("SOFA").

3. Any and all Documents or Communications, including without limitation proof of payment and business purpose justification, relating to payments or transfers to creditors by the Debtor, including without limitation payments made by the Debtor to any Highland Entities or any Highland Entity affiliates, in the ninety days prior to the Petition Date, as included in Statement 3 of the SOFA.

4. Any and all Documents or Communications, including proof of payment and business purpose justification, relating to payments or other transfers of property made by the

Debtor in the one year prior to the Petition Date that benefited any insider, as included in Statement 4 of the SOFA.

5. Any and all Documents or Communications relating to any debt owed to the Debtor by any of its principals or affiliates, including the notes specified in Exhibit A.

6. Any and all Documents or Communications, including business purpose justifications, relating to transactions giving rise to loans made by the Debtor to any Highland Entities or Highland Entity affiliates, including without limitation those identified in Exhibit A.

7. Any and all Documents or Communications relating to negotiations regarding the terms of loans made by the Debtor to any Highland Entities or Highland Entity affiliates, including without limitation those identified in Exhibit A.

8. Any and all Documents or Communications relating to the determination of and business purpose justifications for the principal amounts and interest rates of loans made by the Debtor to any Highland Entities or Highland Entity affiliates, including without limitation those provided in Exhibit A.

9. Any and all Documents or Communications relating to the holders of the notes provided in Exhibit A, including without limitation all Documents and Communications supporting schedules of amortization, relating to financial support acknowledgment, and acting as security to principal and interest payable.

10. Any and all Documents or Communications relating to any debt owed to the Debtor by any of the following entities:

    a. Atlas IDF,

    b. Beacon Mountain,

    c. Crown Global Insurance Company,

        d.      Dolomiti, LLC,

        e.      Dugaboy,

        f.      Hunter Mountain Trust,

        g.      HCRE Partners, LLC,

        h.      Highland Capital Management Fund Advisors,

        i.      Highland Capital Management Korea Limited,

        j.      Highland Capital Management Services, Inc.,

        k.      Highland Multi Strategy Credit Fund, L.P.

        l.      Okada Family Trusts,

        m.      Rand PE Fund I, L.P.,

        n.      Siepe, LLC,

        o.      SSP Holdings, LLC,

        p.      Trussway Holdings, LLC, and

        q.      Any other Highland Entity.

11.      Any and all Documents or Communications sufficient to identify the complete management structure of:

        a.      Atlas IDF,

        b.      Beacon Mountain,

        c.      Crown Global Insurance Company,

        d.      Dolomiti, LLC,

        e.      Dugaboy,

        f.      HCRE Partners, LLC,

        g.      Highland Capital Management Fund Advisors,

   h.  Highland Capital Management Services, Inc.,

   i.  Hunter Mountain Trust,

   j.  Okada Family Trusts,

   k.  Rand PE Fund I, L.P.,

   l.  Siepe, LLC,

   m.  SSP Holdings, LLC, and

   n.  Trussway Holdings, LLC.

  12. Any and all Documents or Communications sufficient to identify any and all owners or beneficiaries of:

   a.  Atlas IDF,

   b.  Beacon Mountain,

   c.  Crown Global Insurance Company,

   d.  Dolomiti, LLC,

   e.  Dugaboy,

   f.  HCRE Partners, LLC,

   g.  Highland Capital Management Fund Advisors,

   h.  Highland Capital Management Korea Limited,

   i.  Highland Capital Management Services, Inc.,

   j.  Highland Multi Strategy Credit Fund, L.P.,

   k.  Hunter Mountain Trust,

   l.  Okada Family Trusts,

   m.  Rand PE Fund I, L.P.,

   n.  Siepe, LLC,

  o. SSP Holdings, LLC, and

  p. Trussway Holdings, LLC.

13. Any and all Documents or Communications relating to any debt owed to Debtor by Hunter Mountain Trust, including without limitation all Documents or Communications relating to business purpose justifications, the Contribution Agreement referenced in the Hunter Mountain Secured Promissory Note, and any other evidence or valuation of collateral.

14. Any and all Documents or Communications relating to debt, including without limitation any unsecured claims, owed by the Debtor to any current or former executives, officers, or directors of the Debtor, Highland Entity, or Highland Entity affiliate, aside from salary and bonus compensation to be paid in the ordinary course, or to any Highland Entity, or Highland Entity affiliate, including without limitation any payment schedules, business purpose justifications, and related correspondence.

15. Any and all Documents or Communications relating to any redemption notices proposed and issued to the Debtor since the Chapter 11 Petition Date and not yet produced by the Debtor.

16. Any and all disbursements and transactions effectuated by the Debtor since the Chapter 11 Petition Date and not yet produced by the Debtor.

17. A current and updated Loans Receivable Chart.

18. A current and updated Due from Affiliates Chart.

19. Any and all documents, including but not limited to emails, containing the following search terms, as well as those terms to which the Committee and Debtor previously agreed (*see* Nov. 29, 2019 Email from P. Foley to J. Morris (addressing email search parameters)):

  "Atlas IDF"
  "Beacon Mountain"

"Crown Global"
Crown
Dolomiti
Dugaboy
"Highland Capital Management Fund Advisors"
"HCMFA"
"HCM Fund Advisors"
"HCRE"
"Highland Capital Management Korea"
"Highland Capital Management Services"
"HCM Services"
"Hunter Mountain"
"NexPoint"
Nex w/5 Point
"Okada Family Trust*"
Promissory w/5 note*
Rand
Honis
"SSP Holdings"
"Siepe"
"Trussway"

Dated: February 3, 2020

/s/ Penny P. Reid
Penny P. Reid
Sidley Austin LLP
2021 McKinney Ave., Suite 2000
Dallas TX, 75201
(214) 961-3300
pried@sidley.com