PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | | Case No. 19-34054-sgj11 |
| Debtor. | | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § § § § § § § § § § | |
| Plaintiff, | | Adversary Proceeding |
| vs. | | No. 20-3190-sgj11 |
| JAMES D. DONDERO, | | |
| Defendant. | | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

Dondero Ex. 3

**DEBTORS' RESPONSES AND OBJECTIONS TO DEFENDANT
JAMES DONDERO'S FIRST SET OF DISCOVERY REQUESTS
DIRECTED TO HIGHLAND CAPITAL MANAGEMENT L.P.**

Plaintiff, Highland Capital Management, L.P. ("HCMLP" or the "Debtor") hereby responds to *the First Set of Discovery Requests Directed to Highland Capital Management, L.P.* (the "Requests")[2] served by defendant James D. Dondero ("Dondero" or "Defendant").   The Debtor's responses and objections to the Requests (the "Responses") are made pursuant to Federal Rules of Civil Procedure ("FRCP") 26, 33, and 24 as made applicable in bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, and 7034.

## GENERAL OBJECTIONS

Unless otherwise specified, the following general objections and caveats are applicable to each and every Response and are incorporated into each Response as though set forth in full:

1.      The Responses contained herein are based upon information presently known and ascertained by the Debtor.

2.      The Debtor objects to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other privilege or immunity.  The inadvertent disclosure or production of any document that is protected from discovery by any privilege or immunity shall not constitute a waiver of any such privilege or immunity.  All references in these objections and responses to the Debtor's agreement to produce documents shall be construed to mean non-privileged documents.

3.      The Debtor objects to the Requests to the extent they request information that is not reasonably or readily available to it, in its possession, custody or control, or is more readily

---

[2]  Capitalized terms not defined herein shall have the meanings set forth in the Requests.

available to Dondero from another source or for which the burden of obtaining such information is not substantially greater for Dondero than it is for HCMLP.

4.     All specific responses to the Requests are provided without waiver of, and with express reservation of (a) all objections as to competency, relevancy, materiality, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceedings in this matter; (b) all privileges, including the attorney-client privilege and work product doctrine; (c) the right to object to the use of such responses, or the subject matter thereof, on any ground in any further proceeding in this action; and (d) the right to object on any ground at any time to a demand or request for further responses to these or any other discovery requests or other discovery proceedings.

5.     The Debtor objects to the Requests to the extent they seek to expand on or conflict with Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and/or the Local Rules of the Bankruptcy Court for the Northern District of Texas.

6.     The Debtor's agreement to produce documents with respect to a specific Request shall not be construed as a representation that such documents actually exist or are within Plaintiff's possession, custody or control.

7.     The Debtor objects to the Requests on the ground that they are voluminous and demand compliance in less than seven (7) calendar days even though the Contempt Motion was filed on January 7, 2021. The Debtor will use reasonable efforts under the circumstances to search for and produce responsive documents and information.

8.     These General Objections and Responses shall be deemed to be incorporated by reference into the Specific Responses and Objections set forth below.

**<u>DEFINITIONS</u>**

3

1. "<u>Adversary Proceeding</u>" means the adversary proceeding styled *Highland Capital Management, L.P. v. James Dondero*, 20-03190-sgj11.

2. "<u>Declaration</u>" means the *Declaration of John A. Morris in Support of the Debtor's Motion for an Order Requiring Mr. James Dondero to Show Cause Why he Should Not be Held in Civil Contempt for Violating the TRO*, filed at Docket No. 50 in the Adversary Proceeding.

3. "<u>Exhibit List</u>" means the *Debtor's Amended Witness and Exhibit List with Respect to the Evidentiary Hearing to be Held on January 8, 2021*, filed at Docket No. 46 in the Adversary Proceeding.

4. "<u>Filings</u>" means the Declaration, the Exhibit List, and the Transcripts.

5. "<u>Transcripts</u>" means the transcripts from the following hearings: (a) January 8, 2021 (*see* Docket No. 56 in the Adversary Proceeding), and (b) January 26, 2021 (see Docket No. 56 in Adversary Proceeding No. 21-03000-sgj).

4

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**Request for Production No. 1:**

Produce all documents and communications that support the Contempt Motion.

**Response to Request for Production No. 1**

Subject to the General Objections, the Debtor refers the Defendant to the Filings.  The Debtor's investigation of these matters is ongoing and the Debtor reserves the right to supplement this response, to produce additional responsive, non-privileged documents, and to offer into evidence documents not contained within the Filings.

**Request for Production No. 2:**

Produce all communications between Defendant and any other party that support the alleged violations of the TRO.

**Response to Request for Production No. 2**

Subject to the General Objections, the Debtor refers the Defendant to the Filings.  The Debtor's investigation of these matters is ongoing and the Debtor reserves the right to supplement this response, to produce additional responsive, non-privileged documents, and to offer into evidence documents not contained within the Filings.

**Request for Production No. 3:**

Produce all communications between the Defendant and any employee of the Debtor you assert violated the TRO.

**Response to Request for Production No. 3**

The Debtor objects to Request for Production No. 3 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.

**Request for Production No. 4:**

Produce all attorney's fee statements, invoices, bills, prebills, and any other document that evidences the attorney's fees and expenses incurred by the Debtor in the Bankruptcy Case from the date of December 10, 2020 to the present.

**Response to Request for Production No. 4**

The Debtor objects to Request for Production No. 4 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.

**Request for Production No. 5:**

Produce all attorney's fee statements, invoices, bills, prebills, and any other document that evidences the attorney's fees and expenses incurred by the Debtor in this Adversary Proceeding from the date of December 10, 2020 to the present.

**Response to Request for Production No. 5**

Subject to and without waiving the General Objections, including without limitation, the General Objections relating to the attorney client privilege and the work product doctrine, documents responsive to Request for Production No. 5 will be produced.

**Request for Production No. 6:**

Produce a copy of any and all expert witness statements, reports, damage models, and any other document prepared by an expert witness in connection with the Contempt Motion or this Adversary Proceeding.

**Response to Request for Production No. 6**

Subject to and without waiving the General Objections, the Debtor states that it does not intend to call any expert witness in connection with the Contempt Motion and otherwise reserves all rights with respect to the Adversary Proceeding.

**Request for Production No. 7:**

Produce all documents supporting the Debtor's claim for damages as asserted in the Contempt Motion.

**Response to Request for Production No. 7**

Subject to and without waiving the General Objections, including without limitation, the General Objections relating to the attorney client privilege and the work product doctrine, documents responsive to Request for Production No. 7 will be produced.

**Request for Production No. 8:**

Produce all documents and communications exchanged between the Debtor and any other party related to the transactions referenced in the following portion of the Contempt Motion: "[O]n December 22, 2020, Mr. Dondero personally intervened to prevent the Debtor from executing certain securities transactions authorized by Mr. Dondero."

**Response to Request for Production No. 8**

Subject to the General Objections, the Debtor refers the Defendant to the Filings. The Debtor's investigation of these matters is ongoing and the Debtor reserves the right to supplement this response, to produce additional responsive, non-privileged documents, and to offer into evidence documents not contained within the Filings.

**Request for Production No. 9:**

Produce all communications and documents exchanged between the Debtor and the Official Committee of Unsecured Creditors (the "UCC") regarding "the Debtor's obligation to produce certain documents requested by the UCC" related to The Dugaboy Investment Trust and/or The Get Good Trust for the period from August 13, 2020 to the present.

**Response to Request for Production No. 9**

Subject to and without waiving the General Objections, documents responsive to Request No. 9 will be produced.

**Request for Production No. 10:**

Produce all documents evidencing "the Debtor's actual expenses incurred in bringing [the Contempt Motion] and addressing Mr. Dondero's conduct that lead to the imposition of the TRO and [the Contempt Motion] (e.g., responding to the K&L Gates Clients' frivolous motion and related demands and threats and taking Mr. Dondero's deposition)" as alleged in the Contempt Motion.

**Response to Request for Production No. 10**

Subject to and without waiving the General Objections, including without limitation, the General Objections relating to the attorney client privilege and the work product doctrine, documents responsive to Request for Production No. 10 will be produced.

**Request for Production No. 11:**

7

Produce all documents and communications you intend to introduce into evidence, or refer to, at the hearing on the Contempt Motion.

**Response to Request for Production No. 11**

Subject to the General Objections, the Debtor refers the Defendant to the Filings and otherwise intends to timely file and serve its Witness and Exhibit list in this matter. The Debtor's investigation of these matters is ongoing and the Debtor reserves the right to supplement this response, to produce additional responsive, non-privileged documents, and to offer into evidence documents not contained within the Filings.

**Request for Production No. 12:**

Produce all documents and communications exchanged between the Debtor and the UCC regarding the Contempt Motion.

**Response to Request for Production No. 12**

Without waiving, and subject to the foregoing General Objections, the Debtor has not identified any non-privileged documents responsive to Request for Production No. 12.

**Request for Production No. 13:**

Produce all non-privileged documents and communications exchanged between the Debtor and any other party regarding the Contempt Motion.

**Response to Request for Production No. 13**

Without waiving, and subject to the foregoing General Objections, the Debtor has not identified any non-privileged documents responsive to Request for Production No. 13.

**Request for Production No. 14:**

Produce all internal policy documents, memorandums, communications, agreements, contracts, directives, and any other document related to the Debtor's policy in effect as of the Petition Date, if any, related to employee use of mobile phones allegedly supplied by the Debtor to its employees.

**Response to Request for Production No. 14**

Subject to and without waiving the General Objections, documents responsive to Request

No. 14 will be produced.  **[DSI to confirm whether responsive documents exist].**

**Request for Production No. 15:**

Produce all purchase agreements, purchase orders, agreements, invoices, contracts, statements, bills, and any other documents related to the Debtor's claim of ownership of the mobile phone it alleges Debtor disposed of for the period from the Petition Date to the present.

**Response to Request for Production No. 15**

Subject to and without waiving the General Objections, documents responsive to Request

No. 15 will be produced.  **[DSI to confirm whether responsive documents exist].**

**Request for Production No. 16:**

Produce all internal policy documents, memorandums, communications, contracts, directives, and any other document related to the Debtor's policy, if any, as referenced in the following sentence from the Contempt Motion: "In keeping with the Debtor's policies, those documents on the Debtor's system are the Debtor's property."

**Response to Request for Production No. 16**

Subject to and without waiving the General Objections, documents responsive to Request

No. 16 will be produced.  **[DSI to confirm whether responsive documents exist].**

**Request for Production No. 17:**

Produce a copy of any and all requests, formal or informal, that require the Debtor to produce documents of The Dugaboy Investment Trust and/or The Get Good Trust to the UCC or any other party for the period from the Petition Date to the present.

**Response to Request for Production No. 17**

Subject to and without waiving the General Objections, documents responsive to Request

No. 17 will be produced.

**Request for Production No. 18:**

As alleged in the Contempt Motion, produce an itemized list, separated by each category below, of attorney's fees and expenses the Debtor alleges it incurred in:

9

1. "bringing [the Contempt Motion]"
2. "addressing Mr. Dondero's conduct that lead to the imposition of the TRO and [the Contempt Motion]"
3. "responding to the K&L Gates Clients' frivolous motion and related demands and threats"
4. "taking Mr. Dondero's deposition" and
5. any other amounts the Debtor alleges it incurred as a result of alleged violations of the TRO.

**Response to Request for Production No. 18**

Subject to and without waiving the General Objections, including without limitation, the General Objections relating to the attorney client privilege and the work product doctrine, documents responsive to Request for Production No. 18 will be produced.

**Request for Production No. 19:**

Produce all communications from the Debtor to Defendant in which the Debtor requested that the Defendant retain his cell phone.

**Response to Request for Production No. 19**

Subject to and without waiving the General Objections, documents responsive to Request No. 19 will be produced.

**Request for Production No. 20:**

Produce all internal policy documents, memorandums, communications, contracts, directives, and any other document related to the Debtor's policy in effect as of December 10, 2020, if any, related to employee use of mobile phones allegedly supplied by the Debtor to its employees.

**Response to Request for Production No. 20**

.Subject to and without waiving the General Objections, documents responsive to Request No. 14 will be produced. **[DSI to confirm whether responsive documents exist].**

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**Interrogatory No. 1:**

Identify all actions of Defendant that you assert violated the TRO.

**Response to Interrogatory No. 1**:

Without waiving and subject to the General Responses and Objections, the Debtor exercises its rights pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, made applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure, and states that documents from which the information requested in Interrogatory No. 1 are contained in the Filings and other non-privileged documents that the Debtor will produce in response to the Requests. The Debtor also refers the Defendant to the Debtor's pleadings in the Adversary Proceeding.

**Interrogatory No. 2:**

Identify all transactions conducted by or on behalf of the Debtor, including the sale of securities, that the Defendant interfered with.

**Response to Interrogatory No. 2**:

Without waiving and subject to the General Responses and Objections, the Debtor exercises its rights pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, made applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure, and states that documents from which the information requested in Interrogatory No. 2 are contained in the Filings and other non-privileged documents that the Debtor will produce in response to the Requests. The Debtor also refers the Defendant to the Debtor's pleadings in the Adversary Proceeding.

**Interrogatory No. 3:**

Identify or describe in detail all actions of Defendant that violated 11 U.S.C. § 362(a).

**Response to Interrogatory No. 3**:

Without waiving and subject to the General Responses and Objections, the Debtor

exercises its rights pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, made

applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure, and states that

documents from which the information requested in Interrogatory No. 3 are contained in the

Filings and other non-privileged documents that the Debtor will produce in response to the

Requests. The Debtor also refers the Defendant to the Debtor's pleadings in the Adversary

Proceeding.

**Interrogatory No. 4:**

Identify all provisions of the TRO that Defendant violated.

**Response to Interrogatory No. 4:**

Without waiving and subject to the General Responses and Objections, the evidence will

establish that the Defendant violated sections 2(b), 2(c), 2(d), 2(e), 3(a), and 3(b) of the TRO..

**Interrogatory No. 5:**

Identify or describe in detail how "Mr. Dondero Violated the TRO by Trespassing on the
Debtor's Property" as alleged in the Contempt Motion.

**Response to Interrogatory No. 5:**

Without waiving and subject to the General Responses and Objections, the Debtor

exercises its rights pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, made

applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure, and states that

documents from which the information requested in Interrogatory No. 5 are contained in the

Filings and other non-privileged documents that the Debtor will produce in response to the

Requests. The Debtor also refers the Defendant to the Debtor's pleadings in the Adversary

Proceeding.

**Interrogatory No. 6:**

12

Identify or describe in detail all actions taken by Defendant that you contend caused the Debtor's business to suffer monetary losses, other than, to the extent applicable, attorney's fees and expenses incurred by the Debtor in connection with the Bankruptcy Case or this Adversary Proceeding.

**Response to Interrogatory No. 6**:

Without waiving and subject to the General Responses and Objections, the Debtor

exercises its rights pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, made

applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure, and states that

documents from which the information requested in Interrogatory No. 6 are contained in the

Filings and other non-privileged documents that the Debtor will produce in response to the

Requests. The Debtor also refers the Defendant to the Debtor's pleadings in the Adversary

Proceeding.

**Interrogatory No. 7:**

Identify any and all contracts or written agreements between the Debtor and any other party that were terminated after the TRO was entered.

**Response to Interrogatory No. 7:**

Without waiving and subject to the General Responses and Objections, the Debtor

objects to Interrogatory No. 7 on the grounds that it is overly broad, unduly burdensome, and not

proportional to the needs of the case.

**Interrogatory No. 8:**

Identify any and all contracts or written agreements between the Debtor and any other party that the Debtor breached after the TRO was entered.

**Response to Interrogatory No. 8**:

Without waiving and subject to the General Responses and Objections, the Debtor

objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome, and not

proportional to the needs of the case.

**Interrogatory No. 9:**

Identify any and all contracts or written agreements between the Debtor and any other party that Defendant interfered with after the TRO was entered.

**Response to Interrogatory No. 9**:

Without waiving and subject to the General Responses and Objections, the Debtor

exercises its rights pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, made

applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure, and states that

documents from which the information requested in Interrogatory No. 9 are contained in the

Filings and other non-privileged documents that the Debtor will produce in response to the

Requests. The Debtor also refers the Defendant to the Debtor's pleadings in the Adversary

Proceeding.

**Interrogatory No. 10**:

Identify all actions of Defendant that violated the following portion of the TRO: "(d) interfering with or otherwise impeding, directly or indirectly, the Debtor's business, including but not limited to the Debtor's decisions concerning its operations, management, treatment of claims, disposition of assets owned or controlled by the Debtor, and pursuit of the Plan or any alternative to the Plan."

**Response to Interrogatory No. 10**:

Without waiving and subject to the General Responses and Objections, the Debtor

exercises its rights pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, made

applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure, and states that

documents from which the information requested in Interrogatory No. 10 are contained in the

Filings and other non-privileged documents that the Debtor will produce in response to the

Requests. The Debtor also refers the Defendant to the Debtor's pleadings in the Adversary

Proceeding.

**Interrogatory No. 11**:

Identify all actions of Defendant that violated the following portion of the TRO: "(3) causing, encouraging, or conspiring with (a) any entity owned or controlled by him, and/or (b)

14

any person or entity acting on his behalf, from, directly or indirectly, engaging in any Prohibited Conduct."

**Response to Interrogatory No. 11**:

Without waiving and subject to the General Responses and Objections, the Debtor exercises its rights pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, made applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure, and states that documents from which the information requested in Interrogatory No. 11 are contained in the Filings and other non-privileged documents that the Debtor will produce in response to the Requests. The Debtor also refers the Defendant to the Debtor's pleadings in the Adversary Proceeding.

**Interrogatory No. 12:**

Identify all actions of Defendant that violated the TRO but are not identified, described, or listed in the Contempt Motion.

**Response to Interrogatory No. 12**:

Without waiving and subject to the General Responses and Objections, the Debtor exercises its rights pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, made applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure, and states that documents from which the information requested in Interrogatory No. 12 are contained in other non-privileged documents that the Debtor will produce in response to the Requests.

**Interrogatory No. 13:**

Describe in detail the relief being sought by the Debtor concerning the following statement from the Contempt Motion: "Based on his conduct, the Court should find that Mr. Dondero has attempted to spoil evidence and draw a negative inference."

**Response to Interrogatory No. 13**:

The Debtor seeks to have the Court draw a negative inference every time the Debtor (and any successor including, but not limited to the Liquidating Trust) is unable to determine whether

relevant text messages were sent to or from Mr. Dondero on or before December 10, 2020, and is

otherwise unable to obtain such text messages.

**Interrogatory No. 14:**

Describe the legal basis for the following request for relief from the Contempt Motion: "[T]he Debtor requests that the Court . . . impose a penalty of three times the Debtor's actual expenses incurred in connection with any future violation of any order of this Court."

**Response to Interrogatory No. 14**:

The Debtor objects to Interrogatory No. 14 on the grounds that it seeks a legal

conclusion.

**Interrogatory No. 15:**

Identify or describe in detail the harm (monetary, financial or otherwise) that the Debtor's business, operations, or its assets suffered as a result of any communications allegedly made between Defendant and any employee of the Debtor.

**Response to Interrogatory No. 15**:

Without waiving and subject to the General Responses and Objections, the Debtor

exercises its rights pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, made

applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure, and states that

documents from which the information requested in Interrogatory No. 15 are contained in the

Filings and other non-privileged documents that the Debtor will produce in response to the

Requests. The Debtor also refers the Defendant to the Debtor's pleadings in the Adversary

Proceeding.

**Interrogatory No. 16:**

Identify or describe in detail the harm (monetary, financial or otherwise) that the Debtor's business, operations, or its assets suffered as a result of the December 22, 23, and 30, 2020 letters sent by the K&L Gates Clients (as defined in the Contempt Motion).

**Response to Interrogatory No. 16**:

Without waiving and subject to the General Responses and Objections, the Debtors

exercises its rights pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, made

applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure, and states that

documents from which the information requested in Interrogatory No. 16 are contained in the

Filings and other non-privileged documents that the Debtor will produce in response to the

Requests. The Debtor also refers the Defendant to the Debtor's pleadings in the Adversary

Proceeding.

**Interrogatory No. 17:**

Identify or describe in detail the harm (monetary, financial or otherwise) that the Debtor's business, operations, or its assets suffered as a result of the Defendant's alleged interference with the Debtor's business or operations.

**Response to Interrogatory No. 17**:

Without waiving and subject to the General Responses and Objections, the

Debtorsexercises its rights pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, made

applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure, and states that

documents from which the information requested in Interrogatory No. 17 are contained in the

Filings and other non-privileged documents that the Debtor will produce in response to the

Requests. The Debtor also refers the Defendant to the Debtor's pleadings in the Adversary

Proceeding.

Dated:  February __, 2020.    PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717)
(*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084)
(*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326)
(*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992)
(*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:      jpomerantz@pszjlaw.com
                  ikharasch@pcszjlaw.com
                  jmorris@pszjlaw.com
                  gdemo@pszjlaw.com

-and-

*/s/ Zachery Z. Annable*

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## <u>VERIFICATION</u>

I hereby certify that I have read the foregoing *Responses to Defendant James Dondero's First Set of Interrogatories* and that the facts stated in it are true and correct to the best of my knowledge, information and belief.

_____