D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | Case No. 19-34054 |
| §  | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | | Chapter 11 |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| § | | |
| Plaintiff. § | | |
| § | | |
| v. § | | Adversary No. 20-03190 |
| § | | |
| **JAMES D. DONDERO,** § | | |
| § | | |
| Defendant. § | | |

## DEFENDANT JAMES DONDERO'S OBJECTIONS AND RESPONSES
## TO DEBTOR'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   Plaintiff, by and through its attorneys of record, John A. Morris, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding through Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure,

Dondero Ex. 10

Defendant James Dondero ("Defendant") hereby serves the following objections and responses to Debtor's First Request for Production of Documents Directed to James Dondero (the "Request").

Dated: December 31, 2020

Respectfully submitted,

/s/ Bryan C. Assink
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on December 31, 2020, a true and correct copy of the foregoing document was served via email on counsel for the Plaintiff as listed below.

Jeffrey Pomerantz
John Morris
Ira Kharasch
Greg Demo
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Email: jpomerantz@pszjlaw.com
Email: jmorris@pszjlaw.com
Email: ikharasch@pszjlaw.com
Email: gdemo@pszjlaw.com

/s/ Bryan C. Assink
Bryan C. Assink

## REQUEST FOR PRODUCTION

**Request No. 1:** For the period November 1, 2020, to the present, all Communications between You and Andrew Clubok.

**Response**: Defendant objects to this request as being overbroad and irrelevant to the relief requested in Plaintiff's Complaint. Defendant further objects to this request to the extent it seeks to discover communications and documents that are confidential and/or privileged under the attorney-client privilege, this Court's mediation order, and/or Rule 408 of the Federal Rules of Evidence. Defendant further objects to this request to the extent it calls for the production of documents or communications no longer in Defendant's possession, custody, or control. Specifically, Defendant no longer has access to all communications and documents that may have been exchanged during the period from November 1, 2020 through December 10, 2020.

Subject to the foregoing objections and without waiver of same, and in accordance with the Court's email ruling of December 28, 2020, Defendant is producing all responsive documents in his possession, custody, or control.

**Request No. 2:** For the period November 1, 2020, to the present, all Documents provided to or received from Andrew Clubok.

**Response**: Defendant objects to this request as being overbroad and irrelevant to the relief requested in Plaintiff's Complaint. Defendant further objects to this request to the extent it seeks to discover communications and documents that are confidential and/or privileged under the attorney-client privilege, this Court's mediation order, and/or Rule 408 of the Federal Rules of Evidence. Defendant further objects to this request to the extent it calls for the production of documents or communications no longer in Defendant's possession, custody, or control. Specifically, Defendant no longer has access to all communications and documents that may have been exchanged during the period from November 1, 2020 through December 10, 2020.

Subject to the foregoing objections and without waiver of same, and in accordance with the Court's email ruling of December 28, 2020, Defendant is producing all responsive documents in his possession, custody, or control.

**Request No. 3:** All Communications between You and any person employed by the Debtor.

**Response:** In accordance with the Court's email ruling of December 28, 2020, Defendant is producing all responsive documents in his possession, custody, or control.

**Request No. 4:** All Documents provided to or received from any person employed by the Debtor.

**Response:** In accordance with the Court's email ruling of December 28, 2020, Defendant is producing all responsive documents in his possession, custody, or control.

**Request No. 5:** All Documents and Communications concerning MultiStrat.

**Response**: Defendant objects to this request as being overbroad and irrelevant to the relief requested in Plaintiff's Complaint. Defendant further objects to this request to the extent it seeks to discover communications and documents that are confidential and/or privileged under the attorney-client privilege, this Court's mediation order, and/or Rule 408 of the Federal Rules of Evidence. Defendant further objects to this request to the extent it seeks or calls for documents or communications concerning the allegations underlying the proof of claim filed by The Dugaboy Investment Trust, as there is a pending proceeding through which discovery concerning those allegations should be conducted.

Subject to the foregoing objections and without waiver of same, and in accordance with the Court's email ruling of December 28, 2020, Defendant is producing all responsive documents in his possession, custody, or control.

**Request No. 6:** All Documents and Communications that You intended to introduce into evidence at the Hearing.

**Response:** While Defendant has not at this time determined which documents and communications, if any, he intends to introduce into evidence at the Hearing, all such responsive documents are being produced or will be timely produced before the Hearing in accordance with the Local Bankruptcy Rules.