D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Case No. 19-34054** |
| §  | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | | **Chapter 11** |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| § | | |
| Plaintiff. § | | |
| § | | |
| v. § | | **Adversary No. 20-03190** |
| § | | |
| **JAMES D. DONDERO,** § | | |
| § | | |
| Defendant. § | | |

### JAMES DONDERO'S EMERGENCY MOTION IN LIMINE
### AND TO EXCLUDE EVIDENCE AND ARGUMENT

James D. Dondero ("Defendant" or "Dondero"), the defendant in the above-captioned adversary proceeding, pursuant to Rules 103(a),(c), 402, and 403 of the Federal Rules of Evidence, made applicable to this proceeding through Rule 9017 of the Federal Rules of Bankruptcy Procedure, and 11 U.S.C. § 105(a), hereby files this *Emergency Motion in Limine and to Exclude Evidence and Argument* (the "Motion") in connection with the hearing on *Plaintiff's Motion for*

*an Order Requiring Mr. James Dondero to Show Cause Why He Should not be Held in Civil Contempt for Violating the TRO* [Adv. Dkt. 48] and *Debtor's Memorandum of Law in Support of Motion for an Order Requiring Mr. James Dondero to Show Cause Why He Should Not Be Held in Civil Contempt for Violating the TRO* [Adv. Dkt. 49] (collectively, the "Contempt Motion") scheduled for February 23, 2021 at 9:30 a.m. In support thereof, Defendant respectfully represents as follows:

## I. SUMMARY OF ARGUMENT

1. Through the Contempt Motion, the Debtor seeks to impugn and prejudice Dondero and color the Court's view of the Contempt Motion by introducing all sorts of irrelevant and prejudicial evidence completely unrelated to Dondero's compliance with the terms of the TRO. Among these are Dondero's alleged trespass of the Debtor's shared office space, the request for documents of The Dugaboy Investment Trust ("Dugaboy") and The Get Good Trust ("Get Good"), and matters related to Dondero's cell phone.[1] While the Debtor's true motive in pursuing these irrelevant allegations in the context of a contempt proceeding is unclear, what is unmistakable is that these allegations are unrelated to any provision of the TRO and the Court's consideration of this evidence and related argument will unduly prejudice Dondero. Moreover, allowing for a lengthy and convoluted evidentiary hearing on these irrelevant matters will significantly distort the record and distract the Court from focusing on the key issue in the context of the Contempt Motion: namely, whether the Debtor can show by clear and convincing evidence that Dondero violated a ***clear and specific*** provision of the TRO. Several actions complained of by the Debtor in the Contempt Motion do not support this claim for relief and the Contempt Motion does not

---

[1] While Dondero also believes that evidence related to the CLO Motion and the "K&L Gates" letters is also generally irrelevant to the Contempt Motion because these actions did not violate a clear and specific provision of the TRO, Dondero is not seeking to exclude such evidence through this motion and the admissibility and merits of such evidence can be addressed at the hearing.

plead a plausible claim for relief that these actions violated the TRO. The Court should therefore exclude and/or strike any evidence and argument related to these irrelevant and prejudicial matters, including (i) Dondero's alleged "trespass" of the Debtor's shared office space; (ii) the Debtor's attempt to have Dondero produce Dugaboy and Get Good documents through the Contempt Motion; and (iii) matters related to Dondero's cell phone. Dondero further respectfully requests that the Court prevent the Debtor from asking for substantive remedies related to this evidence and argument, including any finding of trespass, any finding of spoliation or destruction of evidence, and any request for production of documents, as these matters are improper in the context of a contempt proceeding and, in any event, haven't been properly pleaded as to satisfy applicable law and notice standards.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicates of the relief requested in the Motion are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 103(a), (c), 402, and 403 of the Federal Rules of Evidence, and Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## III. ARGUMENT AND AUTHORITIES

5. Motions in limine allow a trial court to make a pretrial ruling on the admissibility and relevance of evidence. *Wechsler v. Hunt Health Sys., Ltd.,* 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (citing *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the

district court's inherent authority to manage the course of trials.) (citing Fed. R. Evid. 103(c)). In the Fifth Circuit, motions in limine are not improper or moot merely because the matter will be tried to a judge rather than a jury. *See, e.g.*, *Atl. Specialty Ins. Co. v. Porter, Inc.*, 742 F. App'x 850 (5th Cir. 2018); *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 642 (5th Cir. 2001); *Kinnerson v. Arena Offshore, LP*, 2019 U.S. Dist. LEXIS 104519 (W.D. La. June 21, 2019) ("the mere fact that a case is being tried as a bench trial does not completely remove the Court's gate-keeping role.")

      6.      Rule 103(c) of the Federal Rules of Evidence states as follows:

> (c) Court's Statement About the Ruling; Directing an Offer of Proof. The court may make any statement about the character or form of the evidence, the objection made, and the ruling. The court may direct that an offer of proof be made in question-and-answer form.

Fed. R. Evid. 103(c).

      7.      Rule 402 of the Federal Rules of Evidence provides that irrelevant evidence is not admissible. Fed. R. Evid. 402.

      8.      Rule 403 further provides that, even if evidence is relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

      9.      The Court should exclude evidence, argument, and any request for a substantive remedy or form of relief as to (i) Dondero's alleged "trespass" of the Debtor's shared office space; (ii) the Debtor's attempt to have Dondero produce Dugaboy and Get Good documents through the Contempt Motion; and (iii) Dondero's cell phone. None of these alleged actions are clearly restricted by a clear and definite term of the TRO, nor are they even relevant to the determination as to whether Dondero violated the TRO. Instead, the Debtor has made these allegations to confuse the issues, improperly influence the Court's opinion, and to unduly prejudice Dondero.

10. While Dondero understands that the Court has expressed certain concerns over some of the above allegations made in the Contempt Motion, the contempt proceeding is not the proper context to address these matters since they do not relate to the TRO. Even if a contempt proceeding otherwise could be, the Debtor's Contempt Motion does not properly plead any legitimate claim or request for relief with respect to these matters. If the Court would like to address these matters, it should be done in the context of a clear, discrete request for relief, properly pleaded, so that the Court and all parties can narrowly focus only on plainly relevant issues, which, in this instance, could each be extremely complex and fact-intensive in their own right.

11. To illustrate Dondero's argument further, the Court need do nothing more than read the Debtor's Contempt Motion (including the brief). Section B of the brief contains argument regarding Dondero's cell phone. But it does not state anywhere how the replacement (and alleged disposal) of the phone violated the TRO. Instead, despite not being related to a violation of the TRO, the Contempt Motion simply states that "the Court should find that Mr. Dondero has attempted to spoil evidence and draw a negative inference." But, as the Debtor fails to mention, the majority of events surrounding the phone happened before the TRO was even entered. Dondero has testified that he bought his replacement phone before the TRO was entered. His new phone was activated either before or around the time the TRO was entered on December 10, 2020, and Dondero has produced text messages from his new phone from December 10, 2020 onward. The Debtor's motion for entry of the TRO never mentioned Dondero's phone and the phone was never contemplated under any clear and specific term of the TRO or even mentioned at the hearing on the TRO that occurred on December 10, 2020.[2] Accordingly, any evidence related to the phone is irrelevant to this proceeding and should be excluded. And even if it somehow could be relevant,

---

[2] *See* Transcript of Proceedings in Adversary Proceeding Number 20-03190, dated December 10, 2020.

without a clear and definite provision in the TRO restricting Dondero's use of his phone, Dondero cannot be held in contempt. *See Waste Management of Wash. v Kattler*, 776 F.3d 336, 343 (5th Cir. 2015) (reversing district court's contempt order for party's failure to turn over iPad where no "definite and specific" court order required the same).

12. Section G is similar. In this section, the Debtor asserts that Dondero violated the TRO by preventing the Debtor from completing its document production related to The Dugaboy Investment Trust and The Get Good Trust that the Debtor alleges, without support, are hidden on its system. But whether these allegations are true or not is irrelevant to this proceeding because the TRO contained no provision requiring these documents be produced or any provision in any way related to the discovery matters between the Debtor and the Committee. If the Debtor or the Committee believes they are entitled to discovery from Dugaboy or Get Good, they can seek to conduct that discovery. But considering this matter in the context of a contempt proceeding against Dondero individually confuses the issue, wastes the Court's time, and potentially draws the Court into the middle of a discovery dispute between those who aren't even a party to this proceeding. It is also unclear how the Debtor expected or expects Dondero to produce documents on the Debtor's system when he has been prevented from accessing the Debtor's system for quite some time and has not had access to it for months. Further, given that the Committee filed suit against Dugaboy and Get Good in December 2020 and there is now a pending adversary proceeding[3], it seems that trying to require Dondero (who is not the Trustee of the trusts) to produce these documents may deprive Dugaboy and Get Good of their rights and discovery protections under the Federal and Bankruptcy Rules. The TRO did not contemplate this issue and the Court should not consider it in the context of this contempt proceeding.

---

[3] *See Official Committee of Unsecured Creditors v. CLO Holdco, Ltd., et al.*, Adv. Proc. No. 20-03195, Amended Complaint at Adv. Dkt. 6.

13. Section C of the Contempt Motion contains another baseless and unsupported allegation that Mr. Dondero violated the TRO by "trespassing on the Debtor's property." But as the Court can easily see from the face of the TRO, the TRO contained no provision clearly restricting Mr. Dondero's ability to enter the Debtor's shared office space on or after December 10, 2020. Nor could it because, as stated in the Debtor's own pleading, the Debtor did not even allegedly "evict" Mr. Dondero until nearly three weeks after the TRO was entered, on December 30, 2020. The Debtor has failed to state a plausible claim for relief on this allegation. Accordingly, the facts and circumstances of this alleged "trespass" are irrelevant to this proceeding and should be excluded from evidence and consideration by the Court.

14. Even if evidence related to the allegations made in sections B, C, and G meets the relevance standard, the Court should exclude such evidence under FRE 403 because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the Court, and wasting time. As stated above, the allegations in these sections do not satisfy the relevance standard. Even if they can somehow satisfy the standard, the probative value in relation to the TRO and the contempt proceeding is extremely tenuous at best and whether the allegations are true or not has no bearing on whether Dondero violated the TRO. Instead, these allegations were made in the context of this contempt proceeding in an effort to tarnish the Court's opinion of Dondero, to unfairly prejudice Dondero in responding to these allegations in the context of an unclear motion and ill-defined hearing, and to corrupt this proceeding with evidence spanning a wide variety of factual and legal issues not implicated by the TRO or Contempt Motion. The potential probative value of this evidence is substantially dwarfed by the danger and prejudice that will result to Dondero if the Court allows the consideration of all this evidence in the context of this proceeding. Among other things, there is an imminent danger that the Court will spend a

considerable amount of time hearing evidence that does not relate to whether Dondero violated the TRO. If the Debtor is allowed to present all of this evidence, the Court will hear hours of irrelevant testimony as to matters that have no bearing on whether Dondero complied with the TRO. This not only wastes the Court's time but confuses the issue and distracts the Court from whether Dondero violated a clear and specific provision of the TRO. Moreover, given the complete lack of adequate pleading in the Contempt Motion, considering this evidence and argument in the context of any tangential request for relief purportedly made in the motion (for example, regarding Dondero's cell phone) deprives Dondero (and potentially others) of due process and fair notice and opportunity to respond.

15. Finally, even if there is somehow a possibility that any of the foregoing actions could potentially violate a term of the TRO, the Contempt Motion fails to state a plausible claim for relief that these actions violated the TRO because the motion contains absolutely no explanation or analysis as to what definite and specific provisions of the TRO were supposedly violated by these actions. Instead, the analysis contained in the Contempt Motion is limited to the following conclusory phrase that fails to satisfy even the most minimal pleading and notice standards: "The Debtor easily meets the foregoing standards. Based on the evidence, there can be no dispute that Mr. Dondero has wantonly and intentionally violated the TRO on many occasions, in many ways. Mr. Dondero's conduct cannot be justified or explained away and there is no basis to oppose this relief requested herein."[4] For this independent reason, the Court should exclude evidence, argument, and any substantive request for relief related to the allegations contained in sections B, C, and G of the Contempt Motion.

16. Because the allegations contained in sections B, C, and G of the Contempt Motion

---

[4] Contempt Motion, para. 22.

are irrelevant to whether Dondero violated the TRO, the Court should exclude any of the Debtor's evidence allegedly in support of these allegations, including, without limitation, Debtor's Exhibits 28-36, 40-47, and 54-55[5], and any testimony of any witnesses regarding the allegations made in sections B, C, and G of the Contempt Motion. Dondero objects to the admissibility and consideration of such evidence, including under Rules 402 and 403 of the Federal Rules of Evidence. Dondero reserves the right to object to any and all other exhibits or other evidence identified or proffered by the Debtor for any reason.

17. For the foregoing reasons, Dondero respectfully requests that the Court exclude evidence, argument, and any request for a substantive remedy or form of relief as to (i) Dondero's alleged "trespass" of the Debtor's shared office space; (ii) the Debtor's attempt to have Dondero produce Dugaboy and Get Good documents through the Contempt Motion; and (iii) Dondero's cell phone. This request is justified under the Federal Rules of Evidence and will alleviate the Court from having to consider a wide variety of unrelated matters and complex legal issues in the context of a matter that would otherwise be relatively straightforward. The Court should grant this Motion and exclude the irrelevant and prejudicial evidence as requested herein.

18. Because the hearing on the Contempt Motion is set for February 23, 2021 at 9:30 a.m., Dondero respectfully requests that the Court set this Motion for hearing contemporaneously with the Contempt Motion so the Court can hear argument regarding these evidentiary issues before proceeding on the merits of the Contempt Motion. If the Court finds that sufficient cause exists to consider this matter on Monday, prior to the hearing, Dondero is agreeable to such a setting. A request for emergency hearing is being filed contemporaneously with this motion.

---

[5] See Debtor's Supplemental Witness and Exhibit List filed on February 17, 2021 [Adv. Dkt. 101].

## **CONCLUSION**

For the foregoing reasons, Dondero respectfully requests that the Court enter an order (i) setting this matter for hearing contemporaneously with the Contempt Motion or sooner if the Court believes it justified; (ii) granting the relief requested in this Motion; (iii) excluding and/or striking evidence related to the allegations made in Sections B, C, and G of the Contempt Motion; (iv) excluding and/or striking the Debtor's evidence allegedly in support of these allegations, including, without limitation, Debtor's Exhibits 28-36, 40-47, and 54-55[6], and any testimony of any witnesses regarding the allegations made in sections B, C, and G of the Contempt Motion; and (v) providing Dondero such other and further relief to which he may be justly entitled.

Dated: February 20, 2021

Respectfully submitted,

*/s/ Bryan C. Assink*
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

---

[6] See Debtor's Supplemental Witness and Exhibit List filed on February 17, 2021 [Adv. Dkt. 101].

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that, on February 19, 2021, I conferred with counsel for the Debtor in an attempt to resolve the relief requested by the Motion and the request for emergency hearing. The Debtor has indicated it is opposed to the relief sought in the underlying Motion, but is unopposed to the Motion being heard at the beginning of the hearing on Tuesday, February 23, 2021 at 9:30 a.m.

                                              */s/ Bryan C. Assink*
                                              Bryan C. Assink

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on February 20, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for the Plaintiff and on all other parties requesting or consenting to such service in this case.

                                              */s/ Bryan C. Assink*
                                              Bryan C. Assink