PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX  75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES D. DONDERO,<br><br>Defendant. | Adversary Proceeding No.<br><br>No. 20-3190-sgj11<br><br>Related to Dkt. No. 107 |

## DEBTOR'S OBJECTION TO JAMES DONDERO'S EMERGENCY MOTION IN LIMINE AND TO EXCLUDE EVIDENCE AND ARGUMENT

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

DOCS_NY:42427.1 36027/002

Debtor and debtor-in-possession Highland Capital Management, L.P. (the "Debtor") hereby objects (the "Objection") to *James Dondero's Emergency Motion in Limine and to Exclude Evidence and Argument* (the "Motion") [Docket No. 107] filed by Mr. James Dondero ("Mr. Dondero") and submitted in connection with the hearing to be held (the "Contempt Hearing") on *Plaintiff's Motion for an Order Requiring Mr. James Dondero to Show Cause Why He Should Not Be Held in Civil Contempt for Violating the TRO* [Docket No. 48]. In support of the Objection, the Debtor respectfully represents as follows:

## PRELIMINARY STATEMENT

1. By his Motion, James Dondero seeks to prevent the Debtor from offering into evidence during the Contempt Hearing information relating to three topics on the grounds that it is purportedly "prejudicial" and "irrelevant" because it is not tied to any particular provision of the temporary restraining order (the "TRO") entered against Mr. Dondero. The topics are the (i) cell phone, (ii) trespass, and (iii) the Dugaboy and Get Good documents (together, the "Topics"). The Motion is disingenuous, at best, and can be denied for three independent reasons.

2. *First*, Mr. Dondero should be estopped from making the Motion on the ground that he specifically sought and obtained from the Debtor in discovery evidence he now seeks to exclude. Indeed, as discussed below, Mr. Dondero included on his *Second Amended Witness and Exhibit List* [Docket No. 106]—filed just hours before the Motion—evidence pertaining to two of the three allegedly "irrelevant" Topics.

3. *Second*, Mr. Dondero has waived any right to object on relevance grounds to anything related to the Topics because he failed to object before it was admitted into evidence during the January 8, 2021 hearing on the Debtor's motion for a preliminary injunction. Mr. Dondero offers no reason or explanation as to how the same evidence could be (a) relied upon by the Court to enter the preliminary injunction (the "Preliminary Injunction"), but (b) be irrelevant

2

for the Contempt Hearing when the applicable provisions of the TRO and the Preliminary Injunction are the exact same.

4. **_Third_**, all three categories of evidence relate to a violation of section 3(e) of the TRO, which enjoined Mr. Dondero from "otherwise violating section 362(a) of the Bankruptcy Code." Section 362(a) of the Bankruptcy Code provides that the filing of a petition acts as a stay of any act to "exercise control over property of the estate." As discussed below, the evidence Mr. Dondero seeks to exclude proves that he violated section 362(a) by exercising control over the Debtor's cell phone, text messages, offices, and documents.

5. For the reasons set forth above and below, the Motion should be denied.

**A.    Mr. Dondero Seeks to Exclude as "Prejudicial" and "Irrelevant" Evidence He Sought and Obtained in Discovery and Included on His Exhibit List in Connection with the Contempt Hearing**

6. Mr. Dondero seeks to exclude as "prejudicial" and "irrelevant" evidence that he sought and obtained in discovery and included on his own witness and exhibit List filed in connection with the Contempt Hearing.

7. Mr. Dondero served document requests on the Debtor seeking information relating to the cell phone and the Dugaboy and Get Good issues (*see* Exhibit 3 (*Debtor's Responses and Objections to Defendant James Dondero's First Set of Discovery Requests Directed to Highland Capital Management, L.P.*) on *James Dondero's Second Amended Witness and Exhibit List* [Docket No. 106] (the "Exhibit List")):

> **Request for Production No. 14:**
>
> Produce all internal policy documents, memorandums, communications, agreements, contracts, directives, and any other document related to the Debtor's policy in effect as of the Petition Date, if any, related to employee use of mobile phones allegedly supplied by the Debtor to its employees.

**Request for Production No. 15:**

Produce all purchase agreements, purchase orders, agreements, invoices, contracts, statements, bills, and any other documents related to the Debtor's claim of ownership of the mobile phone it alleges Debtor disposed of for the period from the Petition Date to the present.

**Request for Production No. 17:**

Produce a copy of any and all requests, formal or informal, that require the Debtor to produce documents of The Dugaboy Investment Trust and/or The Get Good Trust to the UCC or any other party for the period from the Petition Date to the present.

**Request for Production No. 19:**

Produce all communications from the Debtor to Defendant in which the Debtor requested that the Defendant retain his cell phone.

**Request for Production No. 20:**

Produce all internal policy documents, memorandums, communications, contracts, directives, and any other document related to the Debtor's policy in effect as of December 10, 2020, if any, related to employee use of mobile phones allegedly supplied by the Debtor to its employees.

8. After Mr. Dondero served the above-quoted discovery requests and the Debtor took the time and effort to search for and produce responsive documents, Mr. Dondero included certain of the documents on his Exhibit List. *See* Exhibit List, Exhibit 6 (Employee Handbook, including provisions concerning cell phones) and Exhibits 16, 17, 18, 19, and 20 (respectively, e-mail communications "regarding Dugaboy documents").

9. Mr. Dondero should be estopped from seeking to exclude as "prejudicial" or "irrelevant" information that (a) he specifically sought in discovery, (b) caused the Debtor to produce in discovery, and (c) he included on his own Exhibit List.

**B.    Mr. Dondero Seeks to Exclude as "Prejudicial" and "Irrelevant" Evidence that Was Already Admitted without Objection in the <u>Preliminary Injunction Hearing</u>**

10.    Mr. Dondero seeks to exclude as "prejudicial" and "irrelevant" evidence that was admitted into the record—without objection—during the hearing on the Debtor's motion for a preliminary injunction in this adversary proceeding.  During that hearing, the Court admitted into evidence various documents that relate to all three issues Mr. Dondero now contends are "irrelevant," including: Exhibit G (text message from Jason Rothstein dated December 10 stating "I left your old phone in the top draw of Tara's desk"); Exhibit K (letter from Pachulski Stang Ziehl & Jones dated December 23, 2020 that demanded the return on the Debtor's cell phone, gave notice of eviction, and informed Mr. Dondero's counsel that "[a]ny attempt by Mr. Dondero to enter the Office, regardless of whether he is entering on his own or as a guest, will be viewed as an act of trespass"); Exhibit R (text message from Mr. Dondero to an employee of the Debtor, Melissa Schroth, stating "[n]o dugaboy details without subpoena").  *See Debtor's Amended Witness and Exhibit List with Respect to Evidentiary Hearing to be Held on January 8, 2021* [Docket No. 46] and *Court Admitted Exhibits* (including Debtor's Exhibits A through Y) [Docket No. 54].  Furthermore, the witnesses at the hearing on the Debtor's motion for a preliminary injunction testified at length concerning all three Topics.

11.    Having failed to object on relevance grounds to the introduction of evidence relating to the Topics at the hearing on the Debtor's motion for a preliminary injunction, Mr. Dondero has waived his right to do so now in connection with the Contempt Hearing.

**C.    <u>The Topics All Relate to Violations of the TRO</u>**

12.    The TRO enjoined Mr. Dondero from violating section 362(a) of the Bankruptcy Code.

DOCS_NY:42427.1 36027/002

13. Section 362(a)(3) states that the filing of a petition for relief under the Bankruptcy Code operates as a stay to prevent any act to "exercise control over property of the estate."

14. The evidence will show that the cell phone, the text messages concerning the Debtor, the offices leased by the Debtor, and the Dugaboy and Get Good records that were in the Debtor's possession, custody, and control, were property of the Debtor's estate that Mr. Dondero exercised control over without the Debtor's knowledge or consent.

15. On this basis, the evidence concerning the Topics is plainly relevant to the matters to be considered at the Contempt Hearing.

## **CONCLUSION**

For the foregoing reasons, the Motion should be denied with prejudice.

| | |
|---|---|
| Dated: February 24, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>        ikharasch@pszjlaw.com<br>        jmorris@pszjlaw.com<br>        gdemo@pszjlaw.com<br>        hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |