D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Case No. 19-34054** |
| §| | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | | **Chapter 11** |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| § | | |
| Plaintiff. § | | |
| § | | |
| v. § | | **Adversary No. 20-03190** |
| § | | |
| **JAMES D. DONDERO,** § | | |
| § | | |
| Defendant. § | | |

### JAMES DONDERO'S MOTION TO REOPEN EVIDENCE TO
### ALLOW FOR ADDITIONAL REBUTTAL WITNESS TESTIMONY

James D. Dondero ("Defendant"), the defendant in the above-captioned adversary proceeding, hereby files this *Motion to Reopen Evidence to Allow for Additional Rebuttal Witness Testimony* (the "Motion"). In support thereof, Defendant respectfully represents as follows:

1. On March 22, 2021, the Court conducted a hearing on *Plaintiff's Motion for an Order Requiring Mr. James Dondero to Show Cause Why He Should not be Held in Civil Contempt for Violating the TRO* [Adv. Dkt. 48] and *Debtor's Memorandum of Law in Support of Motion for an Order Requiring Mr. James Dondero to Show Cause Why He Should Not Be Held in Civil Contempt for Violating the TRO* [Adv. Dkt. 49] (collectively, the "Contempt Motion").

2. Mr. James P. Seery, Jr., the Debtor's CEO, was the last witness to testify during the hearing. At about 5:30 p.m., after Mr. Seery's testimony concluded, the Court stated that closing arguments would occur on Wednesday, March 24, 2021 starting at 9:30 a.m. since there was already a related setting scheduled for the same time.

3. As the Court is aware, at the outset of the hearing on the Contempt Motion, each side had agreed to limit their presentation to a total of three and a half hours. At the time that Seery's testimony concluded, counsel for Defendant had utilized approximately 2 hours, 45 minutes of his allotted time.

4. Based on a review of Mr. Seery's testimony, it appears that Mr. Seery may have made some inaccurate or incomplete statements regarding Defendant's cell phone, the Debtor's cell phone replacement policy, and certain other matters.

5. During the hearing, Defendant testified as to the cell phone replacement policy that had existed at the Debtor during his approximate twenty-five-year tenure as the Debtor's CEO and that he complied with that policy when he replaced his cell phone on or around December 10, 2020. Defendant also testified to certain other matters that conflicted with the testimony Mr. Seery gave during the hearing.

6. Accordingly, Defendant believes that additional witness testimony should be presented to the Court to briefly rebut the testimony of Mr. Seery regarding the Debtor's cell phone

policy, Defendant's replacement of his phone, and certain limited other matters.

7. To that end, Defendant respectfully requests that the Court allow Defendant to call additional witnesses, Jason Rothstein, Thomas Surgent, and/or Scott Ellington, to provide brief additional testimony regarding these matters and to rebut certain testimony that Mr. Seery provided. For example, Mr. Jason Rothstein would testify that he transitioned Defendant's cell phone in the same way that he had for other senior employees over the last 13 years. *See* Declaration of Jason Rothstein, attached hereto as "**Exhibit A**."

8. Moreover, Mr. Ellington testified in his deposition to several matters addressed by Mr. Seery and Mr. Ellington's testimony directly contradicts that of Mr. Seery. *See* Excerpts of Ellington Deposition, attached hereto as "**Exhibit B**."

9. While Defendant understands that the Court believed testimony was concluded at the end of March 22nd, Defendant's counsel has not utilized all his allotted time and briefly calling one or more additional witnesses to testify as to certain limited topics will not take much additional time or prejudice the Court or the parties. If allowed by the Court, Defendant would agree that direct examination and cross examination of such witness would be limited and that Defendant would not exceed his previously-agreed to 3.5 hours of total time. Defendant believes that justice will be served by allowing for this additional witness testimony so the Court has a complete picture as to the Debtor's cell phone policy and certain other matters.

10. Defendant therefore respectfully requests that the Court allow for the presentation of this additional witness testimony and, to the extent necessary to allow for witness availability, briefly reschedule or continue the hearing on the Contempt Motion to allow for this additional witness testimony, with closing arguments occurring thereafter.

11. At a minimum, Defendant seeks to proffer the deposition testimony of Mr.

Ellington as rebuttal evidence to Mr. Seery's testimony.

12. Alternatively, Defendant submits the Rothstein Declaration and Ellington Deposition Excerpts as an offer of proof.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order (i) granting this Motion, (ii) allowing for limited additional witness testimony as requested herein, and continuing or rescheduling the hearing on the Contempt Motion to the extent necessary to allow for such testimony, (iii) at a minimum, allowing Defendant to proffer the Ellington deposition testimony as rebuttal evidence and allowing Defendant to submit the attached exhibits as an offer of proof, and (iv) granting Defendant such other and further relief to which he may be justly entitled.

Dated: March 24, 2021

Respectfully submitted,

*/s/ D. Michael Lynn*
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that, on March 24, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for the Plaintiff and on all other parties requesting or consenting to such service in this case.

                                            */s/ Bryan C. Assink*
                                            Bryan C. Assink