No. _____

---

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

# *In re James D. Dondero*,

## *Petitioner*.

---

On Petition for Writ of Mandamus to the
United States District Court for the Northern District of Texas
Civil Action No. 3:21-CV-00132-E
Hon. Ada Brown, Judge

---

PETITION FOR WRIT OF MANDAMUS

---

D. Michael Lynn
Matthew D. Stayton
John T. Wilson, IV
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

ATTORNEYS FOR PETITIONER

Dondero Ex. 17

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Highland Capital Management, L.P.

2. James D. Dondero

3. Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, counsel for Highland Capital Management, L.P.

4. Hayward PLLC, 10501 N. Central Expy, Ste. 106, Dallas, TX 75231, counsel for Highland Capital Management, L.P.

5. Bonds Ellis Eppich Schafer Jones LLP, 420 Throckmorton Street, Suite 1000, Fort Worth, TX 76102, counsel for James D. Dondero

*/s/ Matthew Stayton*
Matthew Stayton,
Counsel for Petitioner

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................................... ii

TABLE OF CONTENTS ................................................................................ iii

TABLE OF AUTHORITIES ............................................................................ iv

RELIEF SOUGHT ...................................................................................... vi

ISSUES PRESENTED ................................................................................. vi

INTRODUCTION ........................................................................................ 1

STATEMENT OF FACTS .............................................................................. 2

REASONS THE WRIT SHOULD ISSUE ......................................................... 10

   I.  On its face, the preliminary injunction is overbroad, ambiguous, and not clear and specific—subjecting Mr. Dondero to contempt for lawful acts. .......................................... 11

   II.   The District Court's refusal to allow Mr. Dondero to appeal the injunction as a matter of right under 28 U.S.C. § 1292(a) was error correctable by mandamus. ............................. 18

   III.  Even if an appeal as of right was unavailable under 28 U.S.C. § 1292(a), leave to appeal the preliminary injunction under 28 U.S.C. § 1292(b) should have been granted. ................. 21

   IV.  Alternatively, this Court should treat this mandamus as an ordinary appeal and dissolve the injunction or remand. .... 25

PRAYER .................................................................................................. 27

CERTIFICATE OF SERVICE ....................................................................... 28

CERTIFICATE OF COMPLIANCE ................................................................ 29

# TABLE OF AUTHORITIES

## CASES

*Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litigation),* 673 F.2d 1020 (9th Cir. 1982) ...................................................................23

*Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175 (1968) 14

*Golden Rests., Inc. v. Denar Rests., LLC (In re Denar Rests., LLC)*, No. 4:09-CV-616-A, 2010 U.S. Dist. LEXIS 3317 (N.D. Tex. Jan. 14, 2010) ................................................................................................................22

*Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169 (5th Cir. 1991) ..............22

*In re Barrier*, 776 F.2d 1298 (5th Cir. 1985).........................................10

*In re Dresser Indus., Inc.*, 972 F.2d 540 (5th Cir. 1992) ........................10

*In re Lieb*, 915 F.2d 180 (5th Cir. 1990).................................................10

*In re Midstate Mortg. Investors Group*, Civ. A. No. 06-2581, 2006 U.S. Dist. LEXIS 82474, 2006 WL 3308585 (D.N.J. Nov. 6, 2006) .............20

*In re Occidental Petroleum Corp.*, 217 F.3d 293 (5th Cir. 2000)..............9

*In re Prof'l Ins. Mgmt.*, 285 F.3d 268 (3d Cir. 2002)..............................19

*In re Reliance Acceptance Group, Inc.*, 235 B.R. 548 (D. Del. 1999) ......20

*In re Reserve Prod.*, 190 B.R. 287 (E.D. Tex. 1995) ..........................20, 25

*In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008)...........10

*Lindsey v. Pinnacle Nat'l Bank*,726 F.3d 857 (6th Cir. 2013)................19

*Madsen v. Women's Health Ctr.*, 512 U.S. 753 (1994)............................14

*MillerCoors LLC v. Anheuser-Busch Cos., LLC*, 940 F.3d 922 (7th Cir. 2019).........................................................................................................12

*Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718 (N.D. Tex. 2006)............23

*Schmidt v. Lessard*, 414 U.S. 473 (1974) ................................................. 12

*Smith v. Barry*, 502 U.S. 244 (1992) ....................................................... 25

*Total Benefit Servs., Inc. v. Grp. Ins. Admin., Inc.*, U.S. Dist. LEXIS 4362 (E.D. La. Mar. 25, 1993) ............................................................. 24

*United Airlines, Inc. v. U.S. Bank N.A.*, 406 F.3d 918 (7th Cir. 2005) . 19, 26

*Williams v. United States*, 402 F.2d 47 (10th Cir. 1967) ........................ 12

## STATUTES

11 U.S.C. § 362(a) .................................................................................. 16

28 U.S.C. § 1292(a) ....................................................................... passim

28 U.S.C. § 1292(b) ........................................................ vi, 8, 18, 22

28 U.S.C. § 158 .................................................................................... 21

28 U.S.C. § 158(a)(3) ..................................................................... 8, 22

## RULES

Fed. R. App. P. 3 .................................................................................. 25

Fed. R. App. P. 4 .................................................................................. 25

Fed. R. Civ. P. 65(d) ................................................................. 10, 11, 17

## RELIEF SOUGHT

Mr. James Dondero respectfully requests that this Court grant his Petition for Writ of Mandamus and (1) dissolve the bankruptcy court's preliminary injunction against Mr. Dondero; or (2) alternatively, direct the District Court to accept and consider the merits of Mr. Dondero's appeal of the preliminary injunction under 28 U.S.C. § 1292(a) or (b).

## ISSUES PRESENTED

1. Did the bankruptcy court's preliminary injunction order against Mr. Dondero fail to set forth the reasons for its issuance and its restrictions in clear and specific terms and reasonable detail to ensure reasonable compliance under the threat of contempt?

2. Did the District Court abuse its discretion by rejecting Mr. Dondero's clear and indisputable statutory right to appeal the injunction under the plain language of 28 U.S.C. § 1292(a)?

3. Did the District Court abuse its discretion by refusing to grant Mr. Dondero leave to appeal the injunction under 28 U.S.C. § 1292(b), where it is clear and indisputable that injunctive relief is the controlling issue materially affecting the case?

4.     Does Mr. Dondero have no other adequate means to seek review of the injunction?  Alternatively, should this Court treat this mandamus as an interlocutory appeal and dissolve the injunction or reverse and remand?

# INTRODUCTION

This dispute presents the rare case justifying extraordinary mandamus relief. The bankruptcy court issued an injunction order so broad and vague that Mr. Dondero cannot conduct normal affairs without the threat of contempt at every turn. This threat is real, not perceived, and has been used in the underlying case.

Making matters worse, the District Court denied Mr. Dondero his statutory right to appeal the injunction under 28 U.S.C. § 1292(a), ruled it was within the court's sole discretion to grant leave to accept the appeal under section 1292(b), and then simply denied leave to appeal—a clear and indisputable error from which there is no viable remedy. As a legal matter, the plain language of section 1292(a) demonstrates that injunctions are not insulated from review. As a policy matter, injunctions entered by Article I bankruptcy courts cannot be more insulated from appellate review than those entered by Article III courts.

This Court should grant mandamus and dissolve the overbroad injunction or, alternatively, direct the District Court to accept the appeal as a matter of statutory right.

## STATEMENT OF FACTS

### 1. Background of the Highland Capital bankruptcy and its CEO James Dondero.

On October 16, 2019, Highland Capital Management, L.P. (the "Debtor") filed a voluntary petition for relief in the U.S. Bankruptcy Court for the District of Delaware, Case No. 19-12239 (the "Bankruptcy Case"). (App.0011) At the time, Mr. James D. Dondero ("Mr. Dondero"), the Debtor's co-founder, was the Debtor's President and Chief Executive Officer and signed the voluntary petition for relief as the President of Strand Advisors, Inc., the Debtor's General Partner. (App.0014) Later, venue was transferred to the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"). (App.1349)

On December 27, 2019, the Debtor filed a *Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course.* (App.0109) The Bankruptcy Court entered an order approving this motion on January 9, 2020. (App.0188)

In connection therewith, an independent board of directors was appointed for the Debtor's general partner, Strand Advisors, Inc. (the "Board"). The members of the Board are James P. Seery, Jr., John S.

2

Dubel, and Russell F. Nelms. Mr. Seery was later retained as the Debtor's Chief Executive Officer. (App.0197)

## 2. After Mr. Dondero expresses concern regarding the Debtor's management, he is asked to resign.

Mr. Dondero continued to work for the Debtor as a portfolio manager. (App.0198) During that time, he expressed concern regarding Mr. Seery's management of the Debtor, as well as the dissipation of assets. As a result of Mr. Dondero's disagreement with Debtor's management and his filing of pleadings allegedly adverse to the Debtor, the Debtor asked for Mr. Dondero to resign, which he did effective October 9, 2020. (App.0786)

On November 24, 2020, the Debtor filed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (as later modified, the "Plan") and the *Disclosure Statement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (the "Disclosure Statement"). (App.1536) That same day, the Bankruptcy Court entered an order approving the Disclosure Statement, allowing for the solicitation of the Debtor's Plan. (App.1536)

### 3. Highland Capital seeks to restrain Mr. Dondero through an adversary proceeding.

On December 7, 2020, the Debtor commenced the adversary proceeding styled *Highland Capital Management, L.P. v. James D. Dondero*, Adv. Proc. No. 20-03190 by filing *Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Injunctive Relief* (the "Complaint"). (App.0556) The Debtor also filed *Plaintiff Highland Capital Management, L.P.'s Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against Mr. James Dondero.* (App.0569)

Mr. Dondero believes that the Debtor sought the TRO (and later filed a contempt motion) to (i) impugn Mr. Dondero's reputation before the Bankruptcy Court, (ii) prevent Mr. Dondero and his related entities from being able to exercise and pursue their legal rights and remedies related to the Bankruptcy Case or their relationship with the Debtor or its business, and (iii) attempt to gain an undue advantage in potential future disputes between the parties. (App.1245)

Three days later, the Bankruptcy Court entered the temporary restraining order against Mr. Dondero (the "TRO"). (App.0635)

The Bankruptcy Court then set the hearing on Debtor's motion for

4

a preliminary injunction for January 8, 2021, and Mr. Dondero filed a response in opposition to the motion. (App.1008) Trial concerning the Debtor's request for a permanent injunction is currently set for the week of May 17, 2021. (App. 0696)

### 4. Highland Capital immediately seeks to hold Mr. Dondero in contempt for violations of a broad and unclear temporary restraining order.

On January 7, 2021, the Debtor moved to hold Mr. Dondero in contempt for allegedly violating the TRO. (App.0975, 0984)

Rather than citing a violation of a clear and specific term of the TRO, the Contempt Motion seeks to hold Mr. Dondero in contempt for several actions that cannot be fairly interpreted to violate the TRO, including (i) Mr. Dondero replacing his cell phone and leaving the old phone at Debtor's office; (ii) going into Debtor's near-empty office space (which he was arguably entitled to do under certain shared services agreements) to appear for a deposition noticed by the Debtor; (iii) two request letters sent by counsel for related third-party entities to Debtor's counsel; and (iv) the filing (and eventual prosecution) of a motion brought by related third-party entities (before the TRO was even entered), which was explicitly allowed under the TRO. (App.0986, 0990-92, 1543)

The Contempt Motion hearing has been continued or delayed several times and is now set to occur on March 22, 2021. (App.1288)

**5. The Bankruptcy Court enters a broad preliminary injunction order against Mr. Dondero.**

On January 8, 2021, the Court conducted a hearing and found that a preliminary injunction should be entered against Mr. Dondero. (App.1015) On January 12, 2021, the Court entered its *Order Granting Debtor's Motion for a Preliminary Injunction Against James Dondero* (the "Preliminary Injunction"). (App.0001)

Among other things, the overbroad Preliminary Injunction enjoins and restrains Mr. Dondero from "(c) communicating with any of the Debtor's employees, except as it specifically relates to shared services currently provided to affiliates owned or controlled by Mr. Dondero; (d) interfering with or otherwise impeding, directly or indirectly, the Debtor's business, including but not limited to the Debtor's decisions concerning its operations, management, treatment of claims, disposition of assets owned, controlled or managed by the Debtor, and the pursuit of the Plan or any alternative to the Plan; and (e) otherwise violating section 362(a) of the Bankruptcy Code (collectively, the "Prohibited Conduct")." (App.0003-04)

6

The Preliminary Injunction also purports to restrain Mr. Dondero "from causing, encouraging, or conspiring with (a) any entity owned or controlled by him, and/or (b) any person or entity acting with him or on his behalf, to, directly or indirectly, engage in any Prohibited Conduct." The Preliminary Injunction further prevents Mr. Dondero from speaking with two former employees of the Debtor and from entering Debtor's office space or using any of the Debtor's computer, email, or information systems.[1] (App.0004)

The Preliminary Injunction provides that it "shall remain in effect until the date that any plan of reorganization or liquidation resolving the Debtor's case becomes effective, unless otherwise ordered by the Court." (App.0004)

## 6. The District Court refuses Mr. Dondero's statutory right to appeal the injunction.

On January 12, 2021, Mr. Dondero filed a *Notice of Appeal as of Right or, Alternatively, Notice of Appeal with Motion for Leave to Appeal* to appeal the entry of the broad and unclear Preliminary Injunction. (App. 1220) The following day, the Bankruptcy Clerk instructed Mr.

---

[1] Paragraphs 2 and 3 of the Preliminary Injunction are identical in all material respects with paragraphs 2 and 3 of the TRO. The Preliminary Injunction also contains three additional paragraphs of vague restrictions. (App.0002-04)

7

Dondero to separately file the notice of appeal and the motion for leave to appeal, and Mr. Dondero complied. (App.1229-30, 1234)

Eight days later, the Bankruptcy Clerk then transmitted the amended notice of appeal and motion for leave to the U.S. District Court for the Northern District of Texas, Dallas Division (the "District Court") and docketed the appeal. (App.1290, 1577-78)

On February 11, 2021, the District Court issued a *Memorandum Opinion and Order* (the "Memorandum Opinion") denying Mr. Dondero's right to appeal the Preliminary Injunction. (App.0006) In the Memorandum Opinion, the District Court ruled that (i) Mr. Dondero could not appeal the Preliminary Injunction as of right under 28 U.S.C. § 1292(a); and (ii) leave to appeal the Preliminary Injunction would not be granted under 28 U.S.C. § 158(a)(3) and 28 U.S.C. § 1292(b) because the appeal did not involve a controlling issue of law. (App.0006-10)

## 7. The Bankruptcy Court confirms the Plan—but its effective date remains unknown.

Meanwhile, on February 22, 2021, the Bankruptcy Court entered an order confirming the Debtor's Plan. (App.0361) The Plan's Effective Date is to be the business day on which the Confirmation Order becomes a final order and other conditions precedent to the effective date are

8

satisfied under Article VIII.A of the Plan.[2] (App.0308, App.0346) Article VIII.B further provides that the "conditions to effectiveness of this Plan . . . may be waived in whole or in part by the Debtor." (App.0347)

The Debtor has refused to provide Mr. Dondero with a date certain on which the Plan will go effective. In addition, other parties have filed motions to stay the effectiveness of the Confirmation Order pending appeal. (App.0522) If those motions are successful, the Effective Date of the Plan will be stayed pending the resolution of the appeals. Accordingly, the preliminary injunction against Mr. Dondero remains effective indefinitely.

## STANDARD OF REVIEW

This Court's standard for issuing a writ of mandamus is well settled. *See In re Occidental Petroleum Corp.*, 217 F.3d 293, 295 (5th Cir. 2000). Mandamus is an appropriate remedy "when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court," and that error is

---

[2] *See* Plan, Article I.B, p. 14 of 66 ("*Effective Date* means the Business Day that this Plan becomes effective as provided in ARTICLE VIII hereof."); Article VIII.A-B, p. 52 of 66.

9

irremediable on ordinary appeal. *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992) (internal citations and quotation marks omitted); *In re Occidental*, 217 F.3d at 295.

A party seeking mandamus relief must satisfy three requirements before the court will issue a writ of mandamus: (1) the petitioner must have "no other adequate means" to obtain the relief requested; (2) the petitioner must show a "clear and indisputable" right to the relief requested; and (3) the court, in its discretion, "must be satisfied that the writ is appropriate under the circumstances." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc).

In the Fifth Circuit, mandamus relief may be available to obtain appellate review of bankruptcy orders that are otherwise non-appealable. *In re Lieb*, 915 F.2d 180, 186 (5th Cir. 1990) (citing *In re Barrier*, 776 F.2d 1298 (5th Cir. 1985) (per curiam)).

## REASONS THE WRIT SHOULD ISSUE

The Bankruptcy Court entered an overbroad, ambiguous, unclear, and unspecific preliminary injunction in violation of Rule 65(d) leaving Mr. Dondero vulnerable to contempt proceedings on orders too vague to be understood or enforced. The District Court then refused to allow Mr.

Dondero's clear and indisputable right to appeal the preliminary injunction pursuant to 28 U.S.C. § 1292(a)—a plain misapplication of the statute. Preliminary injunctions entered by Article I bankruptcy courts should not be more insulated from appellate review than those entered by Article III courts. Because the District Court refused to consider Mr. Dondero's appeal of the preliminary injunction, Mr. Dondero has "no other adequate means" to obtain review of the preliminary injunction and mandamus relief is appropriate.

## I. On its face, the preliminary injunction is overbroad, ambiguous, and not clear and specific—subjecting Mr. Dondero to contempt for lawful acts.

Several provisions of the preliminary injunction entered against Mr. Dondero are overbroad, vague, ambiguous, and unspecific—making Mr. Dondero vulnerable to prosecution for contempt for lawful acts.

Rule 65(d) of the Federal Rules of Civil Procedure provides that "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." Fed. R. Civ. P. 65(d). The specificity requirement "ensures that a party who is restrained

11

by a preliminary injunction knows clearly what conduct is being restrained and why." *MillerCoors LLC v. Anheuser-Busch Cos., LLC*, 940 F.3d 922, 924 (7th Cir. 2019)

"The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam). Accordingly, an injunction "cannot be so general as to leave the party open to the hazard of conducting business in the mistaken belief that it is not prohibited by the injunction and thus make him vulnerable to prosecution for contempt." *Williams v. United States*, 402 F.2d 47, 48 (10th Cir. 1967).

First, the provision of the injunction that prohibits Mr. Dondero from "interfering with or otherwise impeding, directly or indirectly, with the Debtor's business, including but not limited to the Debtor's decisions concerning its operations, management, treatment of claims, disposition of assets owned or controlled by the Debtor, and pursuit of the Plan or any alternative to the Plan" is not clear, definite, and specific because it

does not list specific acts that are to be restrained.[3] Rather, it lists a broad category of conduct that could be read to apply to any number of unidentified actions related to the bankruptcy case or Debtor's business. This provision could be read to prevent any action of Mr. Dondero or his related entities to assert their individual legal rights in the bankruptcy case or to protect their individual business interests. It is simply that broad.[4]

Moreover, this provision prevents Mr. Dondero from engaging in other lawful conduct and duties. For example, Mr. Dondero is an investor in funds managed by the Debtor and the injunction bars him from acting in that capacity. (App.1150).

<u>Second</u>, the provision of the injunction restricting Mr. Dondero's communication with the Debtor's employees (and two of Debtor's former employees) is too broad and may impair Mr. Dondero's freedom of speech

---

[3] (App.0003-04)

[4] This provision could also be read to restrict the exercise of legal rights or other lawful actions that simply have the effect of being in disagreement with a decision of the Debtor, such as whether claims are properly treated or classified ("treatment of claims"), whether the Debtor's Plan complies with applicable law ("pursuit of the Plan"), whether the sale of assets owned or controlled by the Debtor is a proper exercise of its business judgment or should otherwise be pursued ("disposition of assets owned or controlled by the Debtor"), and whether Dondero could attempt to pursue his own alternative plan ("alternative to the Plan").

under the First Amendment to the U.S. Constitution.[5]

The Supreme Court has directed judges to scrutinize injunctions restricting speech carefully and ensure that they are "no broader than necessary to achieve [their] desired goals." *Madsen v. Women's Health Ctr.*, 512 U.S. 753, 764-65 (1994).

Here, the scope of this provision of the injunction is too broad because it effectively enjoins all communications—of any kind, and of any nature—between Mr. Dondero and anyone employed by the Debtor (except as it relates to the shared services agreements). The provision fails to allow Mr. Dondero to communicate with Debtor's employees on personal or other routine matters unrelated to the Debtor's business or the bankruptcy case, and potentially restricts his ability to (i) communicate with employees of the Debtor who also serve in other capacities for Mr. Dondero, such as his personal assistants under the shared services agreements; and (ii) communicate with employees of the Debtor once their employment with the Debtor ceases. As a result, it is too broad. *See generally Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 183 (1968) ("An order issued in the area of First

---

[5] (App.0003-04)

Amendment rights must be couched in the narrowest terms that will accomplish the pin-pointed objective permitted.").

Third, and similarly, the provision of the injunction that enjoins and restrains Mr. Dondero from "causing, encouraging, or conspiring with (a) any entity owned or controlled by him, and/or (b) any person or entity acting on his behalf, from, directly or indirectly, engaging in the Prohibited Conduct" is too broad because it may enjoin unidentified third parties that are not a party to this proceeding. Those third-party entities have complex rights and interests independent from Mr. Dondero. There were no other parties to the underlying adversary proceeding. Because the injunction purports to restrain the independent actions of third parties from the same broad, vague, and nonspecific conduct as Mr. Dondero, it is improper and should be dissolved.

Fourth, the ambiguity of the preliminary injunction is further evidenced by the Debtor's attempt to hold Mr. Dondero in contempt for actions that do not violate a clear and specific provision of the TRO. *See supra* at p. 5. While the Debtor's Contempt Motion remains pending, the fact that the Debtor has utilized the broad and unclear provisions contained in the TRO and injunction to threaten contempt against Mr.

Dondero evidences the immediate and irreparable harm that will occur to Mr. Dondero if the preliminary injunction is allowed to stand. In addition, the purported exceptions of the TRO and preliminary injunction—those for communications regarding shared services and for "seeking judicial relief"—are vague and unclear as evidenced by the allegations of contempt for activity that should fall within these exceptions.[6]

Finally, while Mr. Dondero must obey the automatic stay, the provision of the injunction that prevents Mr. Dondero from "violating section 362(a) of the Bankruptcy Code" also violates Rule 65 because it is vague, nonspecific, and does not describe in reasonable detail the acts restrained.[7]

In violation of Rule 65(d), this portion of the injunction does not include any specific and identifiable prohibitions. Instead, it refers to an outside document or source and purports to make matters contained therein (11 U.S.C. § 362(a)) a violation of the injunction. This plainly violates Rule 65(d)(1)(C) because it refers to a document or source outside

---

[6] (App.0004, fn 2)

[7] (App.0004)

16

the face of the order instead of describing in reasonable detail the specific acts restrained. *See* Fed. R. Civ. P. 65(d). Accordingly, Mr. Dondero cannot ascertain from the face of the preliminary injunction what acts may or may not be prohibited by this provision.

This lack of specificity is particularly problematic in this case because of the complexity of the Debtor's business and the unclear positions asserted by the Debtor as to what qualifies as property of the estate.[8] Most of the Debtor's business is conducted either through subsidiaries or by the management of assets held by subsidiaries.[9] The Debtor has asserted in the bankruptcy case that the property held by these subsidiaries is not property of the estate or subject to the Bankruptcy Court's jurisdiction or oversight.[10] (App.0284-0294) Through

---

[8] *See generally* (App.0284)

[9] (App.0027, 0037-0038, 1891-1917, 0258-0270)

[10] *See Debtor's Response to Mr. James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business* [Bankr. Dkt. 1546], para. 5 ("[T]he assets of a debtor's non-debtor subsidiaries are *not* property of a debtor's estate." and "transactions occurring at non-Debtor entities . . . were otherwise arguably outside of this Court's jurisdiction and oversight.') (emphasis in original) and para. 10 ("Even though the value of the subsidiary's outstanding shares owned by the debtor may be directly affected by the subsidiary's disputes with third parties, Congress did not give the bankruptcy court exclusive jurisdiction over all controversies that in some way affect the debtor's estate.") (citing *Parkview-Gem, Inc.*, 516 F.2d 807, 809 (8th Cir. 1975)) (internal citations and quotations omitted).

17

the adversary proceeding and contempt motion, however, the Debtor
suggests that the Bankruptcy Court has jurisdiction to enjoin actions
that may impact these subsidiaries or the property held by these
subsidiaries. (App.0556-0596, 0975-0997) Given these issues, it is
unclear what actions the Debtor may assert violate the automatic stay,
particularly as to sections 362(a)(1)-(5) (preventing actions against the
Debtor and property of the Debtor's estate), and the lack of specific
restrictions in the order does not provide fair notice to Mr. Dondero of the
acts restrained.

## II. The District Court's refusal to allow Mr. Dondero to appeal the injunction as a matter of right under 28 U.S.C. § 1292(a) was error correctable by mandamus.

The District Court committed clear and egregious error in denying
Mr. Dondero his statutory right to appeal the Bankruptcy Court's
preliminary injunction under 28 U.S.C. § 1292(a). Moreover, on its face,
the District Court's Order purports to be insulated from appellate review
as a non-appealable interlocutory order denying leave to appeal under
section 1292(b). Therefore, mandamus is warranted and the only
available remedy.

The District Court, sitting as an appellate court, was required to accept and consider the appeal from the Bankruptcy Court's injunctive order under 28 U.S.C. § 1292(a), which provides:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
>
> > (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court . . . .

28 U.S.C. § 1292(a)(1).

Three Circuit Courts of Appeals—the Third, Sixth, and Seventh—agree that section 1292(a) permits the immediate appeal of bankruptcy court injunction orders to the district courts as a matter of right. *See Lindsey v. Pinnacle Nat'l Bank,* 726 F.3d 857, 860 (6th Cir. 2013) ("Section 1292 also permits the immediate appeal of injunction orders, including those arising in all manner of situations in a bankruptcy proceeding."); *United Airlines, Inc. v. U.S. Bank N.A.*, 406 F.3d 918, 923 (7th Cir. 2005) (holding that under 1292(a) and bankruptcy court injunction must be treated as an appealable interlocutory order by the district court); *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 282 n.16 (3d Cir. 2002) (same).

19

This makes great sense: "As a policy matter, the rulings of a non-Article III bankruptcy court should not be more insulated from appellate review than the rulings of an Article III district court. The wiser exercise of discretion is to apply § 1292(a)(1) by analogy and allow the appeal of the preliminary injunction [to the district court]." *In re Reserve Prod.*, 190 B.R. 287, 290 (E.D. Tex. 1995)

For this reason, other district courts across the country have likewise held that a party may appeal as of right the grant or denial of an injunction by the bankruptcy court. *See, e.g., In re Midstate Mortg. Investors Group*, Civ. A. No. 06-2581, 2006 U.S. Dist. LEXIS 82474, 2006 WL 3308585, at *4-5 (D.N.J. Nov. 6, 2006) ("where the orders entered in the bankruptcy court are in the form of injunctive relief, the district court, sitting as an appellate court, is authorized under § 1292(a) to hear the appeal without the need to resort to discretion to grant leave to appeal"); *see also In re Reliance Acceptance Group, Inc.*, 235 B.R. 548 (D. Del. 1999).

Nevertheless, here, the District Court refused to apply section 1292(a)—denying Mr. Dondero his appeal as a matter of right. (App.0006-0010) Instead, the court erroneously found the appeal fell only

20

under the discretionary requirements set forth in section 1292(b), and then denied discretionary leave to appeal under the same subsection. (App.0009) Because the District Court framed its erroneous ruling as a denial of leave under section 1292(b), which is not generally an appealable interlocutory order, mandamus remains the only available remedy from this clear and egregious error.[11]

### III.  Even if an appeal as of right was unavailable under 28 U.S.C. § 1292(a), leave to appeal the preliminary injunction under 28 U.S.C. § 1292(b) should have been granted.

Even if the Preliminary Injunction is not appealable as of right under section 1292(a), leave to appeal should have been granted under section 1292(b) because there exists a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 158 permits interlocutory appeals to this Court from the bankruptcy court. It expressly provides that "the district courts of the

---

[11] And although the District Court here declared this an open question (i.e., whether section 1292(a) or (b) must apply), (App.0006-0009) the plain text of the statute and scores of cases interpreting section 1292(a) do not support this conclusion. *See* supra at II. The District Court simply had no discretion to refuse Mr. Dondero's statutory right to appeal the injunction order under section 1292(a).

United States shall have jurisdiction to hear appeals . . . (a)(3) with leave of the court, from other interlocutory orders and decrees; and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3).

"Section 158(a) does not provide a standard for a district court to use in determining whether to grant leave to appeal; however, the courts generally have applied the standard provided under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders to a court of appeals." *Golden Rests., Inc. v. Denar Rests., LLC (In re Denar Rests., LLC)*, No. 4:09-CV-616-A, 2010 U.S. Dist. LEXIS 3317, at *35-36 (N.D. Tex. Jan. 14, 2010) (citing *Ichinose v. Homer Nat'1 Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991)). That standard includes the following elements: "(1) the existence of a controlling issue of law as to the interlocutory order, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*; 28 U.S.C. § 1292(b).

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the

outcome of litigation in the district court." *Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litigation),* 673 F.2d 1020, 1026 (9th Cir. 1982). "[A] controlling question of law-although not consistently defined-at the very least means a question of law the resolution of which could materially advance the ultimate termination of the litigation-thereby saving time and expense for the court and the litigants." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006).

There is one controlling issue of law guiding the entire case—injunctive relief. The litigation itself is solely and entirely based on the Debtor's request for a preliminary, and eventually, a permanent injunction. (App.0556-0596) There are no other claims for relief in this adversary proceeding. Whether the injunction is vague and overbroad undoubtedly affects the outcome of the litigation as injunctive relief is the only relief sought. There is also a substantial difference of opinion—as demonstrated among other things by the parties' dispute and the Bankruptcy Court's entry of the injunction—that (i) cause existed for the injunction in the first instance; and (ii) whether the provisions of the injunction satisfy applicable legal standards, including Rule 65 of the Federal Rules of Civil Procedure. Stated differently, whether the

23

injunction satisfies applicable standards by being clear and specific is a controlling issue of law driving the entire case.

Nor will leave to appeal the preliminary injunction delay the bankruptcy case, as confirmation of the Plan occurred on February 22, 2021. (App.0361) Rather, a favorable resolution of these issues will avoid protracted and expensive litigation by clarifying the propriety and/or scope of the Preliminary Injunction that could relieve the parties from being involved in multiple proceedings and multiple appeals, including with respect to the pending Contempt Motion. *See Total Benefit Servs., Inc. v. Grp. Ins. Admin., Inc.*, U.S. Dist. LEXIS 4362, at *5 (E.D. La. Mar. 25, 1993) ("Resolution of these issues could materially affect the outcome of the litigation. . . . Furthermore, a favorable resolution of these issues will avoid protracted and expensive litigation.").

Finally, public policy and due process support Mr. Dondero's request. If leave to appeal is not granted, Mr. Dondero's rights may be permanently impacted by the injunction and he will have no remedy at law or any opportunity for any court to review the bankruptcy court's preliminary injunction order. "As a policy matter, the rulings of a non-Article III bankruptcy court should not be more insulated from appellate

review than the rulings of an Article III district court." *In re Reserve Prod.*, 190 B.R. 287, 290 (E.D. Tex. 1995).

## IV. Alternatively, this Court should treat this mandamus as an ordinary appeal and dissolve the injunction or remand.

Alternatively, if this Court determines that mandamus is not warranted or that it possesses appellate jurisdiction under section 1292(a), Mr. Dondero requests this Court treat this mandamus petition as an ordinary appeal. Mr. Dondero hereby incorporates by reference this mandamus as his timely and proper Notice of Appeal under Rule 3 and opening brief. *United Airlines*, 406 F.3d at 923; Fed. R. App. P. 3; Fed. R. App. P. 4. Mr. Dondero is hereby timely providing notice of his appeal to the District Court's February 11, 2021 order to this Court via his mandamus petition. *Id.*; *Smith v. Barry*, 502 U.S. 244 (1992).[12]

For all the reasons briefed herein, this Court should reverse the District Court's order and opinion and dissolve the injunction; alternatively, it should remand with instructions to exercise jurisdiction over the appeal under section 1292(a). *See United Airlines*, 406 F.3d at

---

[12] The information for Respondent's counsel can be found in the Certificate of Interested Persons.

923 (treating mandamus as appeal, exercising appellate jurisdiction under § 1292(a), and reversing and rendering judgment dissolving injunction from bankruptcy court).

## PRAYER

Petitioner James Dondero respectfully requests that this Court issue a writ of mandamus or other order dissolving the preliminary injunction against Mr. Dondero or, alternatively, directing the District Court to accept and consider the merits of Mr. Dondero's appeal of the preliminary injunction under 28 U.S.C. § 1292(a) or (b). Mr. Dondero further requests any further relief to which he is entitled in equity or law.

Dated: March 8, 2021

Respectfully submitted,

*/s/ D. Michael Lynn*
D. Michael Lynn
Texas State Bar No. 12736500
Matthew D. Stayton
Texas State Bar No. 24033219
John T. Wilson, IV
Texas State Bar No. 24033344
Bryan C. Assink
Texas State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES
LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: matt.stayton@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

ATTORNEYS FOR PETITIONER
JAMES DONDERO

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on March 8, 2021, the foregoing document was served via first class mail upon counsel for Respondent Highland Capital Management, L.P. as listed below, and by the Court's CM/ECF system on all parties requesting or consenting to such service.

Jeffrey Pomerantz
Ira Kharasch
John Morris
Gregory Demo
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

Melissa Hayward
Zachery Annable
Hayward PLLC
10501 N. Central Expy, Ste. 106
Dallas, TX 75231

I further certify that a copy of the foregoing document is being provided to the Honorable Ada Brown.

*/s/ Matthew Stayton*
Matthew Stayton

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App.P. 21(d) because this document contains 5,364 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook font.

*/s/ Matthew Stayton*
Matthew Stayton