John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

ATTORNEYS FOR DEFENDANT JAMES DONDERO

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | Case No. 19-34054 |
| §| | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | | Chapter 11 |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| § | | |
| Plaintiff. § | | |
| § | | |
| v. § | | Adversary No. 20-03190 |
| § | | |
| **JAMES D. DONDERO,** § | | |
| § | | |
| Defendant. § | | |

## JAMES DONDERO'S TRIAL BRIEF OPPOSED TO
## PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF

James D. Dondero ("Defendant" or "Dondero"), the defendant in the above-captioned adversary proceeding, hereby files this Trial Brief Opposed to Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Injunctive Relief [Adv. Dkt. 1] (the "Complaint"). In support thereof, Defendant respectfully represents as follows:

## I.  PRELIMINARY STATEMENT

1. The Bankruptcy Court should reject the Debtor's request to impose the broad permanent injunctive relief requested by the Debtor in its Complaint. The injunctive relief sought by the Debtor is neither necessary nor warranted under the facts. Mr. Dondero has complied with the terms of the Preliminary Injunction, which was entered nearly four months ago. As he testified during the hearing on the Contempt Motion, Mr. Dondero changed his behavior after the TRO and Preliminary Injunction were entered. Since that time, he has attempted to comply with the orders and there have been no allegations that Mr. Dondero has violated the terms of the Preliminary Injunction.

2. Even if the Debtor can satisfy its burden to show that some permanent injunctive relief is warranted, it will not be able to show that the broad and unclear injunction requested satisfies applicable law. The proposed injunction—among other things—blatantly violates Mr. Dondero's First Amendment rights. Other provisions of the requested injunction are so broad and ambiguous as to not provide Mr. Dondero with fair notice of the acts restrained. There are no grounds for the entry of such an unprecedented and unclear injunction on the facts of this case. This is even more so because the Debtor—whose business is essentially gone and being run by a skeleton crew—is liquidating and what is left of the business will be protected by the Debtor's plan injunction. The Court should reject the Debtor's attempt to impose a broad and unnecessary injunction against Mr. Dondero.

## II.  ARGUMENT AND AUTHORITIES

3. "A party seeking a permanent injunction must show: (1) that it has succeeded on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the

injunction will not disserve the public interest. *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006). Furthermore, "[a] permanent injunction is appropriate only if a defendant's past conduct gives rise to an inference that, in light of present circumstances, there is a reasonable likelihood of future transgressions." *Sec. & Exch. Comm'n v. Life Partners Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017).

      **A.**    **The proposed permanent injunction is neither necessary nor warranted under the facts.**

4.    There is no need for the entry of a permanent injunction in this case. While the Debtor may have previously convinced the Court that it met the lesser standard for the entry of the preliminary injunction to "get it over the finish line" and confirm its plan, those purported concerns no longer exist. The Debtor's Plan[1] has been confirmed. The Debtor has terminated virtually all of its employees. And the Debtor will soon be operating post-effective date with the protections of a broad plan injunction. And, significantly, Mr. Dondero has complied with the terms of the Preliminary Injunction, which will be in effect until the effective date of the Debtor's plan.

5.    Under these circumstances, the facts do not support the entry of the broad permanent injunction requested by the Debtor.

      **B.**    **The proposed permanent injunction restricting Mr. Dondero's communications is unconstitutional.**

6.    The proposed permanent injunction contains another flaw: it is blatantly unconstitutional. A blanket, unqualified restriction on **all** communications of any subject matter between Dondero, on the one hand, and the Debtor's employees, and two former employees (Isaac Leventon and Scott Ellington), on the other hand, violates the First Amendment to the U.S. Constitution by restricting their freedom of speech and freedom of assembly.

---

[1] As used herein, the term "Plan" means the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1808].

7. Prior restraints on freedom of speech such as those proposed by the Debtor have long been disfavored in American law. *Near v. Minnesota*, 283 U.S. 697 (1931). While a prior restraint is not unconstitutional per se, there is a heavy presumption against its constitutionality. *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 558-59 (1975).

8. An injunction restricting all communication (as is the case here) acts as a prior restraint and thus bears a heavy presumption against constitutional validity. *See Auburn Police Union v. Carpenter*, 8 F.3d 886, 903 (1st Cir. 1993). A prior restraint "must be narrowly drawn and cannot be upheld if reasonable alternatives are available having a lesser impact on First Amendment freedoms." *Bernard v. Gulf Oil Co.*, 619 F.2d 459, 467 (5th Cir. 1980) (citing *CBS, Inc. v. Young*, 522 F.2d 234, 238 (6th Cir. 1975) and *Nebraska Press Association v. Stuart, supra; Carroll v. Commissioners of Princess Anne*, 393 U.S. 175 (1968)).

9. The Supreme Court has directed judges to scrutinize injunctions restricting speech carefully and ensure that they are "no broader than necessary to achieve [their] desired goals." *Madsen v. Women's Health Ctr.*, 512 U.S. 753, 764-65, 114 S. Ct. 2516 (1994).

10. Accordingly, before an injunction restricting speech can be entered, the moving party must show that reasonable alternatives with a less severe impact are unavailable. In this case, the Debtor has made no showing that least restrictive means are not available to achieve the purported purpose behind the injunction besides a blanket restriction on communications with Debtor's employees and two former employees. Accordingly, the injunction restricting Mr. Dondero's communications is too broad and unconstitutional. *See Bernard v. Gulf Oil Co.*, 619 F.2d 459, 476-77 (5th Cir. 1980) ("The order before us suppresses essentially everything, and one seeking to exercise his right to speech or association must petition the court. No showing has been made, or even offered, that reasonable alternatives with lesser impact are unavailable.").

11. Federal courts routinely hold that a blanket prohibition on all communications, regardless of the subject, are not narrowly tailored and therefore are unconstitutional as an unlawful prior restraint. *See Haseotes v. Cumberland Farms*, 216 B.R. 690, 695 (D. Mass. 1997) ("To the extent, however, that the injunction enjoins communications which do not constitute interference with the day-to-day operations of CFI, it is overly broad and, therefore, unconstitutional."); *Beck v. Boce Grp.*, No. 04-20683-CIV-COOKE, 2005 U.S. Dist. LEXIS 58658, at *8-9 (S.D. Fla. 2005) (noting that an injunction on *all* communications between two parties "would not be narrowly tailored" to address the alleged harm).

12. Finally, the Court lacks the authority and jurisdiction to enter such a broad injunction against Mr. Dondero. The Debtor did not request in its Complaint or by motion that Mr. Dondero be enjoined (much less permanently) from speaking to any employees of the Debtor after their employment terminates. Through the pre-trial order, however, the Debtor, for the first time in this case, proposes that a permanent, blanket restriction on communications be made between Mr. Dondero and Mr. Ellington and Mr. Leventon. Such a restriction would violate a number of legal and Constitutional rights of these individuals, including their First Amendment rights to freedom of speech and assembly, as well as their due process rights. The Court should reject this request. There are no grounds to grant such relief in this case.

**C.    The proposed permanent injunction is overbroad, vague, not clear and specific, and otherwise violates applicable law.**

13. The proposed permanent injunction requested by the Debtor is overbroad, vague, ambiguous, and unspecific—making Mr. Dondero vulnerable to prosecution for contempt for lawful acts.

14. Rule 65(d) of the Federal Rules of Civil Procedure provides that "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall

be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." The specificity requirement "ensures that a party who is restrained by a preliminary injunction knows clearly what conduct is being restrained and why." *MillerCoors LLC v. Anheuser-Busch Cos., LLC*, 940 F.3d 922, 924 (7th Cir. 2019).

15. "The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam). Accordingly, an injunction "cannot be so general as to leave the party open to the hazard of conducting business in the mistaken belief that it is not prohibited by the injunction and thus make him vulnerable to prosecution for contempt." *Williams v. United States*, 402 F.2d 47, 48 (10th Cir. 1967).

16. First, the provision of the injunction that prohibits Dondero from "interfering with or otherwise impeding, directly or indirectly, with the Debtor's business, including but not limited to the Debtor's decisions concerning its operations, management, treatment of claims, disposition of assets owned or controlled by the Debtor, and pursuit of the Plan or any alternative to the Plan" is not clear, definite, and specific because it does not list specific acts that are to be restrained. Rather, it lists a broad, vaguely-worded category of conduct that could be read to apply to any number of unidentified actions related to this bankruptcy case or Debtor's business. Interpreted broadly, this provision could be read to prevent any action of Dondero or his related entities to assert their individual legal rights in this case or to protect their individual business interests. This provision could also be read to restrict any action that is in disagreement with a decision of the Debtor, such as whether claims are properly treated or classified ("treatment of claims"), whether

the Debtor's Plan complies with applicable law ("pursuit of the Plan"), whether Dondero can disagree with any sale of assets owned or controlled by the Debtor ("disposition of assets owned or controlled by the Debtor"), and whether Dondero could attempt to pursue his own alternative plan ("alternative to the Plan").

17. This is similar to a broad and sweeping injunction that broadly attempts to enjoin any "interference" with the administration of the Debtor's estate or the Debtor's business, which courts in other circumstances have held is not specific enough to be enforceable. *See, e.g.*, *Robinson v. Rothwell (In re Robinson)*, 342 Fed. Appx. 235, 2009 U.S. App. LEXIS 19040 (8th Cir. 2009) (reversing contempt finding resulting from provision in order preventing "any actions to interfere in any way with administration of these jointly administered bankruptcies," because bankruptcy court's order was neither sufficiently specific to be enforceable, nor clear and unambiguous).

18. Here, the restrictions in the injunction are similar in that the injunction contains the broad phrase "interfering with or otherwise impeding, directly or indirectly, the Debtor's business" which is just as non-specific, unclear and ambiguous as the phrase from the case above. Further, it appears the intent of this provision is at least partially to prevent Dondero from supposedly "interfering" with the bankruptcy case as the Debtor then lists a series of general duties of a debtor in possession as being included within this broad and amorphous category of interference. The "treatment of claims," for example, has nothing to do with how the Debtor's business operates. It instead appears the intent of this provision is also to enjoin Dondero and his related entities (and their attorneys) from exercising their legal rights and asserting legal positions that the Debtor simply disagrees with. Accordingly, these alleged restrictions are likewise non-specific, vague, and ambiguous because no specific actions are identified as being restricted. It remains unclear

what actions Dondero can or cannot do related to this bankruptcy case or the Debtor's business.

19. The ambiguity of the injunction is further evidenced by the fact that the Debtor, in connection with its Contempt Motion, asserted that attorneys for the Funds and Advisors[2] may not send letters to the Debtor asserting certain legal positions and making certain requests because such actions "interfere" with the Debtor's business, even if no further action was taken after the letters were sent. While the TRO did not say that counsel for certain of Dondero-related entities were prohibited from sending letters to Debtor's counsel to make requests, the Debtor asserted that these entities sending such letters caused Dondero to violate the order as falling under this broad category of "direct or indirect" interference with Debtor's business.[3] This broad interpretation by the Debtor raises serious questions as to the clarify and specificity of the proposed injunction requested by the Debtor. If legal requests made by third parties through their counsel such as this could cause Dondero to violate the injunction, neither Dondero nor his related entities have fair notice of the acts allegedly restrained.

20. In addition, the provision of the injunction that enjoins and restrains Mr. Dondero from "causing, encouraging, or conspiring with (a) any entity owned or controlled by him, and/or (b) any person or entity acting on his behalf, from, directly or indirectly, engaging in the Prohibited Conduct" is too broad because it may enjoin unidentified third parties that are not a party to this proceeding. Those third-party entities have complex rights and interests independent from Mr. Dondero. There were no other parties to the underlying adversary proceeding. The proposed permanent injunction is therefore too broad and not clear and specific as it may purport to restrain these third parties.

---

[2] As used herein, "Funds and Advisors" shall mean and refer to Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., Highland Income Fund, NexPoint Strategic Opportunities Fund, and NexPoint Capital, Inc.

[3] *See* Debtor's Brief in Support of Motion for Order to Show Cause, Adv. Dkt. 49.

21. Finally, while Mr. Dondero must obey the automatic stay, the provision of the injunction that prevents Mr. Dondero from "violating section 362(a) of the Bankruptcy Code" also violates Rule 65 because it is vague, nonspecific, and does not describe in reasonable detail the acts restrained.

22. In violation of Rule 65(d), this portion of the injunction does not include any specific and identifiable prohibitions. Instead, it refers to an outside document or source and purports to make matters contained therein (11 U.S.C. § 362(a)) a violation of the injunction. This plainly violates Rule 65(d)(1)(C) because it refers to a document or source outside the face of the order instead of describing in reasonable detail the specific acts restrained. See Fed. R. Civ. P. 65(d). Accordingly, Mr. Dondero cannot ascertain from the face of the preliminary injunction what acts may or may not be prohibited by this provision.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court deny the relief requested in Debtor's Complaint.

Dated: May 3, 2021

Respectfully submitted,

*/s/ Bryan C. Assink*
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: john@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on May 3, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for the Plaintiff.

*/s/ Bryan C. Assink*
Bryan C. Assink