PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding |
| | § | |
| vs. | § | No. 20-3190-sgj11 |
| | § | |
| JAMES D. DONDERO, | § | |
| | § | |
| Defendant. | § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

# TABLE OF CONTENTS

**Page No.**

I.    PRELIMINARY STATEMENT ..................................................................... 1

II.    STATEMENT OF FACTS ........................................................................... 4

    A. The Adversary Proceeding and Scheduling Order.......................................... 4

    B. The TRO and Preliminary Injunction ............................................................ 4

    C. The Debtor Moves for Contempt against Mr. Dondero for Violating the TRO ............ 5

    D. The Preliminary Injunction Is Granted .......................................................... 6

    E. The District Court Denies Mr. Dondero's Motion for Leave to Appeal the Preliminary Injunction ................................................................................... 7

    F. Mr. Dondero Files a Petition for Writ of Mandamus in the Fifth Circuit.................. 10

    G. Mr. Dondero Seeks a Stay of Trial of this Proceeding .............................. 10

III.    LEGAL STANDARD.............................................................................. 11

IV.    ARGUMENT .......................................................................................... 12

    A. Mr. Dondero Failed to Prove Likelihood of Success on the Merits............................. 12

    B. The Debtor Would Suffer Substantial Harm if a Stay Is Granted................................ 15

    C. Granting a Stay Will Not Serve the Public Interest .................................... 16

CONCLUSION......................................................................................... 16

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Arnold v. Garlock Inc.*,
 278 F.3d 426 (5th Cir. 2001) ................................................................. 11

*Arthur Young & Co. v. U. S. Dist. Court*,
 549 F.2d 686 (9th Cir. 1977) ................................................................. 13

*Belcher v. Birmingham Trust Nat'l Bank*,
 395 F.2d 685 (5th Cir. 1968) ................................................................. 11

*Burgess v. FDIC*,
 871 F.3d 297 (5th Cir. 2017) ................................................................. 14

*Earl v. Boeing Co.*,
 4:19-CV-507, 2021 WL 1080689 (E.D. Tex. Mar. 18, 2021) .................. 11, 14

*FTC v. Assail, Inc.*,
 98 Fed. Appx. 316 (5th Cir. 2004)......................................................... 14, 15

*In re Depuy Orthopaedics, Inc.*,
 870 F.3d 345 (5th Cir. 2017) ................................................................. 13

*In re First S. Sav. Assoc.*,
 820 F.2d 700 (5th Cir. 1987) ................................................................. 11

*In re Ford Motor Co., Bridgestone/Firestone N. Am. Tire, LLC*,
 344 F.3d 648 (7th Cir. 2003) ................................................................. 13

*In re LeBlanc*,
 559 Fed. Appx. 389 (5th Cir. 2014)....................................................... 13

*In re Scotia Dev. LLC*,
 2008 Bankr. LEXIS 5127 (Bankr. S.D. Tex. July 15, 2008).................... 11

*La. World Exposition, Inc. v. Logue*,
 746 F.2d 1033 (5th Cir. 1984) ............................................................... 15

*ODonnell v. Harris County*,
 260 F. Supp. 3d 810 (S.D. Tex. 2017) ................................................... 11, 12

*Scrum All., Inc.*,
 2021 WL 720703 (E.D. Tex. Feb. 24, 2021) .......................................... 14

*Sec. & Exch. Comm'n v. First Fin. Group of Texas*,
 645 F.2d 429 (5th Cir. 1981) ................................................................. 15

*United States v. Comeaux*,
 954 F.2d 255 (5th Cir. 1992) ................................................................. 13

*United States v. U.S. Dist. Court, S. Dist. of Texas*,
 506 F.2d 383 (5th Cir. 1974) ................................................................. 13

*Webb v. GAF Corp.*,
 78 F.3d 53 (2d Cir. 1996) ...................................................................... 14

**Statutes**

11 U.S.C. § 362(a) ...................................................................................... 4, 5
28 U.S.C. § 1292 .......................................................................................... 8
28 U.S.C. § 1292(a) ............................................................................. 1, 7, 8, 10
28 U.S.C. § 1292(a)(1).................................................................................. 9
28 U.S.C. § 1292(b) ............................................................................. 8, 9, 10, 13

28 U.S.C. § 158(a) ................................................................................................................. 1, 7, 8, 9

28 U.S.C. § 158(a)(3) ............................................................................................................. 8, 9

**Rules**

Fed. R. Civ. P. 65(d) ................................................................................................................. 2

**DEBTOR'S OBJECTION TO JAMES DONDERO'S EMERGENCY MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS OR, ALTERNATIVELY, MOTION TO CONTINUE TRIAL SETTING**

Highland Capital Management, L.P., the debtor and debtor-in-possession in the above captioned chapter 11 case (the "Bankruptcy Case") and plaintiff ("Plaintiff" or the "Debtor") in the above-captioned adversary proceeding (the "Adversary Proceeding"), submits this objection (the "Objection") to James Dondero's (the "Defendant" or "Mr. Dondero") *Emergency Motion to Stay Proceedings Pending Resolution of Defendant's Petition for Writ of Mandamus or, Alternatively, Motion to Continue Trial Setting* [Adv. Proc. Docket No. 154][1] (the "Motion to Stay"). In support of its Objection, the Debtor states as follows:

## I. PRELIMINARY STATEMENT[2]

1. In his latest attempt to delay the adjudication of the Debtor's claims against him, Mr. Dondero seeks the extraordinary remedy of a (i) blanket stay of these proceedings pending resolution of his Petition, or, alternatively, (ii) a 60-day extension of trial. Such relief is not warranted.

2. In January, after a lengthy evidentiary hearing, the Court granted the Debtor's motion for a Preliminary Injunction against Mr. Dondero finding, in pertinent part, that: (i) in the absence of injunctive relief, the Debtor would be irreparably harmed, and (ii) the Debtor was likely to succeed on the merits of its underlying claim for injunctive relief. Mr. Dondero sought leave to appeal the Preliminary Injunction, but the District Court exercised its discretion and denied the interlocutory appeal on the grounds that it was not proper under 28 U.S.C. § 158(a) and 28 U.S.C. § 1292(a).

---

[1] Refers to the docket maintained in the Adversary Proceeding.

[2] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

3.      Mr. Dondero subsequently sought the rare and exceptional remedy of mandamus in the Fifth Circuit, seeking to have the Court of Appeals (i) dissolve the Preliminary Injunction or, alternatively, (ii) order the District Court to hear the merits of the interlocutory appeal.  Mr. Dondero's Petition is pending before the Fifth Circuit.

4.      Now, on the eve of the trial on the merits on the Debtor's claim for a permanent injunction, Mr. Dondero seeks to stay this proceeding on the ground that his Petition is pending and, he speculates, the "legal questions raised by the Mandamus are being seriously considered."  Motion to Stay ¶6.  However, Mr. Dondero fails to satisfy the strict standard required for a stay pending appeal.

5.      ***First***, Mr. Dondero has failed to prove that his Petition is likely to succeed on the merits.  Indeed, Mr. Dondero's "argument" in this regard is limited to a single, conclusory sentence summarizing his appeal.  Motion to Stay ¶11.[3]  This is plainly insufficient, particularly since mandamus is an exceptional remedy reserved for extraordinary cases and the issues raised are not the type contemplated for mandamus relief.

6.      ***Second***, Mr. Dondero's related assertion that the Fifth Circuit's decision will influence and "color" the outcome of these proceedings has it exactly backward.  This Court's final ruling on the Debtor's claim for permanent injunctive relief will render the Petition moot because the Preliminary Injunction will no longer be in effect.  Then, if an adverse judgment is entered against him, Mr. Dondero will have the undisputed right to appeal that judgment rather than forcing the parties to wade through the legal thicket of an interlocutory appeal and judicial discretion.

---

[3] "Through the Mandamus, Dondero has presented a substantial case on the merits and raised a number of legal questions regarding the legality and scope of the Preliminary Injunction, including that the injunction (i) is vague and overbroad; (ii) is not clear, definite, and specific; (iii) violates Mr. Dondero's legal and due process rights; and (iv) makes reference to source materials outside the face of the injunction in violation of Rule 65(d)."  Motion to Stay ¶11.

7.      ***Third***, for the same reasons, Mr. Dondero has failed to prove he will be irreparably harmed in the absence of a stay.  If the long-anticipated trial results in the entry of a permanent injunction against him, Mr. Dondero will have the right to appeal it on the very same grounds for which he seeks mandamus relief – only in that case, the litigants and the courts will all be relieved of the burden of arguing and determining whether the District Court could or should properly exercise its discretion to hear an interlocutory appeal.  Thus, ironically, Mr. Dondero will actually be in a better position with a quick trial on the merits: Either the Court will rule in his favor or he will be on a much faster track with his appeal.

8.      Moreover, there would be no risk of "duplication" of proceedings or "contradictory rulings" because any ruling on a permanent injunction would moot the underlying appeal to the Fifth Circuit.  By contrast, granting a stay would substantially harm the Debtor by delaying these proceedings and forcing it spend time, money, and effort litigating an interlocutory order that would otherwise be mooted by a final judgment.

9.      ***Finally***, a stay of this trial would not serve the public interest.  The public interest is served by the prompt administration of justice.  Proceeding with the hearing on the merits of the Debtor's claim for permanent injunctive relief will eliminate the need for appellate practice relating to the Preliminary Injunction and will allow the parties – and the Debtor's stakeholders – to get to a final judgment as quickly as possible.  That is surely in the public interest.

10.     For the foregoing reasons, and for those set forth below, the Motion to Stay should be denied, the trial should be conducted as scheduled, and the Court should grant the Debtor such other and further relief as it deems just and proper under the circumstances.

## II.     STATEMENT OF FACTS

### A.     The Adversary Proceeding and Scheduling Order

11.     On December 7, 2021, the Debtor commenced the Adversary Proceeding by filing its *Verified Original Complaint for Injunctive Relief against Appellant*. [Adv. Proc. Docket No. 1] (the "Complaint").  In its Complaint, the Debtor seeks permanent injunctive relief against Mr. Dondero—the Debtor's former CEO—preventing him from interfering with the Debtor's operations, management of assets, and implementation of a plan of reorganization.

12.     On December 20, 2020, the Court entered its *Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order* [Adv. Proc. Docket No. 18] setting forth the discovery deadlines and setting trial for the week of May 17, 2021.

### B.     The TRO and Preliminary Injunction

13.     On December 7, 2020, the Debtor filed its *Emergency Motion for a Temporary Restraining Order and Preliminary Injunction against Mr. James Dondero* seeking to temporarily and preliminarily enjoin him from, among other things, (i) interfering with, controlling, or influencing the Debtor's business, management, and disposition of assets, (ii) threatening or intimidating the Debtor or any of its agents or employees, and (iii) otherwise violating section 362(a) of the Bankruptcy Code. [Adv. Proc. Docket No. 6] (the "Preliminary Injunction Motion").  A hearing was held on December 10, 2020 [Adv. Proc. Docket No. 13] (the "TRO Hearing"), after which the Court issued the *Order Granting Debtor's Motion for a Temporary Restraining Order against James Dondero* to prevent irreparable harm to the Debtor pending the Court's hearing on the Preliminary Injunction Motion. [Adv. Proc. Docket No. 10] (the "TRO").  Specifically, the TRO temporarily enjoined and restrained Mr. Dondero from:

(2)(a) communicating (whether orally, in writing, or otherwise), directly or indirectly, with any Board[4] member unless Mr. Dondero's counsel and counsel for the Debtor are included in any such communication;

(b) making any express or implied threats of any nature against the Debtor or any of its directors, officers, employees, professionals, or agents;

(c) communicating with any of the Debtor's employees, except as it specifically relates to shared services currently provided to affiliates owned or controlled by Mr. Dondero;

(d) interfering with or otherwise impeding, directly or indirectly, the Debtor's business, including but not limited to the Debtor's decisions concerning its operations, management, treatment of claims, disposition of assets owned or controlled by the Debtor, and pursuit of the Plan or any alternative to the Plan;

(e) otherwise violating section 362(a) of the Bankruptcy Code (collectively, (a)-(e) constitutes the "Prohibited Conduct"); and

(3) causing, encouraging, or conspiring with (a) any entity owned or controlled by him, and/or (b) any person or entity acting on his behalf, from, directly or indirectly, engaging in any Prohibited Conduct.

*Id.*

### C.     The Debtor Moves for Contempt against Mr. Dondero for Violating the TRO

14.     On January 7, 2021, just four weeks after the TRO was entered, the Debtor filed its *Motion for an Order Requiring Appellant to Show Cause Why He Should Not Be Held in Civil Contempt for Violating the TRO* [Adv. Proc. Docket No. 48] (the "Contempt Motion").  In its Contempt Motion, the Debtor seeks an order requiring Mr. Dondero to show why he should not be held in contempt for violating the TRO for, among other things, (a) disposing of the Debtor's property in an attempt to evade discovery; (b) trespassing on the Debtor's property after the Debtor evicted him from its offices precisely because he was interfering with its business; (c) interfering with the Debtor's efforts to execute certain transactions in its capacity as portfolio manager of certain collateralized loan obligations ("CLOs"); and (d) colluding with certain of the Debtor's then-employees to act. *See id.*  A lengthy evidentiary hearing on the Contempt Motion

---

[4] The "Board" refers to the Debtor's independent directors (the "Independent Directors") that were appointed to the board of Strand Advisors, Inc. ("Strand"), the Debtor's general partner.

was held on March 22 and March 24, 2021. [*See* Adv. Proc. Docket Nos. 135-36]. The Contempt Motion is under advisement.

     D.    **The Preliminary Injunction Is Granted**

     15.    On January 8, 2021, the Court held the evidentiary hearing on the Preliminary Injunction Motion (the "Hearing"). At the conclusion of the Hearing, the Court granted the Motion. [Adv. Proc. Docket No. 59] (the "PI Order"). In finding that preliminary injunctive relief was warranted, the Court considered overwhelming evidence, including, *inter alia*, (a) Mr. Dondero's own sworn testimony enabling the Court to assess his credibility; and (b) documentary evidence, such as emails, text messages and other communications illustrating that Mr. Dondero had (i) threatened the Debtor and its employees, (ii) colluded with (now) former employees of the Debtor in order to coordinate legal strategy against the Debtor, (iii) trespassed into the Debtor's offices after being evicted for his threatening and disruptive behavior, and (iv) otherwise interfered with the Debtor's operations through impeding trades of certain securities and dispositions of the Debtor's assets. [*See* January 8, 2021 Preliminary Injunction Hearing Transcript] (the "Hearing Transcript").

     16.    In its PI Order, the Court preliminarily enjoined and restrained Mr. Dondero from:

    (2) engaging in any Prohibited Conduct (as defined above).

    (3) causing, encouraging, or conspiring with (a) any entity owned or controlled by him and/or (b) any person or entity acting with him or on his behalf, to, directly or indirectly, engage in any Prohibited Conduct.

    (4) communicating (in person, telephonically, by e-mail, text message or otherwise) with Scott Ellington and/or Isaac Leventon, unless otherwise ordered by the Court.

    (5) physically entering, or virtually entering through the Debtor's computer, email, or information systems, the Debtor's offices located at Crescent Court in Dallas Texas, or any other offices or facilities owned or leased by the Debtor,

> regardless of any agreements, subleases, or otherwise, held by the Debtor's affiliates or entities owned or controlled by Appellant, without the prior written permission of Debtor's counsel made to Appellant's counsel. If Appellant enters the Debtor's office or other facilities or systems without such permission, such entrance will constitute trespass.

[*See* PI Order].  Mr. Dondero was further ordered to attend all future hearings in this Bankruptcy Case by video, unless otherwise ordered by the Court, after the Court was made aware that he failed to read the TRO, was not aware of its basic terms, and otherwise failed to make any meaningful attempt to understand its scope.  [*See id.*]  The Court found that preliminary injunctive relief: (1) was "necessary to avoid immediate and irreparable harm to the Debtor's estate and reorganization process;" (2) the Debtor is likely to succeed on the merits of its underlying claim for injunctive relief; (3) the balance of the equities tip in the Debtor's favor; and (4) such relief serves the public interest."  [*Id.*]

### E.    The District Court Denies Mr. Dondero's Motion for Leave to Appeal the Preliminary Injunction

17.    Mr. Dondero subsequently sought leave to appeal the interlocutory PI Order to the District Court [D. Ct. Docket No. 2][5] (the "Motion").  In his Motion, Mr. Dondero argued that the PI Order:  (i) prevents him from exercising his "legal rights" in connection with the Debtor's Plan, (ii) restricts his "First Amendment rights" by preventing him from communicating with the Debtor's current and former employees, and (iii) is "overbroad, "unclear" and "vague," as to the acts to be restrained. [D. Ct. Docket No. 3].  Mr. Dondero also asserted that he was entitled to appeal the Preliminary Injunction as of "right" under 28 U.S.C. § 158(a) and 28 U.S.C. § 1292(a).  [Adv. Proc. Docket No. 60].  The Debtor opposed the

---

[5] Citations to "D. Ct. Docket __" refer to the docket maintained in the United States District Court for the Northern District of Texas, Dallas Division (the "District Court"), Case No. 21-cv-132-E.

Motion, [D. Ct. Docket No. 5], and Mr. Dondero filed a reply in further support thereof. [D. Ct.

Docket No. 8].

        18.    On February 11, 2021, the District Court denied Mr. Dondero's Motion

[D. Ct. Docket No. 9] (the "DC Order"), holding that 28 U.S.C. § 158(a) "plainly gives district

courts discretion over whether to accept appeals from interlocutory bankruptcy court orders,

expressly requiring leave of the district court to appeal an interlocutory bankruptcy court order."

[*Id.* at 3. (citing 28 U.S.C. § 158(a)(3))]. Bankruptcy Code section 158(a)(3) provides, in

pertinent part, that:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
> …
> (3) with leave of the court, from other interlocutory orders and decrees; of bankruptcy
> judges entered in cases and proceedings referred to the bankruptcy judges under section
> 157 of this title.

28 U.S.C. § 158(a)(3).

        19.    The District Court explained that while "[s]ection 158(a)(3) does not

provide a standard for determining when to grant leave[,]" district courts have "generally looked

to the standard that applies for circuit court review of interlocutory district court orders, which is

found in 28 U.S.C. § 1292." [DC Order at 2.] The District Court observed that the Fifth Circuit

has left open the issue of "whether to apply section 1292(a) or 1292(b) when the interlocutory

order is a preliminary injunction." [*Id.*] Section 1292(a) governs a court of appeals' jurisdiction

to hear an appeal of an interlocutory order of a district court granting an injunction. It provides,

in relevant part:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals
> shall have jurisdiction of appeals from:
>
> (1) Interlocutory orders of the district courts of the United States … granting, continuing,
> modifying, refusing or dissolving injunctions, or refusing to dissolve or modify
> injunctions, except where a direct review may be had in the Supreme Court;

28 U.S.C. § 1292(a)(1).

20. The District Court explained that, by contrast, under section 1292(b), "an interlocutory order is appealable when it involves 'a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" [DC Order at 2-3 (citing 28 U.S.C. § 1292(b))]. Section 1292(b) specifically states, in relevant part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order ….

28 U.S.C. § 1292(b).

21. Thus, to be appealable under this provision, the interlocutory order must: (1) involve a controlling issue of law, and (2) present a question upon which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

22. The District Court determined that because "[s]ection 158(a) plainly gives district courts discretion over whether to accept appeals from interlocutory bankruptcy court orders, '[i]t would make little sense for the bankruptcy appeals statute to group preliminary injunctions with other interlocutory orders but intend for 'leave to appeal' these injunctions to be granted as of right.'" [DC Order at 3 (internal quotations omitted)]. The District Court concluded that "any interlocutory order appeal under section 158(a) requires leave of the district court" and that such an appeal must meet the requirements set out in section 1292(b). [*Id.*] The District Court reasoned that applying section 1292(b) to all interlocutory appeals of bankruptcy court orders is "more faithful to the plain language of section 158(a)(3)." [*Id.*]

23.     Applying the standard set forth under section 1292(b), the District Court found that an appeal of the PI Order would require "a fact-intensive analysis, not consideration of a pure question of law." [DC Order at 4.]  Accordingly, the District Court held that because Mr. Dondero did not "sufficiently demonstrate[] the bankruptcy court order involves a controlling question of law," he did not satisfy the standard set forth in section 1292(b).  [*Id.*] For this reason alone, the District Court exercised its discretion and denied the Motion.  [*Id.*]

### F.     Mr. Dondero Files a Petition for Writ of Mandamus in the Fifth Circuit

24.     On March 8, 2021, Mr. Dondero sought the extraordinary remedy of mandamus [App. Ct. Docket No. 515771252][6] (the "Petition") requesting that the Fifth Circuit: (i) dissolve the Preliminary Injunction, or alternatively, (ii) direct the District Court to hear the merits of his appeal.  In support of his Petition, Mr. Dondero contends: (i) the Preliminary Injunction is "overbroad, ambiguous, and not clear and specific," [Petition at 11-18], and (ii) the District Court erred in denying his Motion because the appeal should have been granted as of "statutory right under 28 U.S.C. section § 1292(a)," [*id.* at 18-21].

25.     On March 16, 2021, the Debtor filed its opposition to the Petition. [App. Ct. Docket No. 515783702].  The Petition is pending before the Fifth Circuit.

### G.     Mr. Dondero Seeks a Stay of Trial of this Proceeding

26.     On April 30, 2021, Mr. Dondero filed the instant Motion to Stay, seeking a stay of these proceedings pending the Fifth Circuit's resolution of his Petition, or, alternatively, (ii) a 60-day extension of trial.  [*See* Motion to Stay].

27.     In support of his Motion to Stay, Mr. Dondero argues that: (i) he is likely to succeed on the merits of his Petition; (ii) he will suffer "irreparable injury" if the stay is not

---

[6] Citations to "App. Ct. Docket No. __" refer to the docket maintained in the Fifth Circuit, Case No. 21-10219.

granted; (iii) a stay of these proceedings would not "substantially harm the Debtor"; and (iv) granting the stay serves the public interest. [Motion to Stay at 4-9].

28. For the reasons that follow, the Motion to Stay is without merit and should be denied.

## III. LEGAL STANDARD

29. A stay pending appeal is an "extraordinary remedy." *Belcher v. Birmingham Trust Nat'l Bank*, 395 F.2d 685, 686 (5th Cir. 1968). Under applicable case law, courts only grant a stay pending appeal if a movant proves *all* of the following four elements: (1) substantial likelihood of success on the merits of its appeal; (2) irreparable injury if the stay is not granted; (3); the stay will not substantially harm other parties; and (4) the stay would serve the public interest. *See In re First S. Sav. Assoc.*, 820 F.2d 700, 704 (5th Cir. 1987); *In re Scotia Dev. LLC*, 2008 Bankr. LEXIS 5127, *7-8 (Bankr. S.D. Tex. July 15, 2008) ("The Indenture Trustee must satisfy each of the following elements in order to obtain a stay pending appeal of the Confirmation Order pursuant to Federal Rule of Bankruptcy Procedure 8005. . . . Failure to establish any of these four elements is grounds to deny the request for a stay"); *Arnold v. Garlock Inc.*, 278 F.3d 426, 438 (5th Cir. 2001) (noting that each part of four-part test must be met for stay to be granted).

30. The moving party "bears the burden of establishing its need," and must "[m]ake out a clear case of hardship or inequity in being required to go forward." *Earl v. Boeing Co.*, 4:19-CV-507, 2021 WL 1080689, at *3 (E.D. Tex. Mar. 18, 2021) (internal quotations omitted); *see also ODonnell v. Harris County*, 260 F. Supp. 3d 810, 814 (S.D. Tex. 2017) ("A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion") (internal quotations omitted).

## IV. ARGUMENT

31. Mr. Dondero has failed to satisfy any of the four elements required to warrant the extraordinary remedy of a stay pending resolution of his Petition, and the Motion to Stay should be denied.

### A. Mr. Dondero Failed to Prove Likelihood of Success on the Merits

32. Mr. Dondero has failed to prove a substantial likelihood of success on the merits of his Petition. In order to satisfy this element, the movant "must make a strong showing that [they are] likely to succeed on the merits." *ODonnell*, 260 F. Supp. 3d at 815 (internal quotations omitted).

33. Here, Mr. Dondero fails to make ***any*** substantive showing that he will succeed on his Petition. For example, he did not focus on any specific provision in the PI Order that he contends is unlawful, choosing instead to broadly attack the entire PI Order as if every word were "vague and overbroad," unclear and indefinite. Nor does Mr. Dondero cite to any precedent showing that any court has ever granted the relief sought under similar or analogous circumstances.

34. Rather, Mr. Dondero argues that he has established a substantial likelihood of success on the merits because: (i) he has "presented a substantial case on the merits and raised a number of legal questions regarding the legality and scope of the Preliminary Injunction," [Motion to Stay ¶ 11], (ii) the Fifth Circuit required the Debtor to respond to the Petition, [*id.* ¶12], and (iii) the outcome of the Fifth Circuit's determination will "color of influence this proceeding," [*id.*] Mr. Dondero's arguments fail to meet his heavy burden of proving a substantial likelihood of success on the merits.

35. ***First***, although the Petition challenges the breadth and scope of the Preliminary Injunction, Mr. Dondero is unlikely to succeed because these issues are not the type contemplated for the exceptional remedy of mandamus.

36. Mandamus relief is "sparingly exercised." *United States v. U.S. Dist. Court, S. Dist. of Tex.*, 506 F.2d 383, 384 (5th Cir. 1974). It is "a drastic and extraordinary remedy reserved for really extraordinary cases." *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017) (internal quotations omitted). Mr. Dondero's Petition does not present such an extraordinary case. Indeed, the issue presented in Mr. Dondero's Petition—*i.e.*, whether the District Court erred in exercising its discretion to decline hearing his appeal—is precisely the type that is *inappropriate* for mandamus relief. *See United States v. Comeaux*, 954 F.2d 255, 261 (5th Cir. 1992) (mandamus relief is not appropriate when "the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction" and that "[s]uch use of the writ would 'thwart the congressional policy against piecemeal appeal'") (internal citations omitted); *In re LeBlanc*, 559 Fed. Appx. 389, 392 (5th Cir. 2014) ("If a matter is within the district court's discretion, the litigant's right to [mandamus relief] cannot be 'clear and indisputable'") (internal quotations omitted); *In re Ford Motor Co., Bridgestone/Firestone N. Am. Tire, LLC*, 344 F.3d 648, 654 (7th Cir. 2003) (noting that a district court's refusal to certify under section 1292(b) "is the end of the matter" in determining mandamus relief, and explaining "[t]he whole point of § 1292(b) is to create a dual gatekeeper system for interlocutory appeals: both the district court and the court of appeals must agree that the case is a proper candidate for immediate review before the normal rule requiring a final judgment will be overridden"); *Arthur Young & Co. v. U. S. Dist. Court*, 549 F.2d 686, 698 (9th Cir. 1977) ("We hold

that mandamus to direct the district judge to exercise his discretion to certify the question is not an appropriate remedy").

37.     ***Second***, the fact that the Fifth Circuit required the Debtor to respond to the Petition does not support a "strong" or substantial showing of success. "To make the requisite showing under this element, the movant must demonstrate a strong case that it is 'likely to succeed on the merits ... not [just] a mere possibility of relief.'" *Earl*, 2021 WL 1080689, at *8 (quoting *Burgess v. FDIC*, 871 F.3d 297, 300 (5th Cir. 2017)). Mr. Dondero shows, at best, that he has a "mere possibility" of obtaining the requested relief.[7] Mr. Dondero simply fails to offer any factual or legal basis for why he is likely to succeed on the merits of his case. *See Scrum All., Inc.*, 2021 WL 720703, at *2 (E.D. Tex. Feb. 24, 2021) ("Defendants have not offered new arguments or authority indicating a likelihood of success on the merits, let alone a strong case at that").

38.     ***Third***, the Fifth Circuit's determination of the Petition will not "undoubtedly influence this proceeding going forward," including the Court's determination "whether grounds exist to enter a permanent injunction." [Motion to Stay ¶ 13]. Contrary to Mr. Dondero's assertions, "it is settled that a [] court has jurisdiction to proceed with the merits of the case and to grant a permanent injunction while an appeal of a preliminary injunction order is pending." *FTC. v. Assail, Inc.*, 98 Fed. Appx. 316, 317 (5th Cir. 2004); *see also Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir. 1996) (finding it was appropriate for district court to issue a permanent injunction while appeal of preliminary injunction was pending). "Once an order granting a permanent injunction is entered, the order granting the preliminary injunction is

---

[7] Even this interpretation is charitable. Mr. Dondero's rank speculation aside, there is no evidence concerning the decision to ask the Debtor to respond, including why it was made or who made it. Indeed, if one wants to speculate, one could easily conclude that the Fifth Circuit has no interest in intervening since it allowed the hearing on the Debtor's Contempt Motion to proceed without taking any action.

merged with it, and an appeal is proper only from the order granting the permanent injunction." *La. World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1038 (5th Cir. 1984).

39.     Here, if the permanent injunction is granted, Mr. Dondero will have the right to appeal the final order on the merits since the permanent injunction would essentially be an extension of the Preliminary Injunction. *See La. World*, 746 F.2d at 1038 (dismissing interlocutory appeal of preliminary injunction as "moot" where "the Defendants will be able to obtain as broad a review on the merits of the order granting the permanent injunction as they could have obtained on appeal from the order granting the preliminary injunction," further noting that because "the appeal of the issues peculiar to the preliminary injunction are moot … this case presents an appeal only from the order granting the permanent injunction"); *Sec. & Exch. Comm'n v. First Fin. Group of Tex.*, 645 F.2d 429, 433 (5th Cir. 1981) (dismissing appeal of preliminary injunction as moot, noting that "[o]nce an order of permanent injunction is entered … the order of preliminary injunction is merged with it, and appeal is properly only from the order of permanent injunction"); *FTC*, 98 Fed. Appx. at 317 (holding that district court's grant of a permanent injunction rendered moot nonparty's appeal from its motion to dissolve preliminary injunction where appeal did not involve issues "particular" to the preliminary injunction"). There is thus no substantial risk of "duplication" of proceedings or "contradictory rulings."

**B.**     **The Debtor Would Suffer Substantial Harm if a Stay Is Granted**

40.     If the Motion to Stay is granted, the Debtor is certain to suffer substantial harm arising from (a) the indefinite nature of the stay, (b) the failure to obtain a final judgment, and (c) the substantial and unnecessary time, money, and effort the Debtor will be forced to incur.

41.     If the Motion to Stay is granted, history shows that Mr. Dondero will take the opportunity to drag this process on for years.  Assuming for purposes of argument only that

the Petition is granted, what appeals will emerge, how long will they take, and at what cost, if (a) the District Court again declines to exercise its discretion to hear Mr. Dondero's appeal of the interlocutory PI Order, (b) the District Court exercises its discretion and denies Mr. Dondero's appeal of the interlocutory PI Order on the merits, or (c) the Fifth Circuit rejects an appeal from the District Court? The possibilities are endless – and the only person who will benefit is Mr. Dondero.

42. Meanwhile, justice will be delayed, and the courts and the Debtor will be forced to absorb the costs and burdens of this unnecessary litigation.

### C. <u>Granting a Stay Will Not Serve the Public Interest</u>

43. The public interest is served by the prompt administration of justice. Proceeding with the hearing on the merits of the Debtor's claim for permanent injunctive relief in accordance with the long-standing schedule will eliminate the need for appellate practice relating to the Preliminary Injunction and will allow the parties—and the Debtor's stakeholders—to get to a final judgment as quickly as possible.

### <u>CONCLUSION</u>

44. For the foregoing reasons, the Debtor respectfully requests that the Court deny Mr. Dondero's Motion to Stay in its entirety and grant such other and further relief as the Court deems just and proper.

Dated:  May 4, 2021.                    **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:     jpomerantz@pszjlaw.com
            ikharasch@pszjlaw.com
            jmorris@pszjlaw.com
            gdemo@pszjlaw.com
            hwinograd@pszjlaw.com


-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*