John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

ATTORNEYS FOR DEFENDANT JAMES DONDERO

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | Case No. 19-34054 |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | | Chapter 11 |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| § | | |
| Plaintiff. § | | |
| § | | |
| v. § | | Adversary No. 20-03190 |
| § | | |
| **JAMES D. DONDERO,** § | | |
| § | | |
| Defendant. § | | |

## JAMES DONDERO'S AMENDED OBJECTIONS
## TO THE DEBTOR'S TRIAL EXHIBITS

Defendant James Dondero ("Dondero") hereby files these amended[1] objections to the

Debtor's proposed exhibits in connection with trial on its request for permanent injunctive relief

---

[1] These amendments are made to amend and replace *James Dondero's Objections to the Debtor's Trial Exhibits* [Adv. Dkt. 168] filed on May 10, 2021. Mr. Dondero is working in good faith with the Debtor in an effort to try to resolve this proceeding prior to trial, however, Mr. Dondero makes these objections to comply with the Court's Scheduling Order and his concerns with certain exhibits identified by the Debtor. Mr. Dondero further believes these objections may be able to be resolved prior to any trial and intends to work in good faith to discuss these objections with the Debtor.

in this adversary proceeding and in accordance with the Court's Scheduling Order [Adv. Dkt. 18]. Dondero respectfully makes the following amended objections to the Debtor's proposed exhibits identified on *Debtor's Witness and Exhibit List with Respect to Trial to be Held During Week of May 17, 2021* [Adv. Dkt. 150].

| Debtor's Exhibit Number | Dondero's objections to Debtor's Exhibit |
|---|---|
| 42. | Objection as to hearsay, lack of foundation, lack of authentication, and relevance. Mr. Dondero notes that he objected to its admission during the hearing at the Contempt Motion, but the Court overruled his objection. Mr. Dondero renews his objections here. |
| 43. | Objection as to hearsay, lack of foundation, lack of authentication, and relevance. Mr. Dondero notes that he objected to its admission during the hearing at the Contempt Motion, but the Court overruled his objection. Mr. Dondero renews his objections here. |
| 45. | Objection as to hearsay, lack of foundation, lack of authentication, and relevance. Mr. Dondero notes that this exhibit has not been admitted at any prior hearing in this matter. Mr. Dondero objected to its admission during the hearing at the Contempt Motion and the Debtor did thereafter not seek its admission. |
| 46. | Objection as to hearsay, lack of foundation, lack of authentication, and relevance. Mr. Dondero notes that this exhibit has not been admitted at any prior hearing in this matter. Mr. Dondero objected to its admission during the hearing at the Contempt Motion and the Debtor did thereafter not seek its admission. |
| 47. | Objection as to hearsay, lack of foundation, lack of authentication, and relevance. Mr. Dondero notes that this exhibit has not been admitted at any prior hearing in this matter. Mr. Dondero objected to its admission during the hearing at the Contempt Motion and the Debtor did thereafter not seek its admission. |
| 48. | Objection as to hearsay, lack of foundation, lack of authentication, and relevance. Mr. Dondero notes that this exhibit has not been admitted at any prior hearing in this matter. Mr. Dondero objected to its admission during the hearing at the Contempt Motion and the Debtor did thereafter not seek its admission. |

| 49. | Objection as to hearsay, lack of foundation, lack of authentication, and relevance. Mr. Dondero notes that this exhibit has not been admitted at any prior hearing in this matter. Mr. Dondero objected to its admission during the hearing at the Contempt Motion and the Debtor did thereafter not seek its admission. |
|---|---|
| 50. | Objection as to hearsay, lack of foundation, lack of authentication, and relevance. Mr. Dondero notes that this exhibit has not been admitted at any prior hearing in this matter. Mr. Dondero objected to its admission during the hearing at the Contempt Motion and the Debtor did thereafter not seek its admission. |
| 62. | Objection as to hearsay, lack of foundation, lack of authentication, and relevance. Mr. Dondero notes that this exhibit has not been admitted at any prior hearing in this matter. Mr. Dondero objected to its admission during the hearing at the Contempt Motion and the Debtor did thereafter not seek its admission. |
| 63. | Objection as to hearsay, lack of foundation, lack of authentication, and relevance. Mr. Dondero notes that this exhibit has not been admitted at any prior hearing in this matter. Mr. Dondero objected to its admission during the hearing at the Contempt Motion and the Debtor did thereafter not seek its admission. |
| 64. | Objection as to hearsay, lack of foundation, lack of authentication, and relevance. Mr. Dondero notes that this exhibit has not been admitted at any prior hearing in this matter. |

Dondero reserves the right to amend these objections. In accordance with and in compliance with the Court's Scheduling Order, Dondero further reserves the right to object to any of the Debtor's identified exhibits on relevance grounds during the trial.

Dated: May 13, 2021

Respectfully submitted,

*/s/ Bryan C. Assink*
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: john@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on May 13, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties requesting or consenting to such service in this case.

*/s/ Bryan C. Assink*
Bryan C. Assink