

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 18, 2021**

_____
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | § §<br>§ Chapter 11<br>§<br>§ Case No. 19-34054-sgj11<br>§<br>§ |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES D. DONDERO,<br><br>Defendant. | §<br>§<br>§<br>§ Adversary Proceeding No.<br>§<br>§ No. 20-03190-sgj<br>§<br>§<br>§<br>§<br>§ |

## ORDER RESOLVING ADVERSARY PROCEEDING

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

DOCS_NY:43179.2 36027/002

This matter having come before the Court on the joint request of Highland Capital Management, L.P. ("Plaintiff" or the "Debtor") and James Dondero ("Defendant" or "Mr. Dondero"), all of the parties (together, the "Parties") in the above-captioned adversary proceeding (the "Adversary Proceeding"); and this Court having considered (a) the *Debtor's Proposed Findings of Fact and Conclusions of Law* [Adv. Pro. Docket No. 156], (b) the *Joint Pre-Trial Order* [Adv. Pro. Docket No. 157], (c) *James Dondero's Proposed Findings of Fact and Conclusions of Law* [Adv. Pro. Docket No. 158], (d) *James Dondero's Trial Brief Opposed to Plaintiff's Complaint for Injunctive Relief* [Adv. Pro. Docket No. 159], (e) the stipulated facts, the proposed factual findings, the proposed conclusions of law, and the arguments and law cited in the foregoing documents, and (f) all prior proceedings arising in and relating to this Adversary Proceeding; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that there is a factual basis for the relief requested and that the requested relief is appropriate under sections 105(a) and 362(a) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor and for the reasons set forth in the record, it is **HEREBY ORDERED THAT**:

1. James Dondero is enjoined and restrained from the following conduct until the Court enters an order granting a motion made by the Debtor or its successors or assigns, seeking to close of the above-captioned Chapter 11 Case (the "Case Closing"):

(a) communicating directly or indirectly with (i) any member of the Independent Board,[2] (ii) any current or former member of the Claimant Trust Oversight Board,[3] (iii) the Claimant Trustee, or (iv) the Litigation Trustee ((i)-(iv) collectively, the "Protected Entities"), any communication with the Protected Entities must be conducted directly through respective counsel;

(b) making any express or implied threats of any nature against the Debtor, the Reorganized Debtor, any of the Protected Entities or any of their directors, officers, employees, professionals, or agents, in whatever capacity they are acting;

(c) communicating with any person then employed by the Debtor or the Reorganized Debtor; and

(d) interfering or otherwise impeding, directly or indirectly, with the Debtor's, the Reorganized Debtor's or the Protected Entities' business, including, but not limited to, any decisions concerning their respective operations, management, treatment of claims, disposition of assets owned, controlled or managed by the Protected Entities, and the implementation of the Plan (collectively, the "Prohibited Conduct").[4]

---

[2] "Independent Board" means the board of directors at Strand Advisors, Inc., the Debtor's general partner, appointed on January 9, 2020, and their successors. The current members of the Independent Board are John Dubel, James P. Seery, Jr., and Russell Nelms.

[3] All capitalized terms used but not defined herein have the meaning given to them in *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1808] (as amended, the "Plan"), which included certain amendments. *See Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)*, Ex. B [Docket No. 1875].

[4] For the avoidance of doubt, this Order does not enjoin or restrain Mr. Dondero from seeking judicial relief upon proper notice, from objecting to any motion filed in this Bankruptcy Case, or from the exercise of all rights at law, contract, or equity made in accordance with any "gatekeeper" provision then in place, including those in the Plan, the *Order Approving Settlement With Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket No. 339], and the *Order Approving Debtor's Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc To March 15, 2020* [Docket No. 854], and no communication conducted through respective counsel will be deemed to violate this Order or constitute Prohibited Conduct unless such communication is found to violate (b) (pertaining to threats) and (d) (pertaining to interference).

2. It is further **ORDERED** that, for the avoidance of doubt, Mr. Dondero is also enjoined and restrained from otherwise violating section 362(a) of the Bankruptcy Code, until such section is no longer in force under its terms or the discharge injunction contained in the Plan after the Effective Date.

3. It is further **ORDERED** that Mr. Dondero is enjoined and restrained from causing, encouraging, or conspiring with (a) any entity owned or controlled by him, and/or (b) any person or entity acting with him or on his behalf, to, directly or indirectly, engage in any Prohibited Conduct until the Case Closing, *except* that this Order does not enjoin or restrain Mr. Dondero's employees or any of his affiliates' employees from communicating with the Debtor, the Reorganized Debtor, or the Protected Entities or any of their directors, officers, employees, professionals, or agents in connection with any requests for data or information made pursuant to that certain *Order*, Adv. Proc. No. 21-03010-sgj [Docket No. 24] (Bankr. N.D. Tex. Feb. 24, 2021), or in connection with the Shared Resources Agreement, dated March 1, 2021, by and among Highland Capital Management, L.P. and NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P. (as may be amended or restated), subject to the limitations of (b) and (d) of the Prohibited Conduct.

4. It is further **ORDERED** that Mr. Dondero is enjoined and restrained from physically entering, or virtually entering through the Debtor's computer, email, or information systems, the Debtor's offices located at 200 Crescent Court, Suite 700 Dallas, Texas or 300 Crescent Court, Suite 700 Dallas, Texas, or any other offices in which the Debtor operates, or offices or facilities owned or leased by the Debtor(the address(es) of which the Debtor will provide to Mr. Dondero's counsel), regardless of any agreements, subleases, or otherwise, held by the Debtor's affiliates or entities owned or controlled by Mr. Dondero, without the prior written

permission of Debtor's counsel made to Mr. Dondero's counsel.  If Mr. Dondero enters the Debtor's office or other facilities or systems without such permission, such entrance will constitute trespass.

5. It is further **ORDERED** that the *Order Granting Debtor's Motion for a Preliminary Injunction Against James Dondero* [Adv. Pro. Docket No. 59] is deemed dissolved and superseded by this Order.

6. The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

### ### END OF ORDER ###

DOCS_NY:43179.2 36027/002