

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 22, 2021**

_____
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | Case No. 19-34054 |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | | Chapter 11 |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| § | | |
| Plaintiff. § | | |
| § | | |
| v. § | | Adversary No. 20-03190 |
| § | | |
| **JAMES D. DONDERO,** § | | |
| § | | |
| Defendant. § | | |

### STIPULATION AND AGREED ORDER RESOLVING DEFENDANT'S
### EMERGENCY MOTION TO STAY PENDING APPEAL AND FOR
### <u>APPROVAL OF SUPERSEDEAS BOND OR OTHER SECURITY</u>
### [Relates to Docket No. 196]

This stipulation and agreed order (the "Stipulation and Order") is entered into between Plaintiff Highland Capital Management, L.P. (the "Debtor") and Defendant James Dondero ("Dondero").  The Debtor and Dondero are collectively referred to herein as the "Parties."

## RECITALS

**WHEREAS**, on March 22 and 24, 2021, this Court conducted a hearing on *Plaintiff's Motion for an Order Requiring Mr. James Dondero to Show Cause Why He Should Not Be Held in Civil Contempt for Violating the TRO* (the "Contempt Motion"). At the conclusion of the hearing on March 24, 2021, the Court took the matter under advisement.

**WHEREAS**, on June 7, 2021, this Court entered its *Memorandum Opinion and Order Granting In Part Plaintiff's Motion to Hold James Dondero in Civil Contempt of Court for Alleged Violation of TRO* [Docket Nos. 190 and 191] (the "Contempt Order"). Among other things, the Contempt Order requires Dondero to pay the Debtor $450,000 by June 22, 2021. The order also provides that a "sanction of $100,000" will be added by the Court for "each level of rehearing, appeal, or petition for certiorari that Mr. Dondero may choose to take" to the extent such appellate remedy is unsuccessful.

**WHEREAS**, on June 15, 2021, Dondero filed a Notice of Appeal of the Contempt Order. *See* Docket No. 195 (the "Current Appeal").

**WHEREAS**, on June 15, 2021, Dondero filed *Defendant's Emergency Motion to Stay Pending Appeal and for Approval of Supersedeas Bond or Other Security* [Docket No. 196] (the "Motion to Stay") requesting that this Court stay the enforcement of the Contempt Order pending appeal through the posting of a cash security with the Court in the amount of $550,000.

WHEREAS, since the filing of the Motion to Stay, the Parties have conferred regarding the relief requested in the Motion to Stay and desire to resolve the Motion to Stay on the terms set forth in this stipulation.

## STIPULATION

NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, AND SUBJECT TO THE BANKRUPTCY COURT'S APPROVAL, THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:

1. Subject to the terms and conditions herein, the Motion to Stay is **GRANTED**.

2. The enforcement of the Contempt Order is hereby **STAYED** on and after June 21, 2021 until the earlier to occur of (a) the Contempt Order becoming a final, non-appealable order, or (b) the Contempt Order being reversed or vacated by pursuant to a final, non-appealable order.

3. Within twenty-four (24) hours of the Bankruptcy Court's entry of an order approving this Stipulation and Order, Dondero shall deposit $600,000 in cash into the Court Registry System, administered by the Administrative Office of the United States Courts under 28 U.S.C. § 2045 (the "Court Registry").

4. Should Dondero choose to take further appeals, Dondero shall thereafter post an additional $100,000 in cash simultaneously with the filing of each further appeal beyond the Current Appeal (*i.e.*, a direct or indirect appeal to the Fifth Circuit Court of Appeals, a direct or indirect appeal to the Fifth Circuit *en banc*, and a petition for certiorari to the United States Supreme Court).

5. The deposit of the foregoing amounts into the Court Registry will be done in each case in accordance with General Order 2016-03, Order Regarding Deposit and Investment of Registry Funds, entered by the United States Bankruptcy Court of the Northern District of Texas

on November 17, 2016 (the "General Order"). For the avoidance of doubt, this Order shall constitute the Court's express order authorizing the deposit or transfer of funds into the Court Registry as required by the terms of the General Order, and the Clerk of Court shall accept this Order as the requisite order of the Court permitting the deposit or transfer of funds into the Court Registry.

6. The Parties reserve their respective rights concerning the precise amount due to the Debtor if and when the Contempt Order becomes a non-appealable, final order.

7. The Bankruptcy Court retains exclusive jurisdiction to interpret and enforce this Stipulation and Order.

IT IS SO STIPULATED.

Dated: June 21, 2021

CONSENTED AND AGREED TO BY:

| | |
|---|---|
| */s/ John A. Morris* | */s/ Bryan C. Assink* |
| Jeffrey N. Pomerantz (CA Bar No.143717) | John T. Wilson IV |
| (*pro hac vice*) | State Bar I.D. No. 24033344 |
| Ira D. Kharasch (CA Bar No. 109084) | Clay M. Taylor |
| (*pro hac vice*) | State Bar I.D. No. 24033261 |
| John A. Morris (NY Bar No. 266326) | Bryan C. Assink |
| (*pro hac vice*) | State Bar I.D. No. 24089009 |
| Gregory V. Demo (NY Bar No. 5371992) | Bonds Ellis Eppich Schafer Jones LLP |
| (*pro hac vice*) | 420 Throckmorton Street, Suite 1000 |
| PACHULSKI STANG ZIEHL & JONES LLP | Fort Worth, Texas 76102 |
| 10100 Santa Monica Blvd., 13th Floor | (817) 405-6900 telephone |
| Los Angeles, CA 90067 | (817) 405-6902 facsimile |
| Telephone: (310) 277-6910 | Email: john.wilson@bondsellis.com |
| Email:jpomerantz@pszjlaw.com | Email: clay.taylor@bondsellis.com |
| ikharasch@pszjlaw.com | Email: bryan.assink@bondsellis.com |
| jmorris@pszjlaw.com | |
| gdemo@pszjlaw.com | **ATTORNEYS FOR DEFENDANT JAMES DONDERO** |

and

Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
HAYWARD & ASSOCIATES PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Email:MHayward@HaywardFirm.com
ZAnnable@HaywardFirm.com

*Counsel for Plaintiff Highland Capital Management, L.P.*